IN THE CIRCUIT COURT OF TENNESSEE FOR THE
SIXTH JUDICIAL DISTRICT AT KNOXVILLE, KNOX COUNTY

| | |
|---|---|
| Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones,<br><br>Plaintiff,<br><br>v.<br><br>Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Cause No. __2-25-17__
Division _____
Jury Demanded

---

## COMPLAINT

---

COMES NOW Plaintiff, Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, and complains of Kindred Nursing Centers Limited Partnership d/b/a/ Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, Defendants, and for this cause of action would show as follows:

**EXHIBIT__A__**

<center>**PARTIES**</center>

1.    Vickie Click is the daughter of Charles Ray Jones, and brings this action as Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones.

2.    Upon information and belief, Charles Ray Jones was a resident of Kindred Nursing and Rehabilitation-Northhaven, a facility owned, operated, and/or managed by Defendants located at 3300 North Broadway Street, Knoxville, Tennessee 37917, from on or about August 6, 2015, until on or about January 21, 2016, when he was transferred to Physicians Regional Medical Center.  Charles Ray Jones was a patient at Physicians Regional Medical Center from on or about January 21, 2016, until on or about January 26, 2016, when he was discharged to NHC Healthcare, Knoxville, where he stayed until his death on January 30, 2016.

3.    At all pertinent times during his residency, Charles Ray Jones was dependent upon Defendants to meet his needs, as he was unable to attend to his own affairs or care for himself.

4.    Defendant Kindred Nursing Centers Limited Partnership is a foreign limited partnership that at all times material to this action was the "licensee" authorized to operate a nursing facility under the name of Kindred Nursing and Rehabilitation-Northhaven in Knoxville, Knox County, Tennessee.  The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, and/or control of Kindred Nursing and Rehabilitation-Northhaven.  Defendant Kindred Nursing Centers Limited Partnership may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

<center>2</center>

5.    Defendant Kindred Healthcare Operating, Inc. is a foreign corporation that at times material to this lawsuit was engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, and/or control of Kindred Nursing and Rehabilitation-Northhaven. Defendant Kindred Healthcare Operating, Inc. may be served with process through its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

6.    Defendant Kindred Healthcare, Inc. is a foreign corporation that at times material to this lawsuit was engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, and/or control of Kindred Nursing and Rehabilitation-Northhaven. Defendant Kindred Healthcare, Inc. may be served with process through its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

7.    Defendant Kindred Nursing Centers East, LLC is a foreign limited liability company that at times material to this lawsuit was engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, and/or control of Kindred Nursing and Rehabilitation-Northhaven. Defendant Kindred Nursing Centers East, LLC may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

8.    Defendant Kindred Hospitals Limited Partnership is a foreign limited partnership that at times material to this lawsuit was engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, and/or control of Kindred Nursing and Rehabilitation-

3

Northhaven. Defendant Kindred Hospitals Limited Partnership may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

9.  Defendant Kindred Healthcare Services, Inc. is a foreign corporation that at times material to this lawsuit was engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, and/or control of Kindred Nursing and Rehabilitation-Northhaven. Defendant Kindred Healthcare Services, Inc. may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

10.  Defendant Kindred Rehab Services, Inc. is a foreign corporation that at times material to this lawsuit was engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, and/or control of Kindred Nursing and Rehabilitation-Northhaven. Defendant Kindred Rehab Services, Inc. may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

11.  Upon information and belief, William R. Sharpe was the Administrator of Kindred Nursing and Rehabilitation-Northhaven during Charles Ray Jones' residency. His last known address is 9721 Panama Drive, Knoxville, Tennessee 37923.

## VENUE

12.  The injuries made the basis of this lawsuit were products of the corporate and financial policies designed, formulated, and implemented by Defendants. Venue for this action lies in Knox County, Tennessee.

## DEFINITIONS

13.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

14.     Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc.

15.     Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to William R. Sharpe.

16.     Whenever in this suit it is alleged that Defendants did any act or thing or failed to do any act or things, it is meant that the officers, agents, or employees of the designated corporations respectively performed, participated in, or failed to perform such acts or things while in the course and scope of their employment and/or agency relationship with said Defendants.

## NATURE OF NURSING HOME DEFENDANTS' LIABILITY

17.     **ALTER EGO:**  Defendants, Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc., are the alter egos of Defendant, Kindred Healthcare, Inc.  Defendants, Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.;

5

and Kindred Rehab Services, Inc., were a mere conduit through which Defendant, Kindred Healthcare, Inc., did business. The management and the operations of Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc., were so assimilated within the parent, Kindred Healthcare, Inc., to the extent that the aforementioned subsidiaries were simply a name through which the parent, Kindred Healthcare, Inc., conducted its business. Moreover, Kindred Healthcare, Inc., represented to the public that its subsidiaries, Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc., were part of one single economic enterprise known as Kindred Healthcare, Inc. Said parent corporation completely dominated and controlled the business affairs of its subsidiaries insomuch as Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc., organized and operated as mere tools of Kindred Healthcare, Inc.

18. **AGENCY:** In the alternative, at all times material to this suit, Defendants, Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation Center-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc., acted as agents of Defendant Kindred Healthcare, Inc. As such, Defendant, Kindred Healthcare, Inc., ratified or authorized the acts or omissions of Defendants, Kindred Nursing

6

Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc.

19. **JOINT ENTERPRISE:** In the alternative, to the extent that Nursing Home Defendants are found to be separate corporate entities and would not be liable for the acts of each other under theories that allow looking beyond the corporate fiction, each Corporate Defendant remains liable for the acts of the others because Nursing Home Defendants operated their business as a joint enterprise. Defendants, Kindred Nursing Centers Limited Partnership; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc., engaged in a joint venture and acted in concert in the operation, management, and maintenance of Kindred Nursing and Rehabilitation-Northhaven. These entities entered into an agreement with the common purpose of operating, managing, and maintaining Kindred Nursing and Rehabilitation-Northhaven. These entities had an equal right to control their venture as a whole, as well as to control the operation and management of the subject facility.

## FACTS

20. Upon information and belief, Charles Ray Jones was a resident at Kindred Nursing and Rehabilitation-Northhaven, a skilled nursing facility located at 3300 North Broadway Street, Knoxville, Tennessee 37917, from on or about August 6, 2015, until on or about January 21, 2016, when he was transferred to Physicians Regional Medical Center. Charles Ray Jones was a patient at Physicians Regional Medical Center from on or about

7

January 21, 2016, until on or about January 26, 2016, when he was discharged to NHC Healthcare, Knoxville, where he stayed until his death on January 30, 2016.

21.     At all times pertinent hereto, Charles Ray Jones was unable to attend to his affairs or care for himself throughout his residency at Kindred Nursing and Rehabilitation-Northhaven.

22.     While in the care of Defendants, Charles Ray Jones suffered injuries and harm which include, but are not limited to, the following:

      (a)     Multiple falls, with one resulting in a right hip fracture; and

      (b)     Poor hygiene.

23.     As a result of these injuries, Charles Ray Jones required medical attention and his overall health deteriorated, causing unnecessary physical suffering, severe pain, and mental anguish, and his death.

24.     The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination.

## CAUSES OF ACTION AGAINST DEFENDANTS KINDRED NURSING CENTERS LIMITED PARTNERSHIP D/B/A KINDRED NURSING AND REHABILITATION-NORTHHAVEN; KINDRED NURSING CENTERS EAST, LLC; KINDRED HOSPITALS LIMITED PARTNERSHIP; KINDRED HEALTHCARE SERVICES, INC.; AND KINDRED REHAB SERVICES, INC.

## NEGLIGENCE PURSUANT TO THE TENNESSEE HEALTH CARE LIABILITY ACT, TENN. CODE ANN. §§ 29-26-101, ET SEQ.

25.     Plaintiff brings a claim for violation of T.C.A. §§ 29-26-101, et seq., as amended October 1, 2011, against Defendants, Kindred Nursing Centers Limited Partnership d/b/a/ Kindred Nursing and Rehabilitation-Northhaven; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc. Plaintiff contends, however, that T.C.A. § 29-26-101 is unconstitutional, as amended, under the Constitutions of the State of Tennessee and the United States and violates due process, the

8

separation of powers doctrine, and the inherent authority of the courts to protect the integrity of the proceedings and the rights of the litigants. The assertion of a cause of action under this statute should not be deemed a waiver of Plaintiff's right to challenge the constitutionality of the statute.

26.     Plaintiff re-alleges and incorporates all prior allegations in paragraphs 1-25 as if fully set forth herein.

27.     Plaintiff has complied with the provisions of T.C.A. § 29-26-121(a) as evidenced by the attached Affidavit of Service with Certificate of Mailing (Exhibit A).

28.     Defendants are "health care providers" within the meaning of T.C.A. § 29-26-101 and owed a duty to Charles Ray Jones to provide his healthcare services in a safe and beneficial manner.

29.     Defendants breached their duties owed to Charles Ray Jones, thereby causing Charles Ray Jones to be injured as set forth in this Complaint, including causing his death. Such breaches by Defendants include, but are not limited to, the following:

(a)     Failure to provide sufficient numbers of certified nursing assistants to meet the custodial needs of Charles Ray Jones, including, but not limited to, food, water, baths, showers, grooming, continence care, personal attention and care to his skin, feet, and nails, oral hygiene, and haircuts;

(b)     Failure to ensure sufficient non-medical (CNA) staffing and supplies, such as diapers, linens, and towels, to care for all residents, including Charles Ray Jones;

(c)     Failure to provide sufficient number of non-licensed staff to follow Charles Ray Jones' care plans, and to prevent Charles Ray Jones' needs from being ignored;

(d)     Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Charles Ray Jones received adequate and proper custodial care;

(e)     Failure to provide adequate overall custodial (non-medical) care;

9

(f)     Failure to provide adequate and appropriately trained non-licensed staff and supervision to such personnel so as to ensure that Charles Ray Jones received adequate and proper custodial care, adequate hydration, and warm and palatable meals;

(g)     Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by Defendants' employees, irrespective of whether such complaint derived from a state or federal survey agency, resident of said facility, an employee of said facility or any interested person (with regard to non-medical complaints);

(h)     Failure by the members of the governing body of the nursing home to discharge their legal and lawful obligation by:

        (1)     ensuring that the rules and regulations designed to protect the health and safety of the patients, such as Charles Ray Jones as promulgated by the Tennessee Legislature and corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, were consistently complied with on an ongoing basis;

        (2)     ensuring that the resident care policies for the facility were consistently in compliance on an ongoing basis; and

        (3)     responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care (non-medical).

(i)     Failure of non-licensed personnel to maintain records in accordance with accepted standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to Charles Ray Jones;

(j)     Failure to provide basic and necessary non-medical care and supervision during Charles Ray Jones' residency;

(k)     Failure to provide a sanitary environment to prevent or reduce the spread of infection;

(l)     Failure to protect Charles Ray Jones from abuse and neglect during his residency;

10

(m)   Failure to treat Charles Ray Jones with kindness and respect;

(n)   Failure of high managerial agents and corporate officers to adequately hire, train, supervise, and retain the administrator and other staff so as to assure that Charles Ray Jones received care in accordance with Defendants' policies and procedures;

(o)   Making false, misleading, and deceptive representations as to the quality of care, treatment and services provided by the facility to their residents, including Charles Ray Jones;

(p)   Failure to provide and ensure adequate nursing care plans, including necessary revisions, based on the needs of Charles Ray Jones;

(q)   Failure to develop and implement an adequate nursing care plan for Charles Ray Jones that was followed by nursing personnel;

(r)   Failure to take reasonable steps to prevent, eliminate, and correct medical deficiencies and problems in resident care;

(s)   Failure to provide care, treatment, and medication to Charles Ray Jones in accordance with physician's orders;

(t)   Failure to properly and timely notify Charles Ray Jones' attending physician and/or nurse practitioners of significant changes in his physical condition;

(u)   Failure to provide Charles Ray Jones with a safe environment;

(v)   Failure to adequately and appropriately monitor Charles Ray Jones and recognize significant changes in his health status; and

(w)   Failure to provide treatment for persistent, unresolved problems related to the care and physical condition of Charles Ray Jones, resulting in his unnecessary pain, agony, and suffering.

Charles Ray Jones was caused to suffer mental anguish, pain and suffering, and physical injuries, which include, but are not limited to, multiple falls, with one resulting in a right hip fracture; poor hygiene; severe pain; and injuries to his dignity, including his death.

30.   Defendants' conduct in breaching the duties they owed Charles Ray Jones was negligent, grossly negligent, willful, wanton, malicious, reckless, and/or intentional.

11

31. As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Charles Ray Jones was injured, for which Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants, including, but not limited to medical expenses, pain and suffering, mental anguish, disability, and humiliation in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## ORDINARY NEGLIGENCE AS TO DEFENDANTS KINDRED HEALTHCARE OPERATING, INC. AND KINDRED HEALTHCARE, INC. ONLY

32. Regarding the negligent conduct of Defendants Kindred Healthcare Operating, Inc. and Kindred Healthcare, Inc. (Corporate Defendants), Plaintiff pleads that Corporate Defendants' actions constitute ordinary negligence. Such claims for ordinary negligence do not involve a decision, act, or omission based on medical science or specialized training or skill. The acts or omissions complained of herein may be assessed by the trier of fact based on common, everyday experiences.

33. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-32 as if fully set forth herein.

34. Corporate Defendants owed a duty to its residents, including Charles Ray Jones to provide adequate resources to the facility to ensure there were sufficient staff and supplies on hand to meet the needs of its residents, including Charles Ray Jones, such that care, treatment, and services could be provided within accepted standards of care of nursing homes.

35. Corporate Defendants owed a duty to the residents of the facilities they own and operate, including Charles Ray Jones, to hire, train, and supervise employees to deliver care and services to residents in a safe and beneficial manner.

12

36.     Corporate Defendants breached the duties owed to the residents, including

Charles Ray Jones, and was negligent in its failure to fulfill the above duties thereby affecting

the resident population as a whole, including impacting the care and treatment of Charles Ray

Jones, by and through their administrative decisions to understaff and undersupply the facility,

which were within the understanding of an ordinary lay person and did not require medical

training, assessment or diagnosis, including but are not limited to, the following:

(a)     Failure to provide sufficient numbers of certified nursing assistants to meet the custodial needs of Charles Ray Jones, including, but not limited to, baths, showers, grooming, personal attention and care to his skin, feet, and nails, oral hygiene, and hair cuts;

(b)     Failure to ensure adequate resources were available to the facility to ensure sufficient staffing and supplies, such as linens and towels, to care for all residents, including Charles Ray Jones;

(c)     Failure to provide sufficient number of staff to follow Charles Ray Jones' care plans and to prevent Charles Ray Jones' needs from being ignored;

(d)     Failure to provide adequate supervision and oversight to ensure that Charles Ray Jones received adequate and proper custodial care;

(e)     Failure to provide adequate and appropriately trained staff and supervision to such personnel so as to ensure that Charles Rey Jones, received adequate and proper care;

(f)     Failure to adopt adequate guidelines and policies and procedures for their facilities;

(g)     Failure to designate, assign, and adequately monitor the actions of the facility's governing body of the nursing home to ensure their non-delegable duties were legally and lawfully fulfilled by:

(1)     ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Charles Ray Jones, as promulgated by the Tennessee Legislature and corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, were consistently complied with on an ongoing basis;

13

        (2)    ensuring that the resident care policies for the facility were consistently in compliance on an ongoing basis;

        (3)    ensuring that the facility employed a responsible and sufficiently qualified nursing home administrator; and

        (4)    responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care (non-medical).

    (h)    Failure to allocate sufficient resources to ensure Charles Ray Jones and other residents received adequate care and treatment;

    (i)    Failure of high managerial agents and corporate officers to adequately hire, train, supervise, and retain the leadership of the managing entities, the administrator, and other staff so as to assure that Charles Ray Jones received care in accordance with Defendants' policies and procedures; and

    (j)    Making false, misleading, and deceptive representations as to the quality of care, treatment and services provided by the facility to their residents, including Charles Ray Jones.

37.    The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth above, singularly or in combination.

38.    Charles Ray Jones' injuries were the result of Corporate Defendants' administrative decisions, including short-staffing the Nursing Home, which affected all residents of Kindred Nursing and Rehabilitation-Northhaven, including Charles Ray Jones. Corporate Defendants' administrative decisions were made for the benefit of all residents at the facility and without Charles Ray Jones' specific care or treatment in mind.

39.    Corporate Defendants' administrative decisions led to inadequate conditions at the facility, which caused the Tennessee Department of Health and Human Services to cite Kindred Nursing and Rehabilitation-Northhaven for numerous deficiencies. Corporate Defendants' decisions to provide the facility with insufficient resources resulted in the nursing home being understaffed and undersupplied, which directly led to Charles Ray Jones' injuries.

14

40.     At all times during Charles Ray Jones' residency at Kindred Nursing and Rehabilitation-Northhaven, he was a "resident" pursuant to T.C.A. §§ 68-11-901 *et seq.*, the Tennessee Nursing Home Residents Rights Act (TNHRRA), and the corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agent, including the Division of Health Care Facilities, namely the Nursing Home Rules and Regulations § 1200-8-6, *et seq.* The particular violations by Corporate Defendants include, but are not limited to, violations of T.C.A. § 68-11-901 (15), (16), (21), and (24). Accordingly, Charles Ray Jones is a member of the class that TNHRRA is intended to protect.

41.     Charles Ray Jones was injured as described herein as a direct result of the acts or omissions of Defendants as set forth above, which constitute a violation of TNHRRA, as well as 42 CFR 483.10, *et seq.*, and the Nursing Home Regulations of the Tennessee Department of Health, Rules of the Tennessee Department of Health Board for Licensing Healthcare Facilities, Chapter 1200-8-6, *et seq.*, and are evidence of negligence. Violations of the foregoing federal and state regulations governing nursing homes also constitute negligence per se. The injuries suffered by Charles Ray Jones were of the type that TNHRRA is designed to prevent.

42.     WHEREFORE, Plaintiff seeks compensatory and punitive damages against Corporate Defendants in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

<u>CAUSES OF ACTION AGAINST ADMINISTRATOR DEFENDANT</u>

<u>FACTUAL ALLEGATIONS</u>

43.     Plaintiff re-alleges and incorporates the allegations in paragraphs 1–24 as if fully set forth herein.

15

44.     Upon information and belief, William R. Sharpe was Administrator of Kindred Nursing and Rehabilitation-Northhaven during Charles Ray Jones' residency.

45.     As Administrator of Kindred Nursing and Rehabilitation-Northhaven, Administrator Defendant was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities.  As Administrator, he had a duty to administer the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental, and psychosocial well-being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state, and local laws, regulations, and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility.  As such, Administrator Defendant breached his duties of care to Charles Ray Jones, which resulted in the injuries described in paragraph 22.

## NEGLIGENCE PURSUANT TO THE TENNESSEE HEALTH CARE LIABILITY ACT, TENN. CODE ANN. §§ 29-26-101, ET SEQ.

46.     Plaintiff brings a claim for violation of T.C.A. §§ 29-26-101, et seq., as amended October 1, 2011.  Plaintiff contends, however, that T.C.A. § 29-26-101 is unconstitutional, as amended, under the Constitutions of the State of Tennessee and the United States and violates due process, the separation of powers doctrine, and the inherent authority of the courts to protect the integrity of the proceedings and the rights of the litigants.  The assertion of a cause of action under this statute should not be deemed a waiver of Plaintiff's right to challenge the constitutionality of the statute.

47.     Plaintiff re-alleges and incorporates all prior allegations in paragraphs 1-24 and 43-46 as if fully set forth herein.

16

48. Plaintiff has complied with the provisions of T.C.A. § 29-26-121(a) as evidenced by the attached Affidavit of Service with Certificate of Mailing (Exhibit A).

49. Administrator Defendant is a "health care provider" within the meaning of T.C.A. § 29-26-101 and owed a duty to Charles Ray Jones to provide him healthcare services in a safe and beneficial manner.

50. Administrator Defendant breached his duties owed to Charles Ray Jones as set forth herein, thereby causing Charles Ray Jones to be injured as set forth in this Complaint. Such breaches by Administrator Defendant include, but are not limited to, the following:

    (a)    Failure to administer the facility in such a manner so as to provide the facility with adequate resources to ensure sufficient non-medical (CNA) staffing and supplies, such as linens, and towels, to care for all residents, including Charles Ray Jones;

    (b)    Failure to provide sufficient number of non-licensed staff to prevent Charles Ray Jones' needs from being ignored;

    (c)    Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Charles Ray Jones received adequate and proper care;

    (d)    Failure to ensure Charles Ray Jones was provided with adequate overall custodial (non-medical) care;

    (e)    Failure to provide adequate and appropriately trained non-licensed staff and supervision to such personnel so as to ensure that Charles Ray Jones received adequate and proper care;

    (f)    Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by Nursing Home Defendants' employees, irrespective of whether such complaint derived from a state or federal survey agency, resident of said facility, an employee of said facility or any interested person (with regard to non-medical complaints);

    (g)    Failure to ensure the members of the governing body of the nursing home discharged their legal and lawful obligation by:

17

(1)    ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Charles Ray Jones, as promulgated by the Tennessee Legislature and corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, were consistently complied with on an ongoing basis;

(2)    ensuring that the resident care policies for the facility were consistently in compliance on an ongoing basis; and

(3)    responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care (non-medical).

(h)    Failure to ensure non-licensed personnel maintained records in accordance with accepted standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to Charles Ray Jones;

(i)    Failure to ensure Charles Ray Jones was provided basic and necessary non-medical care and supervision during his residency;

(j)    Failure to provide a sanitary environment to prevent or reduce the spread of infection;

(k)    Failure to provide Charles Ray Jones with adequate supervision and assistance to prevent injuries;

(l)    Failure to protect Charles Ray Jones from abuse and neglect during his residency;

(m)    Failure to ensure staff treated Charles Ray Jones with kindness and respect; and

(n)    Making false, misleading, and deceptive representations as to the quality of care, treatment and services provided by the facility to their residents, including Charles Ray Jones.

51.    Administrator Defendant's conduct in breaching the duties he owed Charles Ray Jones was negligent, grossly negligent, willful, wanton, malicious, reckless, and/or intentional.

52.    As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Charles Ray Jones was injured, for

18

which Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Administrative Defendant, including, but not limited to medical expenses, pain and suffering, mental anguish, disability, and humiliation in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

## SURVIVAL AND WRONGFUL DEATH CLAIM

53. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-52 as if fully set forth herein

54. As a direct and proximate result of the acts or omissions of Defendants as set forth above, Charles Ray Jones suffered mental anguish, pain and suffering, and physical injuries which include, but are not limited to, those described herein, including death.

55. As a further direct and proximate result of Defendants' conduct, Charles Ray Jones required medical attention and hospitalization, and incurred liability to pay reasonable and necessary charges for such.

56. As a direct, natural and proximate result of the acts or omissions of Defendants as set forth above, Charles Ray Jones died on January 30, 2016, thereby incurring reasonable and necessary charges for funeral and related expenses.

57. As a direct and proximate result of the previously alleged conduct, all of which was negligent, gross negligent, willful and wanton, outrageous, reckless, malicious, and/or intentional, Charles Ray Jones endured pain, suffering, and death. Indeed, Charles Ray Jones suffered personal injury including excruciating pain and suffering, mental anguish, emotional distress, and humiliation, which includes, but is not limited to, that described herein.

19

Accordingly, Plaintiff is entitled to recover against Defendants compensatory and punitive damages based on the foregoing.

58.     Plaintiff seeks compensatory and punitive damages against Defendants in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## DAMAGES

59.     Plaintiff re-alleges and incorporates the allegations in paragraphs 1-58 as if fully set forth herein.

60.     As a direct and proximate result of the acts and omissions of all Defendants as set out above, Charles Ray Jones suffered injuries including, but not limited to, those described herein.  As a result, Charles Ray Jones incurred significant medical expenses and suffered embarrassment and physical impairment and pain and suffering.

61.     Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

62.     To the extent T.C.A. §§ 29-39-101, et seq., is asserted by Defendants or deemed applicable to the present case or controversy, Plaintiff affirmatively avers that these statutory provisions are unconstitutional.

63.     The Constitution of the State of Tennessee provides for:

(1)     Right to Trial by Jury.

[T]he right of trial by jury shall remain inviolate ....

Tennessee Constitution, Art. 1, Sec. 6.

(2)     Open Courts.

20

[A]ll courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay.

Tennessee Constitution, Art. 1, Sec. 17.

(3)     Separation of Powers.

The powers of the government shall be divided into three distinct departments: legislative, executive and judicial.

Tennessee Constitution, Art. 2, Sec. 1.

No person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted.

Tennessee Constitution, Art. 2, Sec. 2.

64.     The Constitution of the United States provides for:

(1)     Right to Trial by Jury.

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

United States Constitution, Amendment VII.

(2)     Due Process and Equal Protection.

...No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; ...without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws ...

United States Constitution, Amendment XIV.

65.     Plaintiff asserts that Tenn. Code Ann. §§ 29-39-101, et seq., violates the Constitutions of the State of Tennessee and the United States by affecting the right to trial by jury, open courts, separation of powers, equal protection, and due process.

21

## REQUEST FOR TRIAL BY JURY

66.     Plaintiff demands trial by a jury of twelve (12) on all issues herein set forth.

## PRAYER FOR RELIEF

Pursuant to Tennessee Rules of Civil Procedure, Plaintiff demands that all issues of fact in this case be tried by a jury.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.      For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of the Court, and adequate to compensate Plaintiff for all the injuries and damage sustained.  Plaintiff challenges the constitutionality of Tenn. Code Ann. §§ 29-39-101, et seq., which purports to arbitrarily limit the amount of damages available to a plaintiff, in contravention of the Tennessee and United States Constitutions;

2.      For all general and special damages caused by the alleged conduct of Defendants;

3.      For the costs of litigating this case;

4.      For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities; and

5.      For all other relief to which Plaintiff is entitled by Tennessee law.

Respectfully submitted,

**JEHL LAW GROUP, PLLC**

By: _____

Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
Deena K. Arnold (BRP#24555)
Austin C. Gardner (BPR#35138)
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number:   901-322-4232
Facsimile Number:   901-322-4231

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via US Mail upon the following individual on this _19ᵗʰ_ day of January, 2017, with sufficient postage thereon to ensure delivery:

Herbert H. Slatery III
Tennessee Attorney General
425 Fifth Avenue North
Post Office Box 20207
Nashville, TN 37202-0207

_____
Attorney for Plaintiff

23

2017 JAN 20  AM 9 56

Vickie Click, Next of Kin of Charles Ray Jones, )
deceased, and on behalf of the wrongful death )
beneficiaries of Charles Ray Jones, )
  )
Plaintiff, )
  )
v. )
  )
Kindred Nursing Centers Limited Partnership )
d/b/a Kindred Nursing and Rehabilitation- )
Northhaven; Kindred Healthcare Operating, )
Inc.; Kindred Healthcare, Inc.; Kindred Nursing )
Centers East, LLC; Kindred Hospitals Limited )
Partnership; Kindred Healthcare Services, Inc.; )
Kindred Rehab Services, Inc.; and William R. )
Sharpe, in his capacity as Administrator of )
Kindred Nursing and Rehabilitation- )
Northhaven, )
  )
Defendants. )

CATHERINE F. QUIST
CIRCUIT COURT CLERK

Cause No. 2.25.17
Division _____
Jury Demanded

---

## AFFIDAVIT OF SERVICE WITH CERTIFICATE OF MAILING

---

STATE OF TENNESSEE:
COUNTY OF SHELBY:

In accordance with T.C.A. § 29-26-121, the undersigned attorney, having been duly

sworn, states upon oath and affirmation as follows:

1. That I am the attorney for the Plaintiff in the above-captioned matter and have

personal knowledge of the matters herein.

2. That on November 9, 2016, letters were sent to (1) Kindred Nursing and

Rehabilitation-Northhaven, (2) Kindred Nursing Centers Limited Partnership d/b/a Kindred

Nursing and Rehabilitation-Northhaven, (3) Kindred Healthcare Operating, Inc., (4) Kindred



PLAINTIFF'S
EXHIBIT
A

Healthcare, Inc. (5) Kindred Nursing Centers East, LLC, (6) Kindred Hospitals Limited Partnership, (7) Kindred Healthcare Services, Inc., (8) Kindred Rehab Services, Inc., (9) Trudy Kay Durham, in her capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, and (10) William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, via certified mail, return receipt requested. Copies of such letters are attached, along with the Certificate of Mailing.

3. That the specified notice was timely mailed and the attorney has complied with T.C.A. § 29-26-121.

IN WITNESS WHEREOF, I have set my hand this _19th_ day of January, 2017.

Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
Deena K. Arnold (BPR#24555)
Austin C. Gardner (BPR#35138)
JEHL LAW GROUP, PLLC
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number:    901-322-4232
Facsimile Number:    901-322-4231

Attorneys for Plaintiff

STATE OF TENNESSEE
COUNTY OF SHELBY

Before me personally appeared, CAREY L. ACERRA, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal this _19th_ day of January, 2017.

Notary Public

MY COMMISSION EXPIRES:
SEPTEMBER 3, 2018

2



# JEHL LAW GROUP PLLC

Attorneys at Law

FILED

2017 JAN 20  AM 9 56

CATHERINE F. SHIRK
CIRCUIT COURT CLERK

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

November 9, 2016

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7015 3010 0001 7739 7292**

Kindred Nursing Centers Limited Partnership
d/b/a Kindred Nursing and Rehabilitation-Northhaven
c/o William R. Sharpe, Administrator
3300 North Broadway Street
Knoxville, TN 37917

**Re:** **Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones v. Kindred Nursing Centers Limited Partnership d/b/a Kin dred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc.; Trudy Kay Durham, in her capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven; and William R. Sharpe, in his capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven**

Dear Sir or Madam:

I am the attorney representing Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, and I am the authorized agent of Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones.

Through me, the wrongful death beneficiaries on behalf of Charles Ray Jones are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

5400 Poplar Avenue | Suite 250 | Memphis, TN 38119
Phone: (901) 322-4232 | Fax: (901) 322-4231
www.jehllawgroup.com

| | |
|---|---|
| Patient: | Charles Ray Jones |
| Date of Birth: | Redacted |
| Claimant's Name and Address: | Vickie Click |
| | 1100 Walden Legacy Way, Apt. 837 |
| | Knoxville, TN 37931 |
| Relationship to Patient: | Daughter and Next of Kin of |
| | Charles Ray Jones, deceased |

Due to the poor care provided to Charles Ray Jones during his residency at Kindred Nursing and Rehabilitation-Northhaven, Charles Ray Jones suffered from, among other things, multiple falls; a femur fracture; aspiration pneumonia; medication errors; poor hygiene, severe pain, and injuries to his dignity, which led to his death.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Carey L. Acerra, Esq.

CLA/zkh
Enclosures

# LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Charles Ray Jones

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o William R. Sharpe, Administrator
   3300 North Broadway Street
   Knoxville, TN 37917

2. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   680 South Fourth Street
   Louisville, KY 40202

3. Kindred Healthcare Operating, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare Operating, Inc.
   680 South Fourth Street
   Louisville, KY 40202

4. Kindred Healthcare, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare, Inc.
   680 South Fourth Street
   Louisville, KY 40202

5. Kindred Nursing Centers East, LLC
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers East, LLC
   680 South Fourth Street
   Louisville, KY 40202

6.     Kindred Hospitals Limited Partnership
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Hospitals Limited Partnership
680 South Fourth Street
Louisville, KY 40202

7.     Kindred Healthcare Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Healthcare Services, Inc.
680 South Fourth Street
Louisville, KY 40202

8.     Kindred Rehab Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Rehab Services, Inc.
680 South Fourth Street
Louisville, KY 40202

9.     Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3022 Crock Road
Loudon, TN 37774

Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
c/o Island Home Park Health and Rehab
1758 Hillwood Avenue
Knoxville, TN 37920

10.     William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
9721 Panama Drive
Knoxville, TN 37923

2

# HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, Vickie Click , do hereby authorize Kindred Nursing Centers limited Partnership d/b/a Kindred Nursing and Rehabilitation - Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals limited Partnership; Kindred Healthcare Services, Inc., Kindred Rehab Services, Inc.; ("health care providers") to furnish and disclose to Kindred Nursing Centers limited Partnership or to any representative Trudy or attorney from their office a full, complete, and black & white copy of any and all protected health information Ray Dunham regarding patient, Charles Ray Jones , Date of Birth: **Redacted** , Social Security in Law Number: **Redacted** specifically including any and all records for service from 1/20/09 to 1/30/16, as Administ- including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, as Administ emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians Shator notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, of Kindred RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge and Rehab summaries/reports, photographs, social service records, dietary records (I&O/R&B), weight records/vital signs, litation activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, Northhaven; clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, William R. Sharp intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, in his capacity of controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for Administrator of treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment Kindred Nursing rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any and Rehabilitation information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or Northhaven genetic testing.

This release together with a written request is also intended to require all health, disability, and/or automobile insurance carriers to release any and all information regarding said patient in their possession; including, but not limited to, all payment or non-payment information and any collateral source information, to Kindred Nursing Centers Limited Partnership

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with Kindred Nursing Centers Limited Partnership or any of their representatives is absolutely forbidden. Copies of any documents produced to Kindred Nursing Centers Limited Partnership pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on 5/9/17

Dated: 11/9/16          Signed: X Vickie Click

If signed by the patient's personal representative, explain the nature of the relationship:

Daughter and Next of Kin of Charles Ray Jones, deceased

**STATE OF TENNESSEE**
**Office of Vital Records**

CERTIFICATE OF DEATH

Redacted

Knoxville

U.S. Navy

Redacted

Tennessee

UHC Hallsen Legacy Way, Apt. 897

37931

Complication of C. Difficile colitis

03-17-2016

Nursing Home

3300 N. Broadway, Knoxville, TN

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the raised embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq. Vital Records Act of 1977.

8370636

STATE REGISTRAR                    COMMISSIONER                    Date Issued

CERTIFICATION OF VITAL RECORD

# AFFIDAVIT

STATE OF TENNESSEE            )
                              )ss.
COUNTY OF _Knox_              )

BEFORE      ME,     the     undersigned     authority,     personally     appeared
_Vickie Click_____, who upon first being duly
sworn, deposes and states as follows:

1.    That I am the next of kin to _Charles Jones_____

2.    I am the spouse of _____

## FURTHER AFFIANT SAYETH NAUGHT.

                          _x Vickie Click_____

On this _25th_ day of _May_____ _2016_ before me personally appeared
_Vickie Click_____, known to me to be the individual
described herein, and who executed the foregoing instrument, and he/she thereupon duly acknowledged
to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose
therein stated.

                          _____
                          Notary Public

My Commission Expires:

_06-06-2016_



# JEHL LAW GROUP PLLC
Attorneys at Law

FILED

2017 JAN 20  AM 9 56

CATHERINE F. QUIST
CIRCUIT COURT CLERK

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

November 9, 2016

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7016 0600 0000 3807 7474**

Kindred Nursing Centers Limited Partnership
d/b/a Kindred Nursing and Rehabilitation-Northhaven
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7016 0600 0000 3807 7481**

Kindred Nursing Centers Limited Partnership
d/b/a Kindred Nursing and Rehabilitation-Northhaven
680 South Fourth Street
Louisville, KY 40202

Re:     **Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones v. Kindred Nursing Centers Limited Partnership d/b/a Kin dred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc.; Trudy Kay Durham, in her capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven; and William R. Sharpe, in his capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven**

Dear Sir or Madam:

I am the attorney representing Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, and I am the authorized agent of Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones.

5400 Poplar Avenue | Suite 250 | Memphis, TN 38119
Phone: (901) 322-4232 | Fax: (901) 322-4231
www.jehllawgroup.com

Through me, the wrongful death beneficiaries on behalf of Charles Ray Jones are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Charles Ray Jones |
| Date of Birth: | Redacted |
| Claimant's Name and Address: | Vickie Click |
| | 1100 Walden Legacy Way, Apt. 837 |
| | Knoxville, TN 37931 |
| Relationship to Patient: | Daughter and Next of Kin of |
| | Charles Ray Jones, deceased |

Due to the poor care provided to Charles Ray Jones during his residency at Kindred Nursing and Rehabilitation-Northhaven, Charles Ray Jones suffered from, among other things, multiple falls; a femur fracture; aspiration pneumonia; medication errors; poor hygiene, severe pain, and injuries to his dignity, which led to his death.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Carey L. Acerra, Esq.

CLA/zkh
Enclosures

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Charles Ray Jones

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o William R. Sharpe, Administrator
   3300 North Broadway Street
   Knoxville, TN 37917

2. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   680 South Fourth Street
   Louisville, KY 40202

3. Kindred Healthcare Operating, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare Operating, Inc.
   680 South Fourth Street
   Louisville, KY 40202

4. Kindred Healthcare, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare, Inc.
   680 South Fourth Street
   Louisville, KY 40202

5. Kindred Nursing Centers East, LLC
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers East, LLC
   680 South Fourth Street
   Louisville, KY 40202

6.      Kindred Hospitals Limited Partnership
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Hospitals Limited Partnership
680 South Fourth Street
Louisville, KY 40202

7.      Kindred Healthcare Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Healthcare Services, Inc.
680 South Fourth Street
Louisville, KY 40202

8.      Kindred Rehab Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Rehab Services, Inc.
680 South Fourth Street
Louisville, KY 40202

9.      Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3022 Crock Road
Loudon, TN 37774

Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
c/o Island Home Park Health and Rehab
1758 Hillwood Avenue
Knoxville, TN 37920

10.    William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
9721 Panama Drive
Knoxville, TN 37923

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Vickie Click_ , do hereby authorize Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation - Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; ("health care providers") to furnish and disclose to Kindred Nursing Centers Limited Partnership or to any representative Trudy or attorney from their office a full, complete, and black & white copy of any and all protected health information Ray Durham regarding patient, _Charles Ray Jones_ , Date of Birth: [Redacted] , Social Security in her Number: [Redacted] specifically including any and all records for service from _1/20/09_ to _1/30/16_, capacity including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports as Administrator emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' S/a for notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, of Kindred RAP sheets, resident care plans, discharge plans, decubitus and wound reports; admission and discharge and Reha summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, litation activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, Northhaven, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, William R. Sharp intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, in his capacity controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for Administrators treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment Kindred Nurse rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any and Rehabilitation information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or Northhaven genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession; including, but not limited to, all payment or non-payment information and any collateral source information, to _Kindred Nursing Centers Limited Partnership_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Kindred Nursing Centers Limited Partnership_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Kindred Nursing Centers Limited Partnership_ pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _5/9/17_

Dated: _11/9/16_      Signed: _Vickie Click_

If signed by the patient's personal representative, explain the nature of the relationship:

_Daughter and Next of Kin of Charles Ray Jones, deceased_

DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Redacted

... (illegible fields) ...

Military — U.S. Navy

Redacted — Tennessee

4100 Walden Legacy Way, Apt. 307 — 37931

Complication of Right Femur fracture

Dementia Parkinson's disease

Nursing Home

8370696

I hereby certify this above to be a true and correct representation of the record or document on file in the document. This certified copy is valid only when bearing the security paper showing the not-embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated, 68-3-101 et seq. (Vital Records Act of 1977)

CERTIFICATION OF VITAL RECORD

<u>AFFIDAVIT</u>

STATE OF TENNESSEE )
                      )ss.
COUNTY OF *KNOX* )

BEFORE ME, the undersigned authority, personally appeared *Vickie Click*, who upon first being duly sworn, deposes and states as follows:

1. That I am the next of kin to *Charles Jones*

2. I am the spouse of _____

FURTHER AFFIANT SAYETH NAUGHT.

                                  *X Vickie Click*

On this *25th* day of *May* *2016* before me personally appeared *Vickie Click*, known to me to be the individual described herein, and who executed the foregoing instrument, and he/she thereupon duly acknowledged to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose therein stated.

                                _____
                                Notary Public

My Commission Expires:

*06-06-2016*



# JEHL LAW GROUP FILED

Attorneys at Law

2017 JAN 20 AM 9 56

CATHERINE F. QUIST
CIRCUIT COURT CLERK

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

November 9, 2016

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7016 0600 0000 3807 7498**

Kindred Healthcare Operating, Inc.
c/o CT Corporation System, Registered Agent
306 West Main Street, Suite 512
Frankfort, KY 40601

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7016 0600 0000 3807 7504**

Kindred Healthcare Operating, Inc.
680 South Fourth Street
Louisville, KY 40202

**Re:** **Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones v. Kindred Nursing Centers Limited Partnership d/b/a Kin dred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc.; Trudy Kay Durham, in her capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven; and William R. Sharpe, in his capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven**

Dear Sir or Madam:

I am the attorney representing Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, and I am the authorized agent of Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones.

5400 Poplar Avenue | Suite 250 | Memphis, TN 38119
Phone: (901) 322-4232 | Fax: (901) 322-4231
www.jehllawgroup.com

Through me, the wrongful death beneficiaries on behalf of Charles Ray Jones are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Charles Ray Jones |
| Date of Birth: | Redacted |
| Claimant's Name and Address: | Vickie Click |
| | 1100 Walden Legacy Way, Apt. 837 |
| | Knoxville, TN 37931 |
| Relationship to Patient: | Daughter and Next of Kin of |
| | Charles Ray Jones, deceased |

Due to the poor care provided to Charles Ray Jones during his residency at Kindred Nursing and Rehabilitation-Northhaven, Charles Ray Jones suffered from, among other things, multiple falls; a femur fracture; aspiration pneumonia; medication errors; poor hygiene, severe pain, and injuries to his dignity, which led to his death.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

**JEHL LAW GROUP, PLLC**

Carey L. Acerra, Esq.

CLA/zkh
Enclosures

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Charles Ray Jones

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o William R. Sharpe, Administrator
   3300 North Broadway Street
   Knoxville, TN 37917

2. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   680 South Fourth Street
   Louisville, KY 40202

3. Kindred Healthcare Operating, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare Operating, Inc.
   680 South Fourth Street
   Louisville, KY 40202

4. Kindred Healthcare, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare, Inc.
   680 South Fourth Street
   Louisville, KY 40202

5. Kindred Nursing Centers East, LLC
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers East, LLC
   680 South Fourth Street
   Louisville, KY 40202

6. Kindred Hospitals Limited Partnership
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Hospitals Limited Partnership
   680 South Fourth Street
   Louisville, KY 40202

7. Kindred Healthcare Services, Inc.
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Healthcare Services, Inc.
   680 South Fourth Street
   Louisville, KY 40202

8. Kindred Rehab Services, Inc.
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Rehab Services, Inc.
   680 South Fourth Street
   Louisville, KY 40202

9. Trudy Kay Durham, in her capacity as Administrator
   of Kindred Nursing and Rehabilitation-Northhaven
   3300 North Broadway Street
   Knoxville, TN 37917

   Trudy Kay Durham, in her capacity as Administrator
   of Kindred Nursing and Rehabilitation-Northhaven
   3022 Crock Road
   Loudon, TN 37774

   Trudy Kay Durham, in her capacity as Administrator
   of Kindred Nursing and Rehabilitation-Northhaven
   c/o Island Home Park Health and Rehab
   1758 Hillwood Avenue
   Knoxville, TN 37920

10. William R. Sharpe, in his capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    3300 North Broadway Street
    Knoxville, TN 37917

    William R. Sharpe, in his capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    9721 Panama Drive
    Knoxville, TN 37923

2

# HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Vickie Click_, do hereby authorize _Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing_ _and Rehabilitation - Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing_ _Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.;_ ("health care providers") to furnish and disclose to _Kindred Healthcare Operating, Inc._, or to any representative _Micky_ or attorney from their office a full, complete, and black & white copy of any and all protected health information _Ray Parham_ regarding patient _Charles Ray Jones_, Date of Birth: _Redacted_, Social Security number _in his_ Number: _Redacted_ specifically including any and all records for service from _1/20/09_ to _1/30/16_ _capacity_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, _as Admin-_ emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' _Shalor_ notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, _of Kindred_ RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge _and Rehab-_ summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, _ilitation -_ activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, _Northhaven_ clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, _William R. Shapo_ intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, _in his capacity_ controlled drug inventory, physical/occupational/speech/respiratory therapy reports, incident reports, bills for _Administrator_ treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment _Kindred Nursing_ rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any _and Rehabilitation_ information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or _Northhaven_ genetic testing.

This release together with a written request is also intended to require all health, disability, and/or automobile insurance carriers to release any and all information regarding said patient in their possession including, but not limited to, all payment or non-payment information and any collateral source information, to _Kindred Healthcare Operating, Inc._

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Kindred Healthcare Operating, Inc._; or any of their representatives is absolutely forbidden. Copies of any documents produced _to  Kindred Healthcare Operating, Inc._ pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition such patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _5/9/17_

Dated: _11/9/16_        Signed: _Vickie Click_

If signed by the patient's personal representative, explain the nature of the relationship:

_Daughter and Next of Kin of Charles Ray Jones, deceased_

CERTIFICATE OF DEATH

Redacted

Knoxville

Military U.S. NAVY

Redacted Tennessee

3100 Holden Legacy Pkwy, Apt. 877     37931

Greenwood Cemetery     Knoxville, Tennessee

Complications of ... venous ... failure

... Parkinsons disease

Nursing Home     3300 ... Knoxville, TN

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the reproduced seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977.

8970696

... McDonald
STATE REGISTRAR

John J. Dreyzehner MD, MPH, FACOEM     (Date) issued
COMMISSIONER

# AFFIDAVIT

STATE OF TENNESSEE )
                           )ss.
COUNTY OF _Knox_ )

BEFORE ME, the undersigned authority, personally appeared _Vickie Click_, who upon first being duly sworn, deposes and states as follows:

1. That I am the next of kin to _Charles Jones_.

2. I am the spouse of _____.

**FURTHER AFFIANT SAYETH NAUGHT.**

_X Vickie Click_

On this _25th_ day of _May_ _2016_ before me personally appeared _Vickie Click_, known to me to be the individual described herein, and who executed the foregoing instrument, and he/she thereupon duly acknowledged to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose therein stated.

_____
Notary Public

My Commission Expires:

_06-06-2016_



# JEHL LAW GROUP PLLC
### Attorneys at Law

FILED

2017 JAN 20  AM 9 57

CATHERINE F. QUIST
CIRCUIT COURT CLERK

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

November 9, 2016

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7015 3010 0001 7739 6431**

Kindred Healthcare, Inc.
c/o CT Corporation System, Registered Agent
306 West Main Street, Suite 512
Frankfort, KY 40601

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7015 3010 0001 7739 6448**

Kindred Healthcare, Inc.
680 South Fourth Street
Louisville, KY 40202

**Re:** **Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones v. Kindred Nursing Centers Limited Partnership d/b/a Kin dred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc.; Trudy Kay Durham, in her capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven; and William R. Sharpe, in his capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven**

Dear Sir or Madam:

I am the attorney representing Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, and I am the authorized agent of Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones.

Through me, the wrongful death beneficiaries on behalf of Charles Ray Jones are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Charles Ray Jones |
| Date of Birth: | Redacted |
| Claimant's Name and Address: | Vickie Click |
| | 1100 Walden Legacy Way, Apt. 837 |
| | Knoxville, TN 37931 |
| Relationship to Patient: | Daughter and Next of Kin of |
| | Charles Ray Jones, deceased |

Due to the poor care provided to Charles Ray Jones during his residency at Kindred Nursing and Rehabilitation-Northhaven, Charles Ray Jones suffered from, among other things, multiple falls; a femur fracture; aspiration pneumonia; medication errors; poor hygiene, severe pain, and injuries to his dignity, which led to his death.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

**JEHL LAW GROUP, PLLC**

Carey L. Acerra, Esq.

CLA/zkh
Enclosures

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN**
**PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Charles Ray Jones

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o William R. Sharpe, Administrator
   3300 North Broadway Street
   Knoxville, TN 37917

2. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   680 South Fourth Street
   Louisville, KY 40202

3. Kindred Healthcare Operating, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare Operating, Inc.
   680 South Fourth Street
   Louisville, KY 40202

4. Kindred Healthcare, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare, Inc.
   680 South Fourth Street
   Louisville, KY 40202

5. Kindred Nursing Centers East, LLC
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers East, LLC
   680 South Fourth Street
   Louisville, KY 40202

6.  Kindred Hospitals Limited Partnership
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Kindred Hospitals Limited Partnership
    680 South Fourth Street
    Louisville, KY 40202

7.  Kindred Healthcare Services, Inc.
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Kindred Healthcare Services, Inc.
    680 South Fourth Street
    Louisville, KY 40202

8.  Kindred Rehab Services, Inc.
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Kindred Rehab Services, Inc.
    680 South Fourth Street
    Louisville, KY 40202

9.  Trudy Kay Durham, in her capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    3300 North Broadway Street
    Knoxville, TN 37917

    Trudy Kay Durham, in her capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    3022 Crock Road
    Loudon, TN 37774

    Trudy Kay Durham, in her capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    c/o Island Home Park Health and Rehab
    1758 Hillwood Avenue
    Knoxville, TN 37920

10. William R. Sharpe, in his capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    3300 North Broadway Street
    Knoxville, TN 37917

    William R. Sharpe, in his capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    9721 Panama Drive
    Knoxville, TN 37923

2

# HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Vickie Click_, do hereby authorize Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; ("health care providers") to furnish and disclose to _Kindred Healthcare, Inc._ or to any representative, Trudy or attorney from their office a full, complete, and black & white copy of any and all protected health information Ray Pinkham regarding patient, _Charles Ray Jones_, Date of Birth: [Redacted], Social Security in her Number: [Redacted] specifically including any and all records for service from _1/30/09_ to _1/30/16_, capacity including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, as Administration emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' Shafer of notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, Kindred RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge Nursing summaries/reports, photographs, social service records, dietary records, weight records/vital signs, and Rehabilitation activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, Northhaven; clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, William R. Sharp intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, in his capacity as controlled drug inventory, physical/occupational/speech/respiratory therapy reports, incident reports, bills for Administrator of treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment Kindred Nursing rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any and Rehabilitation information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or Northhaven genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession; including, but not limited to, all payment or non-payment information and any collateral source information, to _Kindred Healthcare, Inc._

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Kindred Healthcare, Inc._, or any of their representatives is absolutely forbidden. Copies of any documents produced to _Kindred Healthcare, Inc._ pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _5/9/17_

Dated: _11/9/16_    Signed: _Vickie Click_

If signed by the patient's personal representative, explain the nature of the relationship:

_Daughter and Next of Kin of Charles Ray Jones, deceased_

TENNESSEE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Redacted

HMC-Bea Morye    Knoxville    Military    U.S. Navy

Tennessee    37931

Michael Kathleen Edmonds Clark    Daughter    100 Fielder Square Way Apt 207, Knoxville, Tennessee

Complications of Left Femur Fracture

Dementia, Parkinson's Disease

Nursing Home    3220 N. Broadway, Knoxville, TN

I hereby certify the above to be a true and correct representation of the record or document on file in accordance with the requirements... This certified copy is valid only when printed on security paper showing the multicolored seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.
Tennessee Code Annotated 68-3-107 makes Vital Records Act of 1977...

83570696

CERTIFICATION OF VITAL RECORD

## AFFIDAVIT

STATE OF TENNESSEE )

COUNTY OF Knox )ss.
)

BEFORE ME, the undersigned authority, personally appeared
_Vickie Click_, who upon first being duly
sworn, deposes and states as follows:

1.     That I am the next of kin to _Charles Jones_

2.     I am the spouse of _____

**FURTHER AFFIANT SAYETH NAUGHT.**

_X Vickie Click_

On this 25th day of _May_, 2016 before me personally appeared
_Vickie Click_, known to me to be the individual
described herein, and who executed the foregoing instrument, and he/she thereupon duly acknowledged
to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose
therein stated.

_____
Notary Public

My Commission Expires:

06-06-2016



# JEHL LAW GROUP PLLC
### Attorneys at Law

FILED

2017 JAN 20  AM 9 57

CATHERINE F. QUIST
CIRCUIT COURT CLERK

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

November 9, 2016

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7015 3010 0000 0955 2455**

Kindred Nursing Centers East, LLC
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7015 3010 0000 0955 2462**

Kindred Nursing Centers East, LLC
680 South Fourth Street
Louisville, KY 40202

**Re:**  **Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones v. Kindred Nursing Centers Limited Partnership d/b/a Kin dred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc.; Trudy Kay Durham, in her capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven; and William R. Sharpe, in his capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven**

Dear Sir or Madam:

I am the attorney representing Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, and I am the authorized agent of Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones.

Through me, the wrongful death beneficiaries on behalf of Charles Ray Jones are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Charles Ray Jones |
| Date of Birth: | Redacted |
| Claimant's Name and Address: | Vickie Click |
| | 1100 Walden Legacy Way, Apt. 837 |
| | Knoxville, TN 37931 |
| Relationship to Patient: | Daughter and Next of Kin of |
| | Charles Ray Jones, deceased |

Due to the poor care provided to Charles Ray Jones during his residency at Kindred Nursing and Rehabilitation-Northhaven, Charles Ray Jones suffered from, among other things, multiple falls; a femur fracture; aspiration pneumonia; medication errors; poor hygiene, severe pain, and injuries to his dignity, which led to his death.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Carey L. Acerra, Esq.

CLA/zkh
Enclosures

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Charles Ray Jones

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section
29-26-121(a), of a potential claim for medical malpractice:

1. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o William R. Sharpe, Administrator
   3300 North Broadway Street
   Knoxville, TN 37917

2. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   680 South Fourth Street
   Louisville, KY 40202

3. Kindred Healthcare Operating, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare Operating, Inc.
   680 South Fourth Street
   Louisville, KY 40202

4. Kindred Healthcare, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare, Inc.
   680 South Fourth Street
   Louisville, KY 40202

5. Kindred Nursing Centers East, LLC
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers East, LLC
   680 South Fourth Street
   Louisville, KY 40202

6.      Kindred Hospitals Limited Partnership
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

        Kindred Hospitals Limited Partnership
680 South Fourth Street
Louisville, KY 40202

7.      Kindred Healthcare Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

        Kindred Healthcare Services, Inc.
680 South Fourth Street
Louisville, KY 40202

8.      Kindred Rehab Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

        Kindred Rehab Services, Inc.
680 South Fourth Street
Louisville, KY 40202

9.      Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

        Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3022 Crock Road
Loudon, TN 37774

        Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
c/o Island Home Park Health and Rehab
1758 Hillwood Avenue
Knoxville, TN 37920

10.     William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

        William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
9721 Panama Drive
Knoxville, TN 37923

2

# HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Vickie Click_, do hereby authorize _Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation - Hearthaven, Kindred Healthcare Operating, Inc., Kindred Healthcare, Inc., Kindred Nursing Centers East, LLC, Kindred Hospitals Limited Partnership, Kindred Healthcare Services, Inc., Kindred Rehab Services, Inc.,_ ("health care providers") to furnish and disclose to _Kindred Nursing Centers East, LLC_, or to any representative _Trudy_ or attorney from their office a full, complete, and black & white copy of any and all protected health information _Jay, purshan_ regarding patient _Charles Ray Jones_, Date of Birth: Redacted, Social Security in _his_ Number: Redacted specifically including any and all records for service from _1/20/09_ to _1/30/16_, capacity including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports _as Admin_ emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' _of Kindred_ notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, _Nursing_ RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge _and Rehab_ summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, _litation_ activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, _Hearthaven,_ clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports _William R. Sharp_ intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, _in his capacity &_ controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for _Administrator_ treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment _Kindred Nursing_ rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any _and Rehabilitation_ information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or _Hearthaven_ genetic testing.

This release together with a written request is also intended to require all health, disability, and/or automobile insurance carriers to release any and all information regarding said patient in their possession including, but not limited to, all payment or non-payment information and any collateral source information, to _Kindred Nursing Centers East, LLC_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Kindred Nursing Centers East, LLC_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Kindred Nursing Centers East, LLC_ pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _5/9/17_

Dated: _11/9/16_    Signed: _Vickie Click_

If signed by the patient's personal representative, explain the nature of the relationship:

_Daughter and Next of Kin of Charles Ray Jones, deceased_

STATE OF TENNESSEE
Office of Vital Records

TENNESSEE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Redacted

Tennessee

1100 Hidden Legacy Way Apt. 897

Complications of left femur fracture

Dementia Parkinson's disease

Nursing Home
3320 N. Broadway, Knoxville, TN

I hereby certify the above to be a true and correct representation of the record of document on file in the department. This certified copy is valid only when printed on specially colored paper showing the watermark of the seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq. - Vital Records Act of 1977

8370696

# AFFIDAVIT

STATE OF TENNESSEE        )
                                 )ss.
COUNTY OF _Knox_        )

BEFORE    ME,    the    undersigned    authority,    personally    appeared _Vickie Click_, who upon first being duly sworn, deposes and states as follows:

1.      That I am the next of kin to _Charles Jones_

2.      I am the spouse of _____

**FURTHER AFFIANT SAYETH NAUGHT.**

                           X _Vickie Click_

On this _25th_ day of _May_ _2016_ before me personally appeared _Vickie Click_, known to me to be the individual described herein, and who executed the foregoing instrument, and he/she thereupon duly acknowledged to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose therein stated.

                                    _____
                                    Notary Public

My Commission Expires:

_06-06-2016_



# JEHL LAW GROUP PLLC

Attorneys at Law

FILED
2017 JAN 20  AM 9 57
CATHERINE F. QUIST
CIRCUIT COURT CLERK

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

November 9, 2016

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7015 3010 0000 0955 2479**

Kindred Hospitals Limited Partnership
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7015 3010 0000 0955 2486**

Kindred Hospitals Limited Partnership
680 South Fourth Street
Louisville, KY 40202

**Re:** **Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones v. Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc.; Trudy Kay Durham, in her capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven; and William R. Sharpe, in his capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven**

Dear Sir or Madam:

I am the attorney representing Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, and I am the authorized agent of Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones.

5400 Poplar Avenue | Suite 250 | Memphis, TN 38119
Phone: (901) 322-4232 | Fax: (901) 322-4231
www.jehllawgroup.com

Through me, the wrongful death beneficiaries on behalf of Charles Ray Jones are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Charles Ray Jones |
| Date of Birth: | Redacted |
| Claimant's Name and Address: | Vickie Click |
| | 1100 Walden Legacy Way, Apt. 837 |
| | Knoxville, TN 37931 |
| Relationship to Patient: | Daughter and Next of Kin of |
| | Charles Ray Jones, deceased |

Due to the poor care provided to Charles Ray Jones during his residency at Kindred Nursing and Rehabilitation-Northhaven, Charles Ray Jones suffered from, among other things, multiple falls; a femur fracture; aspiration pneumonia; medication errors; poor hygiene, severe pain, and injuries to his dignity, which led to his death.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

**JEHL LAW GROUP, PLLC**

Carey L. Acerra, Esq.

CLA/zkh
Enclosures

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Charles Ray Jones

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.    Kindred Nursing Centers Limited Partnership
      d/b/a Kindred Nursing and Rehabilitation-Northhaven
      c/o William R. Sharpe, Administrator
      3300 North Broadway Street
      Knoxville, TN 37917

2.    Kindred Nursing Centers Limited Partnership
      d/b/a Kindred Nursing and Rehabilitation-Northhaven
      c/o CT Corporation System, Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

      Kindred Nursing Centers Limited Partnership
      d/b/a Kindred Nursing and Rehabilitation-Northhaven
      680 South Fourth Street
      Louisville, KY 40202

3.    Kindred Healthcare Operating, Inc.
      c/o CT Corporation System, Registered Agent
      306 West Main Street, Suite 512
      Frankfort, KY 40601

      Kindred Healthcare Operating, Inc.
      680 South Fourth Street
      Louisville, KY 40202

4.    Kindred Healthcare, Inc.
      c/o CT Corporation System, Registered Agent
      306 West Main Street, Suite 512
      Frankfort, KY 40601

      Kindred Healthcare, Inc.
      680 South Fourth Street
      Louisville, KY 40202

5.    Kindred Nursing Centers East, LLC
      c/o CT Corporation System, Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

      Kindred Nursing Centers East, LLC
      680 South Fourth Street
      Louisville, KY 40202

6. Kindred Hospitals Limited Partnership
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Hospitals Limited Partnership
680 South Fourth Street
Louisville, KY 40202

7. Kindred Healthcare Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Healthcare Services, Inc.
680 South Fourth Street
Louisville, KY 40202

8. Kindred Rehab Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Rehab Services, Inc.
680 South Fourth Street
Louisville, KY 40202

9. Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3022 Crock Road
Loudon, TN 37774

Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
c/o Island Home Park Health and Rehab
1758 Hillwood Avenue
Knoxville, TN 37920

10. William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
9721 Panama Drive
Knoxville, TN 37923

2

# HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, *Vickie Click*, do hereby authorize *Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation - North Haven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership D; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.;* ("health care providers") to furnish and disclose to *Kindred Hospitals Limited Partnership* or to any representative *Vickie* or attorney from their office a full, complete, and black & white copy of any and all protected health information *Ray Durham* regarding patient *Charles Ray Jones*, Date of Birth: [Redacted], Social Security in *her* Number: [Redacted] specifically including any and all records for service from *1/20/09* to *1/30/16*, *capacity* including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, *as admin-* emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' *Shalor* notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, *Nursing* RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge *and Rehab* summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, *Nutrition -* activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, *North Haven;* clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, *William R. Sharp* intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, *in his capacity* controlled drug inventory, physical/occupational/speech/respiratory therapy reports, incident reports, bills for *Administrator of* treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment *Kindred Nursing* rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any *and Rehabilitation,* information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or *North Haven* genetic testing.

This release together with a written request is also intended to require all health, disability, and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to *Kindred Hospitals Limited Partnership*

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with *Kindred Hospitals Limited Partnership* or any of their representatives is absolutely forbidden. Copies of any documents produced to *Kindred Hospitals Limited Partnership* pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, *et seq.*). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on *5/9/17*

Dated: *11/9/16*     Signed: *Vickie Click*

If signed by the patient's personal representative, explain the nature of the relationship:

*Daughter and Next of Kin of Charles Ray Jones, deceased*

TENNESSEE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Redacted

**DECEDENT**

... Knoxville, TN ...

**MEDICAL CERTIFICATION**

Complications of Right Femur Fracture

... Nursing Home ...

3320 N. Broadway, Knoxville, TN

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the raised seal of the State of Tennessee Department of Health. Alteration or erasure voids this certificate. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 Vital Records Act of 1977.

8970696

... Daniel McLaughLin, STATE REGISTRAR

John J. Dreyzehner, MD, MPH FACOEM
COMMISSIONER
Date Issued

# AFFIDAVIT

STATE OF TENNESSEE )
                                )ss.
COUNTY OF _Knox_ )

BEFORE ME, the undersigned authority, personally appeared _Vickie Click_, who upon first being duly sworn, deposes and states as follows:

1.    That I am the next of kin to _Charles Jones_.

2.    I am the spouse of _____

**FURTHER AFFIANT SAYETH NAUGHT.**

                                 x_Vickie Click_

On this _25th_ day of _May_ _2016_ before me personally appeared _Vickie Click_, known to me to be the individual described herein, and who executed the foregoing instrument, and he/she thereupon duly acknowledged to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose therein stated.

                                 _Gregory W.B._
                                 Notary Public

My Commission Expires:

_06-06-2016_



# JEHL LAW GROUP PLLC

Attorneys at Law

**FILED**

2017 JAN 20  AM 9 57

CATHERINE F. QUIST
CIRCUIT COURT CLERK

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

November 9, 2016

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7015 3010 0000 0955 2493**

Kindred Healthcare Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7015 3010 0000 0955 2509**

Kindred Healthcare Services, Inc.
680 South Fourth Street
Louisville, KY 40202

**Re:**  **Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones v. Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc.; Trudy Kay Durham, in her capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven; and William R. Sharpe, in his capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven**

Dear Sir or Madam:

I am the attorney representing Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, and I am the authorized agent of Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones.

Through me, the wrongful death beneficiaries on behalf of Charles Ray Jones are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Charles Ray Jones |
| Date of Birth: | Redacted |
| Claimant's Name and Address: | Vickie Click |
| | 1100 Walden Legacy Way, Apt. 837 |
| | Knoxville, TN 37931 |
| Relationship to Patient: | Daughter and Next of Kin of |
| | Charles Ray Jones, deceased |

Due to the poor care provided to Charles Ray Jones during his residency at Kindred Nursing and Rehabilitation-Northhaven, Charles Ray Jones suffered from, among other things, multiple falls; a femur fracture; aspiration pneumonia; medication errors; poor hygiene, severe pain, and injuries to his dignity, which led to his death.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

**JEHL LAW GROUP, PLLC**

Carey L. Acerra, Esq.

CLA/zkh
Enclosures

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN**
**PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: **Resident, Charles Ray Jones**

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.  Kindred Nursing Centers Limited Partnership
    d/b/a Kindred Nursing and Rehabilitation-Northhaven
    c/o William R. Sharpe, Administrator
    3300 North Broadway Street
    Knoxville, TN 37917

2.  Kindred Nursing Centers Limited Partnership
    d/b/a Kindred Nursing and Rehabilitation-Northhaven
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Kindred Nursing Centers Limited Partnership
    d/b/a Kindred Nursing and Rehabilitation-Northhaven
    680 South Fourth Street
    Louisville, KY 40202

3.  Kindred Healthcare Operating, Inc.
    c/o CT Corporation System, Registered Agent
    306 West Main Street, Suite 512
    Frankfort, KY 40601

    Kindred Healthcare Operating, Inc.
    680 South Fourth Street
    Louisville, KY 40202

4.  Kindred Healthcare, Inc.
    c/o CT Corporation System, Registered Agent
    306 West Main Street, Suite 512
    Frankfort, KY 40601

    Kindred Healthcare, Inc.
    680 South Fourth Street
    Louisville, KY 40202

5.  Kindred Nursing Centers East, LLC
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Kindred Nursing Centers East, LLC
    680 South Fourth Street
    Louisville, KY 40202

6.  Kindred Hospitals Limited Partnership
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Kindred Hospitals Limited Partnership
    680 South Fourth Street
    Louisville, KY 40202

7.  Kindred Healthcare Services, Inc.
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Kindred Healthcare Services, Inc.
    680 South Fourth Street
    Louisville, KY 40202

8.  Kindred Rehab Services, Inc.
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Kindred Rehab Services, Inc.
    680 South Fourth Street
    Louisville, KY 40202

9.  Trudy Kay Durham, in her capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    3300 North Broadway Street
    Knoxville, TN 37917

    Trudy Kay Durham, in her capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    3022 Crock Road
    Loudon, TN 37774

    Trudy Kay Durham, in her capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    c/o Island Home Park Health and Rehab
    1758 Hillwood Avenue
    Knoxville, TN 37920

10. William R. Sharpe, in his capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    3300 North Broadway Street
    Knoxville, TN 37917

    William R. Sharpe, in his capacity as Administrator
    of Kindred Nursing and Rehabilitation-Northhaven
    9721 Panama Drive
    Knoxville, TN 37923

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Vickie Click_ , do hereby authorize Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation - Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; ("health care providers") to furnish and disclose to _Kindred Healthcare Services, Inc._ , or to any representative _Vickie_ or attorney from their office a full, complete, and black & white copy of any and all protected health information _Ray Jordan_ regarding patient, _Charles Ray Jones_ , Date of Birth: [Redacted], Social Security in _her_ Number: [Redacted] specifically including any and all records for service from 1/20/09 to 1/20/16, _as Administ-_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, _rator of Kindred_ emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' _Nursing_ notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, _and Rehab_ RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge _Nursing_ summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, _litation -_ activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, _Northhaven;_ clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, _William R. Sharp_ intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, _in his capacity as_ controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for _Administrator of_ treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment _Kindred Nursing_ rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any _and Rehabilitation -_ information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or _Northhaven_ genetic testing.

This release together with a written request is also intended to require all health, disability, and/or automobile insurance carriers to release any and all information regarding said patient in their possession; including, but not limited to, all payment or non-payment information and any collateral source information, to _Kindred Healthcare Services Inc._

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Kindred Healthcare Services Inc._ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Kindred Healthcare Services Inc._ pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _5/9/17_

Dated: _11/9/16_ Signed: _Vickie Click_

If signed by the patient's personal representative, explain the nature of the relationship:

_Daughter and Next of Kin of Charles Ray Jones, deceased_

TENNESSEE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Redacted

U.S. Navy

Redacted Tennessee

1100 Walden Legacy Way, Apt. 897 37931

Complication of Right Femur Fracture

Dementia Pericarditis disease

Nursing Home

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the embossed seal of the Tennessee Department of Health. Alteration of erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 (Tennessee Vital Records Act of 1977)

STATE REGISTRAR
COMMISSIONER

## AFFIDAVIT

STATE OF TENNESSEE      )
                           )ss.
COUNTY OF _KNOX_      )

BEFORE   ME,   the   undersigned   authority,   personally   appeared _Vickie Click_, who upon first being duly sworn, deposes and states as follows:

1.      That I am the next of kin to _Charles Jones_

2.      I am the spouse of _____

**FURTHER AFFIANT SAYETH NAUGHT.**

_x Vickie Click_

On this _25th_ day of _May_ _2016_ before me personally appeared _Vickie Click_, known to me to be the individual described herein, and who executed the foregoing instrument, and he/she thereupon duly acknowledged to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose therein stated.

_____
Notary Public

My Commission Expires:

_06-06-2016_



# JEHL LAW GROUP PLLC
Attorneys at Law

FILED

2017 JAN 20 AM 9 57

CATHERINE F. QUIST
CIRCUIT COURT CLERK

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

November 9, 2016

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7016 0600 0000 1177 3669**

Kindred Rehab Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7016 0600 0000 1177 3676**

Kindred Rehab Services, Inc.
680 South Fourth Street
Louisville, KY 40202

**Re:**  **Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones v. Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc.; Trudy Kay Durham, in her capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven; and William R. Sharpe, in his capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven**

Dear Sir or Madam:

I am the attorney representing Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, and I am the authorized agent of Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones.

Through me, the wrongful death beneficiaries on behalf of Charles Ray Jones are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Charles Ray Jones |
| Date of Birth: | Redacted |
| Claimant's Name and Address: | Vickie Click |
| | 1100 Walden Legacy Way, Apt. 837 |
| | Knoxville, TN 37931 |
| Relationship to Patient: | Daughter and Next of Kin of |
| | Charles Ray Jones, deceased |

Due to the poor care provided to Charles Ray Jones during his residency at Kindred Nursing and Rehabilitation-Northhaven, Charles Ray Jones suffered from, among other things, multiple falls; a femur fracture; aspiration pneumonia; medication errors; poor hygiene, severe pain, and injuries to his dignity, which led to his death.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

**JEHL LAW GROUP, PLLC**

Carey L. Acerra, Esq.

CLA/zkh
Enclosures

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Charles Ray Jones

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o William R. Sharpe, Administrator
   3300 North Broadway Street
   Knoxville, TN 37917

2. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   680 South Fourth Street
   Louisville, KY 40202

3. Kindred Healthcare Operating, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare Operating, Inc.
   680 South Fourth Street
   Louisville, KY 40202

4. Kindred Healthcare, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare, Inc.
   680 South Fourth Street
   Louisville, KY 40202

5. Kindred Nursing Centers East, LLC
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers East, LLC
   680 South Fourth Street
   Louisville, KY 40202

6.       Kindred Hospitals Limited Partnership
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

        Kindred Hospitals Limited Partnership
680 South Fourth Street
Louisville, KY 40202

7.       Kindred Healthcare Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

        Kindred Healthcare Services, Inc.
680 South Fourth Street
Louisville, KY 40202

8.       Kindred Rehab Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

        Kindred Rehab Services, Inc.
680 South Fourth Street
Louisville, KY 40202

9.       Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

        Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3022 Crock Road
Loudon, TN 37774

        Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
c/o Island Home Park Health and Rehab
1758 Hillwood Avenue
Knoxville, TN 37920

10.     William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

        William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
9721 Panama Drive
Knoxville, TN 37923

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Vickie Click_ , do hereby authorize _Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation - Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.;_ ("health care providers") to furnish and disclose to _Kindred Rehab Services, Inc._ , or to any representative, family or attorney from their office a full, complete, and black & white copy of any and all protected health information _Kindred_ regarding patient, _Charles Ray Jones_ , Date of Birth: [Redacted] , Social Security Number: [Redacted] specifically including any and all records for service from _1/20/09_ to _1/30/16_, _in their capacity as Victim of Kindred Nursing Center or Kindred Nursing and Rehabilitation - Northhaven in his capacity as Administrator of Kindred Nursing and Rehabilitation - Northhaven_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession; including, but not limited to, all payment or non-payment information and any collateral source information, to _Kindred Rehab Services, Inc._

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Kindred Rehab Services, Inc._ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Kindred Rehab Services, Inc._ pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _5/9/17_

Dated: _11/9/16_      Signed: _Vickie Click_

If signed by the patient's personal representative, explain the nature of the relationship:

_Daughter and Next of Kin of Charles Ray Jones, deceased_

# STATE OF TENNESSEE
## Office of Vital Records

TENNESSEE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

**DECEDENT**

1. Decedent's legal name: Charles Ray Jones
2. Sex: Male
3. Date of death: [illegible]
5a. Age: 89
6. Date of birth: [redacted]
7. Birthplace: Grainger Co., TN

Place of death: Nursing home/long term care facility

9a. Facility name: NHC Ft. Sanders (?)
9b. City or town: Knoxville
9c. County of death: Knox

10. Marital status: Widowed
12. Decedent's usual occupation: Military
13. Kind of business/industry: U.S. Navy

[redacted]
14b. Residence state: Tennessee
14c. County: Knox
14d. City or town: Knoxville
14e. Street and number: 1100 Walden Legacy Way, Apt. 897
14g. Zip code: 37931

**PARENTS**

Father's name: Roy Samuel Jones
Mother's name: Ruby Frances Lang (?)

Informant's name: Vickie Kathryn Edmonds-Click
Relationship to decedent: Daughter
Mailing address: 1100 Walden Legacy Way Apt 897, Knox TN 37931

**DISPOSITION**

Method of disposition: Cremation
Place of disposition: Greenwood Cemetery
Location: Knoxville, Tennessee

Signature of funeral director: F. Michael Ward (?)
License number: 2061
Signature of embalmer: Frabaro Silva (?)
License number: 5881
Name and address of funeral home: Berry Lynnhurst Funeral Home, 2300 Adair Dr., Knox, TN 37918
License number: 982

**REGISTRAR**

[illegible signature]

**CERTIFIER**

☒ Medical Examiner

Signature of certifier: [signature]
License number: 31292
Date signed: 2/12/16
Name and address: Amy Hawes MD, 2761 Sullins Street, Knoxville, TN 37919

**CAUSE OF DEATH**

Part I. Immediate cause: a. Complications of Right Femur Fracture

Part II. Other significant conditions: Dementia, Parkinsons disease

Manner of death: Accident
Did tobacco use contribute to death: Probably
Date of injury: 01-21-2016
Injury at work: No
Place of injury: Nursing Home
Describe how injury occurred: Fell
Location of injury: 3300 N. Broadway, Knoxville, TN

PH-1660 (Rev. 10/2011)

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977

8370696

MAR 09 2016

R. Bullard McDonough III
STATE REGISTRAR

John J. Dreyzehner, MD, MPH, FACOEM
COMMISSIONER

Date Issued

CERTIFICATION OF VITAL RECORD

**AFFIDAVIT**

STATE OF TENNESSEE           )
                                 )ss.

COUNTY OF _Knox_         )

BEFORE ME, the undersigned authority, personally appeared _Vickie Click_, who upon first being duly sworn, deposes and states as follows:

    1.    That I am the next of kin to _Charles Jones_

    2.    I am the spouse of _____

**FURTHER AFFIANT SAYETH NAUGHT.**

                                _x Vickie Click_

On this _25th_ day of _May_ _2016_ before me personally appeared _Vickie Click_, known to me to be the individual described herein, and who executed the foregoing instrument, and he/she thereupon duly acknowledged to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose therein stated.

                                  _Notary Public_

My Commission Expires:

_06-06-2016_



# JEHL LAW GROUP PLLC

Attorneys at Law





FILED

16 JAN 20  AM 9 58

CATHERINE F. QUIST
CIRCUIT COURT CLERK

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

November 9, 2016

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7016 0600 0000 1177 3683**

Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7016 0600 0000 1177 3690**

Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3022 Crock Road
Loudon, TN 37774

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7016 0600 0000 1177 3706**

Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
c/o Island Home Park Health and Rehab
1758 Hillwood Avenue
Knoxville, TN 37920

Re:     **Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of
the wrongful death beneficiaries of Charles Ray Jones v. Kindred Nursing Centers Limited
Partnership d/b/a Kin dred Nursing and Rehabilitation-Northhaven; Kindred Healthcare
Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred
Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab
Services, Inc.; Trudy Kay Durham, in her capacity as administrator of Kindred Nursing
and Rehabilitation-Northhaven; and William R. Sharpe, in his capacity as administrator of
Kindred Nursing and Rehabilitation-Northhaven**

Dear Sir or Madam:

        I am the attorney representing Vickie Click, Daughter and Next of Kin of Charles Ray
Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, and I

am the authorized agent of Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones.

Through me, the wrongful death beneficiaries on behalf of Charles Ray Jones are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Charles Ray Jones |
| Date of Birth: | Redacted |
| Claimant's Name and Address: | Vickie Click |
| | 1100 Walden Legacy Way, Apt. 837 |
| | Knoxville, TN 37931 |
| Relationship to Patient: | Daughter and Next of Kin of |
| | Charles Ray Jones, deceased |

Due to the poor care provided to Charles Ray Jones during his residency at Kindred Nursing and Rehabilitation-Northhaven, Charles Ray Jones suffered from, among other things, multiple falls; a femur fracture; aspiration pneumonia; medication errors; poor hygiene, severe pain, and injuries to his dignity, which led to his death.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

**JEHL LAW GROUP, PLLC**

Carey L. Acerra, Esq.

CLA/zkh
Enclosures

**LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)**

Re: Resident, Charles Ray Jones

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o William R. Sharpe, Administrator
   3300 North Broadway Street
   Knoxville, TN 37917

2. Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers Limited Partnership
   d/b/a Kindred Nursing and Rehabilitation-Northhaven
   680 South Fourth Street
   Louisville, KY 40202

3. Kindred Healthcare Operating, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare Operating, Inc.
   680 South Fourth Street
   Louisville, KY 40202

4. Kindred Healthcare, Inc.
   c/o CT Corporation System, Registered Agent
   306 West Main Street, Suite 512
   Frankfort, KY 40601

   Kindred Healthcare, Inc.
   680 South Fourth Street
   Louisville, KY 40202

5. Kindred Nursing Centers East, LLC
   c/o CT Corporation System, Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Kindred Nursing Centers East, LLC
   680 South Fourth Street
   Louisville, KY 40202

6. Kindred Hospitals Limited Partnership
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Hospitals Limited Partnership
680 South Fourth Street
Louisville, KY 40202

7. Kindred Healthcare Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Healthcare Services, Inc.
680 South Fourth Street
Louisville, KY 40202

8. Kindred Rehab Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

Kindred Rehab Services, Inc.
680 South Fourth Street
Louisville, KY 40202

9. Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3022 Crock Road
Loudon, TN 37774

Trudy Kay Durham, in her capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
c/o Island Home Park Health and Rehab
1758 Hillwood Avenue
Knoxville, TN 37920

10. William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
9721 Panama Drive
Knoxville, TN 37923

2

# HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Vickie Click_, do hereby authorize _Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation - Northhaven; Kindred Healthcare Operating, Inc., Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc., Kindred Rehab Services, Inc._; ("health care providers") to furnish and disclose to _Trudy Kay Durham_ or to any representative _Trudy_ or attorney from their office a full, complete, and black & white copy of any and all protected health information _Kay Durham_ regarding patient; _Charles Ray Jones_, Date of Birth: **Redacted**, Social Security in _his_ Number: **Redacted** specifically including any and all records for service from _1/20/09_ to _1/30/16_, _capacity_ including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, _as Administrator of Kindred_ emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians _Chair_ of Kindred notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, _Nursing_ RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge _and Rehab_ summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, _Northhaven_ activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, _William R. Sharp_ intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, _in his capacity_ controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for _as Administrator_ treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment _Kindred Nursing_ rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any _and Rehabilitation_ information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or _Northhaven_ genetic testing.

This release together with a written request is also intended to require all health, disability, and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Trudy Kay Durham_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Trudy Kay Durham_, or any of their representatives is absolutely forbidden. Copies of any documents produced to _Trudy Kay Durham_ pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _5/9/17_

Dated: _11/9/16_       Signed: _Vickie Click_

If signed by the patient's personal representative, explain the nature of the relationship:

_Daughter and Next of Kin of Charles Ray Jones, deceased_

CERTIFICATE OF DEATH

Redacted

Greater Co. / TN

MED-SEC. Navya

Redacted Tennessee

1919 Hidden Legacy Way, Apt. 3875

37931

U.S. Navy

PARENTS

FATHER Jones
Kenner Fr. Edmond, Cick
Don Walker Jones

FUNERAL HOME
Neal Cemetery
Knoxville, Tennessee

Rabath 914va

Berry Cummins Funeral Home, 7300 Maple Dock, Knox, TN 37918

REGISTRAR

Any Howard MD 2701 Spline Street, Knox, TN 37918

Complication of Red Constitution

America Parkinson disease

09-22-2016

Nursing Home

3300 N Broadway, Knoxville, TN

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when the actual security paper showing the watermark seal of the Tennessee Department of Health is in place or a raised seal voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 Amends Vital Records Act of 1977

8370696

# AFFIDAVIT

STATE OF TENNESSEE        )
                                )ss.
COUNTY OF *Knox*        )

BEFORE ME, the undersigned authority, personally appeared _Vickie Click_, who upon first being duly sworn, deposes and states as follows:

1.      That I am the next of kin to _Charles Jones_.

2.      I am the spouse of _____

**FURTHER AFFIANT SAYETH NAUGHT.**

                          _X Vickie Click_

On this _25th_ day of _May_, _2016_ before me personally appeared _Vickie Click_, known to me to be the individual described herein, and who executed the foregoing instrument, and he/she thereupon duly acknowledged to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose therein stated.

                        _Gregory M.B._
                     Notary Public

My Commission Expires:

_06-06-2016_



# JEHL LAW GROUP PLLC

Attorneys at law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

**FILED**

2017 JAN 20 AM 9 58

CATHERINE F. QUISTORFF
CIRCUIT COURT CLERK

November 9, 2016

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7016 0600 0000 1177 3713**

William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
3300 North Broadway Street
Knoxville, TN 37917

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7016 0600 0000 1177 3720**

William R. Sharpe, in his capacity as Administrator
of Kindred Nursing and Rehabilitation-Northhaven
9721 Panama Drive
Knoxville, TN 37923

**Re:** **Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones v. Kindred Nursing Centers Limited Partnership d/b/a Kin dred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc.; Trudy Kay Durham, in her capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven; and William R. Sharpe, in his capacity as administrator of Kindred Nursing and Rehabilitation-Northhaven**

Dear Sir or Madam:

I am the attorney representing Vickie Click, Daughter and Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, and I am the authorized agent of Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones.

Through me, the wrongful death beneficiaries on behalf of Charles Ray Jones are asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Charles Ray Jones |
| Date of Birth: | ███████ Redacted |
| Claimant's Name and Address: | Vickie Click |
| | 1100 Walden Legacy Way, Apt. 837 |
| | Knoxville, TN 37931 |
| Relationship to Patient: | Daughter and Next of Kin of |
| | Charles Ray Jones, deceased |

Due to the poor care provided to Charles Ray Jones during his residency at Kindred Nursing and Rehabilitation-Northhaven, Charles Ray Jones suffered from, among other things, multiple falls; a femur fracture; aspiration pneumonia; medication errors; poor hygiene, severe pain, and injuries to his dignity, which led to his death.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

**JEHL LAW GROUP, PLLC**

Carey L. Acerra, Esq.

CLA/zkh
Enclosures

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Charles Ray Jones

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice:

1.  Kindred Nursing Centers Limited Partnership
    d/b/a Kindred Nursing and Rehabilitation-Northhaven
    c/o William R. Sharpe, Administrator
    3300 North Broadway Street
    Knoxville, TN 37917

2.  Kindred Nursing Centers Limited Partnership
    d/b/a Kindred Nursing and Rehabilitation-Northhaven
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Kindred Nursing Centers Limited Partnership
    d/b/a Kindred Nursing and Rehabilitation-Northhaven
    680 South Fourth Street
    Louisville, KY 40202

3.  Kindred Healthcare Operating, Inc.
    c/o CT Corporation System, Registered Agent
    306 West Main Street, Suite 512
    Frankfort, KY 40601

    Kindred Healthcare Operating, Inc.
    680 South Fourth Street
    Louisville, KY 40202

4.  Kindred Healthcare, Inc.
    c/o CT Corporation System, Registered Agent
    306 West Main Street, Suite 512
    Frankfort, KY 40601

    Kindred Healthcare, Inc.
    680 South Fourth Street
    Louisville, KY 40202

5.  Kindred Nursing Centers East, LLC
    c/o CT Corporation System, Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Kindred Nursing Centers East, LLC
    680 South Fourth Street
    Louisville, KY 40202

6.	Kindred Hospitals Limited Partnership
	c/o CT Corporation System, Registered Agent
	800 South Gay Street, Suite 2021
	Knoxville, TN 37929

	Kindred Hospitals Limited Partnership
	680 South Fourth Street
	Louisville, KY 40202

7.	Kindred Healthcare Services, Inc.
	c/o CT Corporation System, Registered Agent
	800 South Gay Street, Suite 2021
	Knoxville, TN 37929

	Kindred Healthcare Services, Inc.
	680 South Fourth Street
	Louisville, KY 40202

8.	Kindred Rehab Services, Inc.
	c/o CT Corporation System, Registered Agent
	800 South Gay Street, Suite 2021
	Knoxville, TN 37929

	Kindred Rehab Services, Inc.
	680 South Fourth Street
	Louisville, KY 40202

9.	Trudy Kay Durham, in her capacity as Administrator
	of Kindred Nursing and Rehabilitation-Northhaven
	3300 North Broadway Street
	Knoxville, TN 37917

	Trudy Kay Durham, in her capacity as Administrator
	of Kindred Nursing and Rehabilitation-Northhaven
	3022 Crock Road
	Loudon, TN 37774

	Trudy Kay Durham, in her capacity as Administrator
	of Kindred Nursing and Rehabilitation-Northhaven
	c/o Island Home Park Health and Rehab
	1758 Hillwood Avenue
	Knoxville, TN 37920

10.	William R. Sharpe, in his capacity as Administrator
	of Kindred Nursing and Rehabilitation-Northhaven
	3300 North Broadway Street
	Knoxville, TN 37917

	William R. Sharpe, in his capacity as Administrator
	of Kindred Nursing and Rehabilitation-Northhaven
	9721 Panama Drive
	Knoxville, TN 37923

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Vickie Click_, do hereby authorize Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation - Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; ("health care providers") to furnish and disclose to _William R. Sharpe_ or to any representative Trudy or attorney from their office a full, complete, and black & white copy of any and all protected health information Ray for that regarding patient _Charles Ray Jones_, Date of Birth: ~~Redacted~~, Social Security Number: ~~Redacted~~ specifically including any and all records for service from _1/20/09_ to _1/20/16_, co acting including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, as behalf emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' of Kindred notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, Nursing RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge and Rehab summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, litigation - activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, Northhaven clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, William R. Sharp intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, in his capacity controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for Administrator treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment Kindred Nursing rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any and Rehabilitation information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or Northhaven genetic testing.

This release together with a written request is also intended to require all health, disability, and/or automobile insurance carriers to release any and all information regarding said patient in their possession including, but not limited to, all payment or non-payment information and any collateral source information, to _William R. Sharpe_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _William R. Sharpe_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _William R. Sharpe_ pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 5400 Poplar Avenue, Suite 250, Memphis, Tennessee, 38119, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _5/9/17_

Dated: _11/9/16_        Signed: _Vickie Click_

If signed by the patient's personal representative, explain the nature of the relationship:

_Daughter and Next of Kin of Charles Ray Jones, deceased_

STATE OF TENNESSEE
Office of Vital Records

CERTIFICATE OF DEATH

# AFFIDAVIT

STATE OF TENNESSEE )
                           )ss.
COUNTY OF *Knox* )

BEFORE ME, the undersigned authority, personally appeared *Vickie Click* , who upon first being duly sworn, deposes and states as follows:

1. That I am the next of kin to *Charles Jones*

2. I am the spouse of _____

**FURTHER AFFIANT SAYETH NAUGHT.**

*x Vickie Click*

On this *25th* day of *May* , *2016* before me personally appeared *Vickie Click* , known to me to be the individual described herein, and who executed the foregoing instrument, and he/she thereupon duly acknowledged to me that he/she executed this instrument as his/her free and voluntary act and deed for the purpose therein stated.

*Gregory WS*
Notary Public

My Commission Expires:

*06-06-2016*

# UNITED STATES POSTAL SERVICE ®

## Certificate of Mailing — Firm (Domestic)

**Name and Address of Sender**

Carey L. Acerra, Esq.
Jehl Law Group, PLLC
5400 Poplar Avenue, Suite 250
Memphis, TN 38119

| TOTAL NO. of Pieces Listed by Sender | TOTAL NO. of Pieces Received at Post Office |
|---|---|
| 20 | 20 |

Postmaster, per (name of receiving employee)

Charles Ray Jones

**Affix Stamp Here**
Postmark with Date of Receipt

$002.49
02 1P
0001850113   NOV 06 2016
MAILED FROM ZIP CODE 38119

FILED
2017 JAN 20   AM 9 58
CATHERINE F. QUIST
CIRCUIT COURT CLERK

| USPS Tracking Number Firm-specific Identifier | Address | Postage | Fee | Special Handling | Parcel Airlift |
|---|---|---|---|---|---|
| 1 — 7015 3010 0001 7739 7292 | Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven c/o William R. Sharpe, Administrator 3300 North Broadway Street Knoxville, TN 37917 | | | | |
| 2 — 7016 0600 0000 3807 7474 | Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | | | | |
| 3 — 7016 0600 0000 3807 7481 | Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven 680 South Fourth Street Louisville, KY 40202 | | | | |
| 4 — 7016 0600 0000 3807 7498 | Kindred Healthcare Operating, Inc. c/o CT Corporation System, Registered Agent 306 West Main Street, Suite 512 Frankfort, KY 40601 | | | | |
| 5 — 7016 0600 0000 3807 7504 | Kindred Healthcare Operating, Inc. 680 South Fourth Street Louisville, KY 40202 | | | | |
| 6 — 7015 3010 0001 7739 6431 | Kindred Healthcare, Inc. c/o Corporation System, Registered Agent 306 West Main Street, Suite 512 Frankfort, KY 40601 | | | | |

PS Form 3665, May 2015 PSN 7530-17-000-5549

Certificate of Mailing — Firm service provides evidence that the mailer has presented items for mailing to the Postal Service™. The following instructions are for the preparation and use of PS Form 3665, Certificate of Mailing – Firm (Domestic), for individual First-Class Mail®, First-Class Package Service®, Priority Mail® (excluding Critical Mail®), Media Mail®, Library Mail, Bound Printed Matter, Parcel Return Service, and Standard Post™ items.

1. Complete and print all forms in ink or ball point pen.

2. Enter the name and address of the sender at the top of the form.

3. Enter a complete return address on each article.

4. Ensure the articles are properly packaged.

5. In the appropriate column, enter the applicable postage and fees.

6. Insert a firm-specific identifier or account number if desired. (This number is for the sender's use only, and the Postal Service will not use it for identification.)

7. When describing and listing three or more individual pieces but not presenting the pieces in the order shown on the sheet, consecutively number each entry line on the sheet and number each piece to show both the corresponding sheet and line number.

8. Enter the total number of articles in the proper space at the top of the form.

9. Obliterate all unused portions of the "Address" column by drawing a diagonal line through the unused portion on the form.

10. Present PS Form 3665 at a retail Post Office™ location when presenting less than 50 pieces or 50 pounds (whichever amount is met first) of corresponding articles at one time, and at a business mail entry unit (BMEU) or a USPS-authorized detached mail unit (DMU) when presenting at least 50 pieces or 50 pounds (whichever amount is met first) of corresponding articles at one time.

**Privately Printed Forms:** The Postal Service allows mailers to use USPS-approved privately printed or computer-generated firm sheets that contain the same information as the USPS-provided PS Form 3665. The local postmaster or the manager of Business Mail Entry provides approval in writing. See DMM 503.

The mailer must retain the original written approval granted by the local postmaster or the manager of Business Mail Entry, as evidence that the privately printed facsimile of PS Form 3665 has been approved by the Postal Service. The Postal Service does not retain records on the facsimile approvals. A mailer using privately prepared forms must periodically verify them against the USPS-provided version and, if necessary, make routine updates and obtain approval of the updated facsimile form.

A mailer using an approved privately printed form and wanting the form sheets postmarked by the Postal Service must present the forms with the articles to be mailed at a Post Office facility. The forms become the mailer's only receipt (the Postal service does not retain a copy).

UNITED STATES POSTAL SERVICE®

**Certificate of Mailing — Firm (Domestic)**

| | |
|---|---|
| Name and Address of Sender | TOTAL NO. of Pieces Listed by Sender |
| | TOTAL NO. of Pieces Received at Post Office |

Carey L. Acerra, Esq.
Jehl Law Group, PLLC
5400 Poplar Avenue, Suite 250
Memphis, TN 38119

Affix Stamp Here
Postmark with Date of Receipt

Postmaster, per (name of receiving employee)

Charles Ray Jones

| Firm-specific Identifier | USPS Tracking Number | Address (Name, Street, City, State, and ZIP Code™) | Postage | Fee | Special Handling | Parcel Airlift |
|---|---|---|---|---|---|---|
| 1 | 7015 3010 6001 7739 6448 | Kindred Healthcare, Inc. 680 South Fourth Street Louisville, KY 40202 | | | | |
| 2 | 7015 3010 0000 0955 2455 | Kindred Nursing Centers East, LLC c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | | | | |
| 3 | 7015 3010 0000 0955 2462 | Kindred Nursing Centers East, LLC 680 South Fourth Street Louisville, KY 40202 | | | | |
| 4 | 7015 3010 0000 0955 2479 | Kindred Hospitals Limited Partnership c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | | | | |
| 5 | 7015 3010 0000 0955 2486 | Kindred Hospitals Limited Partnership 680 South Fourth Street Louisville, KY 40202 | | | | |
| 6 | 7015 3010 0000 0955 2493 | Kindred Healthcare Services, Inc. c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | | | | |

PS Form 3665, May 2015 PSN 7530-17-000-5549

$ 002.490
0001850113 NOV 09 2016
MAILED FROM ZIP CODE 38119

**Privately Printed Forms:** The Postal Service allows mailers to use USPS-approved privately printed or computer-generated firm sheets that contain the same information as the USPS-provided PS Form 3665. The local postmaster or the manager of Business Mail Entry provides approval in writing. See DMM 503.

The mailer must retain the original written approval granted by the local postmaster or the manager of Business Mail Entry, as evidence that the privately printed facsimile of PS Form 3665 has been approved by the Postal Service. The Postal Service does not retain records on the facsimile approvals. A mailer using privately prepared forms must periodically verify them against the USPS-provided version and, if necessary, make routine updates and obtain approval of the updated facsimile form.

A mailer using an approved privately printed form and wanting the form sheets postmarked by the Postal Service must present the forms with the articles to be mailed at a Post Office facility. The forms become the mailer's only receipt (the Postal service does not retain a copy).

Certificate of Mailing — Firm service provides evidence that the mailer has presented items for mailing to the Postal Service™. The following instructions are for the preparation and use of PS Form 3665, Certificate of Mailing — Firm (Domestic), for individual First-Class Mail®, First-Class Package Service®, Priority Mail® (excluding Critical Mail®), Media Mail®, Library Mail, Bound Printed Matter, Parcel Return Service, and Standard Post™ items.

1. Complete and print all forms in ink or ball point pen.

2. Enter the name and address of the sender at the top of the form.

3. Enter a complete return address on each article.

4. Ensure the articles are properly packaged.

5. In the appropriate column, enter the applicable postage and fees.

6. Insert a firm-specific identifier or account number if desired. (This number is for the sender's use only, and the Postal Service will not use it for identification.)

7. When describing and listing three or more individual pieces but not presenting the pieces in the order shown on the sheet, consecutively number each entry line on the sheet and number each piece to show both the corresponding sheet and line number.

8. Enter the total number of articles in the proper space at the top of the form.

9. Obliterate all unused portions of the "Address" column by drawing a diagonal line through the unused portion on the form.

10. Present PS Form 3665 at a retail Post Office™ location when presenting less than 50 pieces or 50 pounds (whichever amount is met first) of corresponding articles at one time, and at a business mail entry unit (BMEU) or a USPS-authorized detached mail unit (DMU) when presenting at least 50 pieces or 50 pounds (whichever amount is met first) of corresponding articles at one time.

**UNITED STATES POSTAL SERVICE ®**

## Certificate of Mailing — Firm (Domestic)

Name and Address of Sender

Carey L. Acerra, Esq.
Jehl Law Group, PLLC
5400 Poplar Avenue, Suite 250
Memphis, TN 38119

TOTAL NO.
of Pieces Listed by Sender

TOTAL NO.
of Pieces Received at Post Office

Postmaster, per (name of receiving employee)

Affix Stamp Here
*Postmark with Date of Receipt.*

Charles Ray Jones

| USPS Tracking Number Firm-specific Identifier | Address (Name, Street, City, State, and ZIP Code™) | Postage | Fee | Special Handling | Parcel Airlift |
|---|---|---|---|---|---|
| 1 — 7015 3010 0000 0955 2509 | Kindred Healthcare Services, Inc. 680 South Fourth Street Louisville, KY 40202 | | | | |
| 2 — 7016 0600 0000 1177 3669 | Kindred Rehab Services, Inc. c/o CT Corporation System, Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | | | | |
| 3 — 7016 0600 0000 1177 3676 | Kindred Rehab Services, Inc. 680 South Fourth Street Louisville, KY 40202 | | | | |
| 4 — 7016 0600 0000 1177 3683 | Trudy Kay Durham, in her capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven 3300 North Broadway Street Knoxville, TN 37917 | | | | |
| 5 — 7016 0600 0000 1177 3690 | Trudy Kay Durham, in her capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven 3022 Crook Road LOUDON, TN 37774 | | | | |
| 6 — 7016 0600 0000 1177 3706 | Trudy Kay Durham, in her capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven 1758 Hillwood Avenue Knoxville, TN 37920 | | | | |

PS Form 3665, May 2015 PSN 7530-17-000-5549

$ 002.490
0001850113 NOV 09 2016
02 1P
MAILED FROM ZIP CODE 38119

PITNEY BOWES

NOV 9 2016

Case 3:17-cv-00306-HSM-HBG   Document 1-1   Filed 07/18/17   Page 100 of 203   PageID #: 105

Certificate of Mailing — Firm service provides evidence that the mailer has presented items for mailing to the Postal Service™. The following instructions are for the preparation and use of PS Form 3665, Certificate of Mailing — Firm (Domestic), for individual First-Class Mail®, First-Class Package Service®, Priority Mail® (excluding Critical Mail®), Media Mail®, Library Mail, Bound Printed Matter, Parcel Return Service, and Standard Post™ items.

1. Complete and print all forms in ink or ball point pen.

2. Enter the name and address of the sender at the top of the form.

3. Enter a complete return address on each article.

4. Ensure the articles are properly packaged.

5. In the appropriate column, enter the applicable postage and fees.

6. Insert a firm-specific identifier or account number if desired. (This number is for the sender's use only, and the Postal Service will not use it for identification.)

7. When describing and listing three or more individual pieces but not presenting the pieces in the order shown on the sheet, consecutively number each entry line on the sheet and number each piece to show both the corresponding sheet and line number.

8. Enter the total number of articles in the proper space at the top of the form.

9. Obliterate all unused portions of the "Address" column by drawing a diagonal line through the unused portion on the form.

10. Present PS Form 3665 at a retail Post Office™ location when presenting less than 50 pieces or 50 pounds (whichever amount is met first) of corresponding articles at one time, and at a business mail entry unit (BMEU) or a USPS-authorized detached mail unit (DMU) when presenting at least 50 pieces or 50 pounds (whichever amount is met first) of corresponding articles at one time.

**Privately Printed Forms:** The Postal Service allows mailers to use USPS-approved privately printed or computer-generated firm sheets that contain the same information as the USPS-provided PS Form 3665. The local postmaster or the manager of Business Mail Entry provides approval in writing. See DMM 503.

The mailer must retain the original written approval granted by the local postmaster or the manager of Business Mail Entry, as evidence that the privately printed facsimile of PS Form 3665 has been approved by the Postal Service. The Postal Service does not retain records on the facsimile approvals. A mailer using privately prepared forms must periodically verify them against the USPS-provided version and, if necessary, make routine updates and obtain approval of the updated facsimile form.

A mailer using an approved privately printed form and wanting the form sheets postmarked by the Postal Service must present the forms with the articles to be mailed at a Post Office facility. The forms become the mailer's only receipt (the Postal service does not retain a copy).

# UNITED STATES POSTAL SERVICE ®

## Certificate of Mailing — Firm (Domestic)

**Name and Address of Sender**

Carey L. Acerra, Esq.
Jehl Law Group, PLLC
5400 Poplar Avenue, Suite 250
Memphis, TN 38119

**TOTAL NO.** of Pieces Listed by Sender

**TOTAL NO.** of Pieces Received at Post Office

Postmaster, per (name of receiving employee)

**Affix Stamp Here**
*Postmark with Date of Receipt*

$ 002.490
02 1P
0001850113    NOV 09 2016
MAILED FROM ZIP CODE 38119

PITNEY BOWES

| USPS Tracking Number Firm-specific Identifier | Charles Ray Jones | Address (Name, Street, City, State, and ZIP Code™) | Postage | Fee | Special Handling | Parcel Airlift |
|---|---|---|---|---|---|---|
| 1  7016 0600 0000 1777 3713 | | William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven 3300 North Broadway Street Knoxville, TN 37917 | | | | |
| 2  7616 0600 0000 1777 3720 | | William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven 9721 Panama Drive Knoxville, TN 37923 | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |

PS Form **3665**, May 2015  PSN 7530-17-000-5549

Certificate of Mailing — Firm service provides evidence that the mailer has presented items for mailing to the Postal Service™. The following instructions are for the preparation and use of PS Form 3665, Certificate of Mailing — Firm (Domestic), for individual First-Class Mail®, First-Class Package Service®, Priority Mail® (excluding Critical Mail®), Media Mail®, Library Mail, Bound Printed Matter, Parcel Return Service, and Standard Post™ items.

1. Complete and print all forms in ink or ball point pen.

2. Enter the name and address of the sender at the top of the form.

3. Enter a complete return address on each article.

4. Ensure the articles are properly packaged.

5. In the appropriate column, enter the applicable postage and fees.

6. Insert a firm-specific identifier or account number if desired. (This number is for the sender's use only, and the Postal Service will not use it for identification.)

7. When describing and listing three or more individual pieces but not presenting the pieces in the order shown on the sheet, consecutively number each entry line on the sheet and number each piece to show both the corresponding sheet and line number.

8. Enter the total number of articles in the proper space at the top of the form.

9. Obliterate all unused portions of the "Address" column by drawing a diagonal line through the unused portion on the form.

10. Present PS Form 3665 at a retail Post Office™ location when presenting less than 50 pieces or 50 pounds (whichever amount is met first) of corresponding articles at one time, and at a business mail entry unit (BMEU) or a USPS-authorized detached mail unit (DMU) when presenting at least 50 pieces or 50 pounds (whichever amount is met first) of corresponding articles at one time.

**Privately Printed Forms:** The Postal Service allows mailers to use USPS-approved privately printed or computer-generated firm sheets that contain the same information as the USPS-provided PS Form 3665. The local postmaster or the manager of Business Mail Entry provides approval in writing. See DMM 503.

The mailer must retain the original written approval granted by the local postmaster or the manager of Business Mail Entry, as evidence that the privately printed facsimile of PS Form 3665 has been approved by the Postal Service. The Postal Service does not retain records on the facsimile approvals. A mailer using privately prepared forms must periodically verify them against the USPS-provided version and, if necessary, make routine updates and obtain approval of the updated facsimile form.

A mailer using an approved privately printed form and wanting the form sheets postmarked by the Postal Service must present the forms with the articles to be mailed at a Post Office facility. The forms become the mailer's only receipt (the Postal service does not retain a copy).

PS Form **3665**, May 2015  PSN 7530-17-000-5549

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## SIXTH JUDICIAL DISTRICT AT KNOXVILLE, KNOX COUNTY

FILED

2017 JAN 20  AM 9 58

CATHERINE F. QUIST
CIRCUIT COURT CLERK

| | |
|---|---|
| Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, <br><br> Plaintiff, <br><br> v. <br><br> Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, <br><br> Defendants. | Cause No. 2-25-17 <br> Division _____ <br> Jury Demanded |

## COST BOND

I, Carey L. Acerra, as Principal, and Jehl Law Group, PLLC, as Surety, are held and firmly bound unto the Circuit Court of Knox County, Tennessee, for the payment of all costs awarded against the plaintiff. To that end, we bind ourselves, our heirs, executors, and administrators.

The Principal is commencing legal proceeding in the Circuit Court of Knox County, Tennessee. If the Principal shall pay all costs which are adjudged against Plaintiff then this obligation is void. If the Principal fail to pay then the surety shall undertake to pay all costs adjudged against the Principal. Mandated at T.C.A. 20-12-120 et seq.

**PRINCIPAL:**

_(signature)_

Carey L. Acerra (BPR#23464)
Jehl Law Group, PLLC
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number: 901-322-4232
Facsimile Number: 901-322-4231

Attorney for Plaintiff


**SURETY:**

**JEHL LAW GROUP, PLLC**

By: _(signature)_
  Carey L. Acerra (BPR#23464)

5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number: 901-322-4232
Facsimile Number: 901-322-4231

Attorneys for Plaintiff

2

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## SIXTH JUDICIAL DISTRICT AT KNOXVILLE, KNOX COUNTY

FILED

~~2017~~ JAN 20 AM 9 58

CATHERINE F. QUIST
CIRCUIT COURT CLERK

| | |
|---|---|
| Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, | ) ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) ) |
| Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, | ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

Cause No. __2-25-17__
Division _____
Jury Demanded

---

## CERTIFICATE OF GOOD FAITH

---

A.     In accordance with T.C.A. § 29-26-122, I hereby state the following: (Check item 1 or 2 below and sign your name beneath the item you have checked, verifying the information you have checked. Failure to check item 1 or 2 and/or not signing item 1 or 2 will make this case subject to dismissal with prejudice.)



1.     The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A)     Are competent under § 29-26-115 to express opinion(s) in the case; and

(B)     Believe, based on the information available from the medical records concerning the care and treatment of the Plaintiff for the incident(s) at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115.

_____
Signature of Plaintiff if not represented, or Signature of
Plaintiff's Counsel

or

☐       2.    The Plaintiff or Plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

          (A)    Are competent under § 29-26-115 to express opinion(s) in the case; and

          (B)    Believe, based on the information available from the medical records reviewed concerning the care and treatment of the Plaintiff for the incident(s) at issue and, as appropriate, information from the Plaintiff or others with knowledge of the incident(s) at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the Plaintiff or Plaintiff's counsel; and that despite the absence of this information there is a good faith basis for maintaining the action as to each Defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion, or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical records prior to expert certification.

_____
Signature of Plaintiff if not represented, or Signature of
Plaintiff's Counsel

B.    You MUST complete the information below and sign:

I have been found in violation of T.C.A. § 29-26-122 ____0____ prior times. (Insert number of prior violations by you.)

_____    1/19/17
Signature of Person Executing This Document       Date
Carey L. Acerra (BPR#23464)
JEHL LAW GROUP, PLLC
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number:   901-322-4232
Facsimile Number:   901-322-4231

Attorney for Plaintiff

2

FILED

2017 JAN 20   AM 9 59

CATHERINE F. QUIST
CIRCUIT COURT CLERK

| | |
|---|---|
| Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, | ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| | ) |
| v. | ) ) |
| | ) |
| Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, | ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

Cause No. 2-25-17

Division _____

Jury Demanded

---

## AFFIDAVIT OF SERVICE WITH CERTIFICATE OF MAILING

---

STATE OF TENNESSEE:
COUNTY OF SHELBY:

In accordance with T.C.A. § 29-26-121, the undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.     That I am the attorney for the Plaintiff in the above-captioned matter and have personal knowledge of the matters herein.

2.     That on November 9, 2016, letters were sent to (1) Kindred Nursing and Rehabilitation-Northhaven, (2) Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven, (3) Kindred Healthcare Operating, Inc., (4) Kindred

Healthcare, Inc. (5) Kindred Nursing Centers East, LLC, (6) Kindred Hospitals Limited Partnership,

(7) Kindred Healthcare Services, Inc., (8) Kindred Rehab Services, Inc., (9) Trudy Kay Durham, in

her capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, and

(10) William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-

Northhaven, via certified mail, return receipt requested. Copies of such letters are attached,

along with the Certificate of Mailing.

     3.    That the specified notice was timely mailed and the attorney has complied with

T.C.A. § 29-26-121.

     IN WITNESS WHEREOF, I have set my hand this _19th_ day of January, 2017.

<div style="text-align:right">

Cameron C. Jehl (BPR#18729)
Carey L. Acerra (BPR#23464)
Deena K. Arnold (BPR#24555)
Austin C. Gardner (BPR#35138)
JEHL LAW GROUP, PLLC
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number:  901-322-4232
Facsimile Number:  901-322-4231

Attorneys for Plaintiff
</div>

STATE OF TENNESSEE
COUNTY OF SHELBY

     Before me personally appeared, CAREY L. ACERRA, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

     IN WITNESS WHEREOF, I have hereunto set my hand and official seal this _14th_ day of January, 2017.

<div style="text-align:right">
Notary Public
</div>

MY COMMISSION EXPIRES:
SEPTEMBER 3, 2016



**Tre Hargett**
Secretary of State

# Division of Business Services
## Department of State
### State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

HON. CATHERINE F. QUIST
PO BOX 379
KNOXVILLE, TN 37901-0379
(865) 215-2400

03/09/2017
Case #:**2-25-17**
Certified #:**7016214000014585464**

RE: **VICKIE CLICK, NEXT OF KIN OF CHARLES RAY JONES, DECEASED AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF CHARLES RAY JONES**

VS: **KINDRED NURSING CENTERS LIMITED PARTNERSHIP DBA KINDRED NURSING AND REHABILITATION-NORTHAVEN; ETAL**

Dear Clerk,

Enclosed are the following papers in the above styled case:

☑ Original Summons

☑ Affidavit and Endorsement

☑ Registered or Certified Return Receipt signed by:

CHRISTIAN BAST

☐ Registered or Certified letter returned refused

☐ Registered or Certified letter returned undelivered with notation:

*FILED 2017 MAR 13 AM 9 26 CATHERINE F. QUIST CIRCUIT COURT CLERK*

Sincerely,

*Tre Hargett*

Tre Hargett
Secretary of State

Enclosures: Original Documents

SS-4210 (Rev. 8/15)

RDA 1003



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

## AFFIDAVIT AND ENDORSEMENT

| Case #: **2-25-17** | 03/09/2017 |
|---|---|
| Certified #: **70162140000014585464** | SOS Summons #: 03980608 |

RE: VICKIE CLICK, NEXT OF KIN OF CHARLES RAY JONES, DECEASED AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF CHARLES RAY JONES

VS: KINDRED NURSING CENTERS LIMITED PARTNERSHIP DBA KINDRED NURSING AND REHABILITATION-NORTHAVEN; ETAL

I, ANNE HACKNEY, having been duly authorized by Tre Hargett, Secretary of State of Tennessee, do hereby make oath on his behalf and under authorization as follows:

That on 02/28/2017, I received from the plaintiff the original and certified copies of the process, notice or demand issued against KINDRED HEALTHCARE OPERATING, INC. AKA/POE: CT CORPORATION whose address is: 306 W MAIN ST, FRANKFORT, KY 40601-1840, and that on 03/01/2017, I mailed by registered or certified return-receipt mail the certified copies of the process, notice, or demand to the above address together with a written notice that service was made.

I further make oath that the return receipt for the registered or certified letter was received at my office in Nashville, Tennessee, on 03/09/2017, and returned to KNOX COUNTY - CIRCUIT COURT of KNOXVILLE, TN on 03/09/2017.

*Tre Hargett*
Tre Hargett
Secretary of State

By: *Anne Hackney*

Sworn to and subscribed before me this

9 day of March 20 17

*Stephanie Booker*
Notary Public

My Commission Expires: 7/6/21

STEPHANIE BOOKER
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY

SS-4201(Rev. 9/15)

RDA 1003





**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

**Tre Hargett**
Secretary of State

JEHL LAW GROUP PLLC
STE 250
5400 POPLAR AVEUE
MEMPHIS, TN  38119

## Receipt Detail

Receipt ID:       003157755

Receipt Date:    02/28/2017

Receipt Total:   $20.00

| Item | Description | Check/Ref # | DLN # | Price | # | Amount |
|------|-------------|-------------|-------|-------|---|--------|
| Summons | Summons | 03980608 | | $20.00 | 1 | $20.00 |
| Payment-Check/MO | JEHL LAW GROUP PLLC, MEMPHIS, TN | 8621 | B0326-6638 | $20.00 | 1 | ($20.00) |

Phone (615) 741-2286  *  Fax (615) 741-7310  *  Website:  http://tnbear.tn.gov/

# CIRCUIT COURT OF TENNESSEE
## KNOX COUNTY
### M30 CITY-COUNTY BUILDING, 400 MAIN STREET, KNOXVILLE, TENNESSEE 37902
### FOR THE SIXTH JUDICIAL DISTRICT
## SUMMONS IN A CIVIL ACTION

~~FILED~~

NO. __2-25-17__          AD DAMNUM $ _____          AUTO ☐  OTHER ☐

2011 JAN 20  A 9: 55

Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf
of the wrongful death beneficiaries of Charles Ray Jones          CATHERINE F. QUIST          Home Address _____
                                                                  CIRCUIT COURT CLERK

_____

**PLAINTIFF(s),**                                                  Business Address _____

**v.** _____

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and          Home Address _____
Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred
Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals
Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab          Business Address _____
Services, Inc.; and William R. Sharpe, in his capacity as Administrator of
Kindred Nursing and Rehabilitation-Northhaven
**DEFENDANT(s).**

TO THE DEFENDANT(s):  **Kindred Healthcare Operating, Inc.**
                      c/o CT Corporation System, Registered Agent
                      306 West Main Street, Suite 512
                      Frankfort, Kentucky 40601

     You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and serving a copy of your answer to the Complaint on  Carey L. Acerra, Esq., Jehl Law Group, PLLC, Plaintiff's attorney, whose address is  5400 Poplar Avenue, Suite 250, Memphis, TN 38119  within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service.  If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.  Also attached are Interrogatories and Requests for Production of Documents.

ATTESTED AND ISSUED                          CATHERINE F. SHANKS, Clerk

_January 20_____ 20_17_          By: _N Papillon_____ D.C.

### TO THE DEFENDANT(s):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed:  these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized, you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _19th_ day of _January_ 20_____.

Certification when applicable          SECRETARY OF STATE
                                       TRE HARGETT          Surety _____

I, CATHERINE F. SHANKS, Clerk of the Circuit
Court, Knox County, Tennessee, certify this to be          2017 FEB 28  PM 2: 28
a true and accurate copy as filed this _____

CATHERINE F. SHANKS, Clerk                          RECEIVED
                                                    STATE OF TENNESSEE

By_____ D.C.

## RETURN ON SERVICE OF SUMMONS

**I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:**

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____
_____

Jimmy Jones, Sheriff

By: _____

Deputy Sheriff

### PRIVATE PROCESS SERVER

**I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:**

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____
_____

### (PLEASE PRINT THE FOLLOWING)

_____          _____
Private Process Server                                           Address

_____          _____
Company                                                               Phone

                                                                   _____
                                                                   SIGNATURE
Other manner of service:
_____
_____
_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons: _____
_____

This _____ day of _____, 20_____.

Jimmy Jones, Sheriff

By: _____

NO. _____ D.

IN THE
CIRCUIT COURT
OF TENNESSEE
FOR THE SIXTH JUDICIAL
DISTRICT AT KNOXVILLE,
KNOX COUNTY

SUMMONS IN CIVIL ACTION

Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones          PLAINTIFF

vs.

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven          DEFENDANTS

Came to hand

Carey L. Acerra
Attorney for Plaintiff
Tel No. (901) 322-4232



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

HON. CATHERINE F. QUIST
PO BOX 379
KNOXVILLE, TN 37901-0379
(865) 215-2400

03/09/2017
Case #:**2-25-17**
Certified #:**70162140000014585471**

RE: **VICKIE CLICK, NEXT OF KIN OF CHARLES RAY JONES, DECEASED AND ON**
     **BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF CHARLES RAY JONES**

VS: **KINDRED NURSING CENTERS LIMITED PARTNERSHIP DBA KINDRED NURSING AND**
     **REHABILITATION-NORTHAVEN; ETAL**

Dear Clerk,

Enclosed are the following papers in the above styled case:

☑ Original Summons

☑ Affidavit and Endorsement

☑ Registered or Certified Return Receipt signed by:

     CHRISTIAN BAST

☐ Registered or Certified letter returned refused

☐ Registered or Certified letter returned undelivered with notation:

*[stamp: 2017 MAR 13 AM 9:26 FILED CATHERINE F. QUIST CIRCUIT COURT CLERK]*

Sincerely,

*Tre Hargett*

Tre Hargett
Secretary of State

Enclosures: Original Documents

SS-4210 (Rev. 8/15)

RDA 1003



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

## AFFIDAVIT AND ENDORSEMENT

Case #: **2-25-17**                                           03/09/2017

Certified #: **70162140000014585471**          SOS Summons #: 03980526

RE: **VICKIE CLICK, NEXT OF KIN OF CHARLES RAY JONES, DECEASED AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF CHARLES RAY JONES**

VS: **KINDRED NURSING CENTERS LIMITED PARTNERSHIP DBA KINDRED NURSING AND REHABILITATION-NORTHAVEN; ETAL**

I, <u>ANNE HACKNEY</u>, having been duly authorized by Tre Hargett, Secretary of State of Tennessee, do hereby make oath on his behalf and under authorization as follows:

That on <u>02/28/2017</u>, I received from the plaintiff the original and certified copies of the process, notice or demand issued against <u>KINDRED HEALTHCARE, INC. AKA/POE; C/O CT CORPORATION</u>
whose address is: <u>306 W MAIN ST, FRANKFORT, KY 40601-1840</u>,
and that on <u>03/01/2017</u>, I mailed by registered or certified return-receipt mail the certified copies of the process, notice, or demand to the above address together with a written notice that service was made.

I further make oath that the return receipt for the registered or certified letter was received at my office in Nashville, Tennessee, on <u>03/09/2017</u>, and returned to <u>KNOX COUNTY - CIRCUIT COURT of KNOXVILLE, TN</u> on <u>03/09/2017</u>.

*Tre Hargett*
Tre Hargett
Secretary of State

By: *Anne Hackley*

Sworn to and subscribed before me this

_____ day of _March_____, 20_17_

*Stephanie Booker*
Notary Public

My Commission Expires: __7/6/20__

STATE OF TENNESSEE NOTARY PUBLIC
STEPHANIE BOOKER
DAVIDSON COUNTY

SS-4201(Rev. 9/15)                                              RDA 1003





**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

**Tre Hargett**
Secretary of State

JEHL LAW GROUP PLLC
STE 250
5400 POPLAR AVEUE
MEMPHIS, TN 38119

## Receipt Detail

Receipt ID:      003157725
Receipt Date:    02/28/2017
Receipt Total:   $20.00

| Item | Description | Check/Ref # | DLN # | Price | # | Amount |
|------|-------------|-------------|-------|-------|---|--------|
| Summons | Summons | 03980526 | | $20.00 | 1 | $20.00 |
| Payment-Check/MO | JEHL LAW GROUP PLLC, MEMPHIS, TN | 8620 | B0326-6637 | $20.00 | 1 | ($20.00) |

Phone (615) 741-2286 * Fax (615) 741-7310 * Website: http://tnbear.tn.gov/

# CIRCUIT COURT OF TENNESSEE
## KNOX COUNTY

M30 City-County Building, 400 Main Street, Knoxville, Tennessee 37902

### FOR THE SIXTH JUDICIAL DISTRICT

## SUMMONS IN A CIVIL ACTION

FILED

NO. __2-25-17__     AD DAMNUM $_____     AUTO ☐  OTHER ☐

2011 JAN 20  A 10: 01

CATHERINE F. QUIST
CIRCUIT COURT CLERK

Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf
of the wrongful death beneficiaries of Charles Ray Jones                    Home Address _____

**PLAINTIFF(s),**                                                            Business Address _____

v.

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and
Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred      Home Address _____
Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals
Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab        Business Address _____
Services, Inc.; and William R. Sharpe, in his capacity as Administrator of
Kindred Nursing and Rehabilitation-Northhaven
**DEFENDANT(s).**

TO THE DEFENDANT(s):    Kindred Healthcare, Inc.
_____   c/o CT Corporation System, Registered Agent
_____   306 West Main Street, Suite 512
_____   Frankfort, Kentucky 40601

      You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and
serving a copy of your answer to the Complaint on Carey L. Acerra, Esq., Jehl Law Group, PLLC,
Plaintiff's attorney, whose address is 5400 Poplar Avenue, Suite 250, Memphis, TN 38119
within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service.  If you fail to do
so, a judgment by default may be taken against you for the relief demanded in the Complaint.  Also attached are
Interrogatories and Requests for Production of Documents.

ATTESTED AND ISSUED                         CATHERINE F. SHANKS, Clerk

_January 20_____ 20_17_                   By:_____ D.C.

## TO THE DEFENDANT(s):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment.  If a
judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of
the items you wish to claim as exempt with the Clerk of the Court.  The list may be filed at any time and may be changed by you thereafter
as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued
prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed:  these include items of necessary
wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits,
the family Bible, and school books.  Should any of these items be seized, you would have the right to recover them.  If you do not understand
your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which
may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this __19__ day of __January__ 20_17_.

Certification when applicable                          _____

                                                       Surety

I, CATHERINE F. SHANKS, Clerk of the Circuit
Court, Knox County, Tennessee, certify this to be
a true and accurate copy as filed this _____

CATHERINE F. SHANKS, Clerk

By_____ D.C.



## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M. a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

Jimmy Jones, Sheriff

By: _____
Deputy Sheriff

### PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M. a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

### (PLEASE PRINT THE FOLLOWING)

_____          _____
Private Process Server                    Address

_____          _____
Company                                   Phone

                                          _____
                                          SIGNATURE
Other manner of service:

_____
_____
_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:

_____

This _____ day of _____, 20_____.

Jimmy Jones, Sheriff

By: _____

NO. _____ D. _____

IN THE CIRCUIT COURT OF TENNESSEE FOR THE SIXTH JUDICIAL DISTRICT AT KNOXVILLE KNOX COUNTY

SUMMONS IN CIVIL ACTION

Vickie Click, Next of Kin of Charles Ray Jones deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones - PLAINTIFF

vs.

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven - DEFENDANTS

Came to hand _____

Carey L. Acerra
Attorney for Plaintiff

Tel No. (901) 322-4232

# CIRCUIT COURT OF TENNESSEE
## KNOX COUNTY
### M30 CITY-COUNTY BUILDING, 400 MAIN STREET, KNOXVILLE, TENNESSEE 37902
### FOR THE SIXTH JUDICIAL DISTRICT
### SUMMONS IN A CIVIL ACTION

NO: 2-25-17     AD DAMNUM $     2017 JAN 20  A 10: 07     AUTO ☐   OTHER ☐

CATHERINE F. QUIST
CIRCUIT COURT CLERK

Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones     Home Address

**PLAINTIFF(s):**     Business Address

v.

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven     Home Address

     Business Address

**DEFENDANT(s):**

**TO THE DEFENDANT(s):**     Kindred Nursing Centers East, LLC
                          c/o CT Corporation System, Registered Agent
                          800 South Gay Street, Suite 2021
                          Knoxville, Tennessee 37929

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and serving a copy of your answer to the Complaint on Carey L. Acerra, Esq., Jehl Law Group, PLLC, Plaintiff's attorney, whose address is: 5400 Poplar Avenue, Suite 250, Memphis, TN 38119 within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint. Also attached are Interrogatories and Requests for Production of Documents.

**ATTESTED AND ISSUED**     CATHERINE F. SHANKS, Clerk

January 20  20 17     By: _____ .D.C.

## TO THE DEFENDANT(s):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.

Witness my hand this _____ day of _____ 20___     _____
                                                              Surety

Certification when applicable

I, CATHERINE F. SHANKS, Clerk of the Circuit Court, Knox County, Tennessee, certify this to be a true and accurate copy as filed this _____

CATHERINE F. SHANKS, Clerk

By_____ D.C.

ADA
FOR ASSISTANCE CALL
TTY: 865 / 215-2952
865 / 215-2497

<u>RETURN ON SERVICE OF SUMMONS</u>

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

                                      **Jimmy Jones, Sheriff**

                                      By:_____
                                                                **Deputy Sheriff**

## PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _28TH_ day of _FEBRUARY_, 20_17_, at _12:50_ _P_ .M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _KINDRED_
_NURSING CENTERS EAST_
(PLEASE PRINT THE FOLLOWING)

_CHARLES A MCBEE_           _P.O. BOX 34 KNOXVILLE TN 37901_
**Private Process Server**          **Address**

_TENNESSEE PROCESS SERVICES_      _865 765 0875_
**Company**                      **Phone**

                                       _Charles A McBee_
                                       **SIGNATURE**

Other manner of service:
_SERVED UPON SAMANTHA SUTTON FOR CT CORPORATION_

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:

This _____ day of _____, 20_____

                                    **Jimmy Jones, Sheriff**

                                    By:_____

| NO. | IN THE CIRCUIT COURT OF TENNESSEE FOR THE SIXTH JUDICIAL DISTRICT AT KNOXVILLE KNOX COUNTY | SUMMONS IN CIVIL ACTION | Vickie Click, Next of Kin of Charles Ray Jones deceased and on behalf of the wrongful death beneficiaries of Charles Ray Jones — PLAINTIFF | Kindred Nursing Center Limited Partnership d/b/a Kindred Nursing and Rehabilitation Northhaven; Kindred Healthcare Operating Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and William R. Sharpe in his capacity as Administrator of Kindred Nursing and Rehabilitation–Northhaven — DEFENDANTS | | Came to hand | Carey L. Acerra Attorney for Plaintiff Tel. No. (901) 522-4232 |
| --- | --- | --- | --- | --- | --- | --- | --- |

# CIRCUIT COURT OF TENNESSEE
## KNOX COUNTY
M30 CITY-COUNTY BUILDING, 400 MAIN STREET, KNOXVILLE, TENNESSEE 37902
FOR THE SIXTH JUDICIAL DISTRICT
## SUMMONS IN A CIVIL ACTION

No. 2-25-17        AD DAMNUM        2017 JAN 20 A 9: 49        AUTO ☐   OTHER ☐

Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf
of the wrongful death beneficiaries of Charles Ray Jones;        CATHERINE F. QUIST        Home Address

CIRCUIT COURT CLERK

**PLAINTIFF(s)**        Business Address

vs.

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and        Home Address
Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred
Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals
Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab        Business Address
Services, Inc.; and William R. Sharpe, in his capacity as Administrator of
Kindred Nursing and Rehabilitation-Northhaven.
**DEFENDANT(s).**

**TO THE DEFENDANT(s):**        Kindred Rehab Services, Inc.
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, Tennessee 37929

     You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and serving a copy of your answer to the Complaint on Carey L. Acerra, Esq., Jehl Law Group, PLLC, Plaintiff's attorney, whose address is  5400 Poplar Avenue, Suite 250, Memphis, TN 38119, within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint. Also attached are Interrogatories and Requests for Production of Documents.

**ATTESTED AND ISSUED**        CATHERINE F. SHANKS, Clerk

January  20, 20 17        By: _____ D.C.

### TO THE DEFENDANT(s):

**NOTICE:**  Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this _____ day of _____ 20___

Certification when applicable        _____
                                                Surety

I, CATHERINE F. SHANKS, Clerk of the Circuit
Court, Knox County, Tennessee, certify this to be
a true and accurate copy as filed this _____

CATHERINE F. SHANKS, Clerk

By_____ D.C.

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY:  865 / 215-2497

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____, at _____M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

Jimmy Jones, Sheriff

By: _____

Deputy Sheriff

## PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _28_ day of _FEB_, 20_17_, at _12:30_ P.M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _KINDRED_
_RETHAB SERVICES_

(PLEASE PRINT THE FOLLOWING)

_CHARLES A MCBEE_
Private Process Server

_P.O. BOX 34 KNOXVILLE TN 3-7901_
Address

_TENNESSEE PROCESS SERVICES_
Company

_865 765 0875_
Phone

_Charles A McBee_
SIGNATURE

Other manner of service: _SERVED UPON SAMANTHA SUTTON FOR C.T CORPORATION_

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:

This _____ day of _____, 20____
Jimmy Jones, Sheriff

By: _____

NO.

IN THE
CIRCUIT COURT
OF TENNESSEE
FOR THE SIXTH JUDICIAL
DISTRICT AT KNOXVILLE,
KNOX COUNTY.

SUMMONS IN CIVIL ACTION

Vickie Click, Next of Kin of Charles Raviscioni
deceased, and on behalf of the wrongful death
beneficiaries of Charles Raviscioni
PLAINTIFF

Kindred Nursing Centers Limited Partnership
d/b/a Kindred Nursing and Rehabilitation-
Northhaven; Kindred Healthcare Operating,
Inc.; Kindred Healthcare, Inc.; Kindred
Nursing Centers East, LLC; Kindred
Hospitals Limited Partnership; Kindred
Healthcare Services, Inc.; Kindred Rehab
Services, Inc.; and William R. Sharpe, in his
capacity as Administrator of Kindred Nursing
and Rehabilitation-Northhaven
DEFENDANTS

Came to hand

Carey L. Acerra
Attorney for Plaintiff
Tel.No.: (901) 322-4232

# CIRCUIT COURT OF TENNESSEE
## KNOX COUNTY
M30 CITY-COUNTY BUILDING, 400 MAIN STREET, KNOXVILLE, TENNESSEE 37902
FOR THE SIXTH JUDICIAL DISTRICT
### SUMMONS IN A CIVIL ACTION

FILED

NO. **2-25-17**     AD DAMNUM $ _____

2017 JAN 20 AM 9 55    AUTO ☐   OTHER ☐

Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf
of the wrongful death beneficiaries of Charles Ray Jones

CATHERINE QUIST
CIRCUIT COURT CLERK

Home Address

**PLAINTIFF(s),**
    Business Address

v.

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and
Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred
Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals
Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab
Services, Inc.; and William R. Sharpe, in his capacity as Administrator of
Kindred Nursing and Rehabilitation-Northhaven

Home Address

Business Address

**DEFENDANT(s).**

**TO THE DEFENDANT(s):**    William R. Sharpe
       9721 Panama Drive
       Knoxville, Tennessee 37923

     You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and serving a copy of your answer to the Complaint on Carey L. Acerra, Esq., Jehl Law Group, PLLC, Plaintiff's attorney, whose address is 5400 Poplar Avenue, Suite 250, Memphis, TN 38119 within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint. Also attached are Interrogatories and Requests for Production of Documents.

**ATTESTED AND ISSUED**            **CATHERINE F. SHANKS, Clerk**

January 20 _____ 20 17     By: _____ D.C.

### TO THE DEFENDANT(s):

**NOTICE:** Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND
I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this 19th day of _____ 20 17.

Certification when applicable

_____
          Surety

**I, CATHERINE F. SHANKS, Clerk of the Circuit
Court, Knox County, Tennessee, certify this to be
a true and accurate copy as filed this** _____

**CATHERINE F. SHANKS, Clerk**

By_____ D.C.

ADA
FOR ASSISTANCE CALL
865 / 215-2952
865 / 215-2497

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

Jimmy Jones, Sheriff

By: _____

Deputy Sheriff

## PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _2ᴺᴰ_ day of _MARCH_____, 20_17__, at _6:05 PM_ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _WILLIAM R._
_SHARPE_

### (PLEASE PRINT THE FOLLOWING)

_CHARLES A. McBEE_
Private Process Server

_P.O. BOX 34 KNOXVILLE TN 37901_
Address

_TENNESSEE PROCESS SERVICES_
Company

_865 765 0875_
Phone

_Charles A. McB._
SIGNATURE

Other manner of service:

_____

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:

This _____ day of _____, 20_____.

Jimmy Jones, Sheriff

By: _____

---

NO. _____ D. _____

IN THE
CIRCUIT COURT
OF TENNESSEE
FOR THE SIXTH JUDICIAL
DISTRICT AT KNOXVILLE,
KNOX COUNTY

SUMMONS IN CIVIL ACTION

Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones

PLAINTIFF

vs.

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven

DEFENDANTS

Came to hand _____

Carey L. Acerra
Attorney for Plaintiff

Tel No. (901) 322-4232

# CIRCUIT COURT OF TENNESSEE
# KNOX COUNTY

M30 CITY-COUNTY BUILDING, 400 MAIN STREET, KNOXVILLE, TENNESSEE 37902

FOR THE SIXTH JUDICIAL DISTRICT

## SUMMONS IN A CIVIL ACTION

NO. 2-25-17          AD DAMNUM $_____          AUTO ☐   OTHER ☐

**FILED**
**2017 JAN 20 AM 10 02**
**CATHERINE F. QUIST**
**CIRCUIT COURT CLERK**

Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf
of the wrongful death beneficiaries of Charles Ray Jones

Home Address _____

_____

PLAINTIFF(s),

Business Address _____

v.

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and
Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred

Home Address _____

Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals
Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab

Business Address _____

Services, Inc.; and William R. Sharpe, in his capacity as Administrator of
Kindred Nursing and Rehabilitation-Northhaven
DEFENDANT(s).

TO THE DEFENDANT(s):     Kindred Healthcare Services, Inc.
                         c/o CT Corporation System, Registered Agent
                         800 South Gay Street, Suite 2021
                         Knoxville, Tennessee 37929

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and
serving a copy of your answer to the Complaint on Carey L. Acerra, Esq., Jehl Law Group, PLLC,
Plaintiff's attorney, whose address is 5400 Poplar Avenue, Suite 250, Memphis, TN 38119
within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do
so, a judgment by default may be taken against you for the relief demanded in the Complaint. Also attached are
Interrogatories and Requests for Production of Documents.

ATTESTED AND ISSUED                      CATHERINE F. SHANKS, Clerk

January 20          20 17          By: _____ D.C.

## TO THE DEFENDANT(s):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a
judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of
the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter
as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued
prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary
wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits,
the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand
your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which
may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this ____14th____ day of ___January___ 20 17.

Certification when applicable                                         Surety _____

I, CATHERINE F. SHANKS, Clerk of the Circuit
Court, Knox County, Tennessee, certify this to be
a true and accurate copy as filed this _____

CATHERINE F. SHANKS, Clerk

By_____ D.C.

# RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____
_____

Jimmy Jones, Sheriff

By:_____

Deputy Sheriff

## PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _28th_ day of _FEBRUARY_, 20_17_, at _12:30_ _P_ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _KINDRED_
_HEALTHCARE SERVICES_
### (PLEASE PRINT THE FOLLOWING)

_CHARLES A MCBEE_                                      _P.O. BOX 34, KNOXVILLE TN 37901_
Private Process Server                                     Address

_TENNESSEE PROCESS SERVICES_                  _865 765 0875_
Company                                                        Phone

                                                               _Charles A McBee_
                                                               SIGNATURE

Other manner of service:
_SERVED UPON SAMANTHA SUTTON FOR CT CORPORATION_
_____
_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:
_____

This _____ day of _____, 20_____.
                                          Jimmy Jones, Sheriff

By:_____

2017 MAR 13 PM 14
CATHERINE F. QUIST
CIRCUIT COURT CLERK
FILED

NO. _____ D. _____

IN THE
CIRCUIT COURT
OF TENNESSEE
FOR THE SIXTH JUDICIAL
DISTRICT AT KNOXVILLE,
KNOX COUNTY

SUMMONS IN CIVIL ACTION

Vickie Click, Next of Kin of Charles Ray Jones,
deceased, and on behalf of the wrongful death
beneficiaries of Charles Ray Jones       PLAINTIFF

vs.

Kindred Nursing Centers Limited Partnership
d/b/a Kindred Nursing and Rehabilitation-
Northhaven; Kindred Healthcare Operating,
Inc.; Kindred Healthcare, Inc.; Kindred
Nursing Centers East, LLC; Kindred
Hospitals Limited Partnership; Kindred
Healthcare Services, Inc.; Kindred Rehab
Services, Inc.; and William R. Sharpe, in his
capacity as Administrator of Kindred Nursing
and Rehabilitation-Northhaven       DEFENDANTS

Came to hand _____

Carey L. Acerra
Attorney for Plaintiff

Tel No._(901) 322-4232_

# CIRCUIT COURT OF TENNESSEE
## KNOX COUNTY
M30 CITY-COUNTY BUILDING, 400 MAIN STREET, KNOXVILLE, TENNESSEE 37902
### FOR THE SIXTH JUDICIAL DISTRICT
## SUMMONS IN A CIVIL ACTION

NO._____     AD DAMNUM $_____     AUTO ☐  OTHER ☐

Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf
of the wrongful death beneficiaries of Charles Ray Jones

**FILED**

2017 JAN 20 AM 10 05

CATHERINE F. QUIST
CIRCUIT COURT CLERK

**PLAINTIFF(s),**

Home Address

v.

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and
Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred
Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals
Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab
Services, Inc.; and William R. Sharpe, in his capacity as Administrator of
Kindred Nursing and Rehabilitation-Northhaven

Home Address

Business Address

**DEFENDANT(s).**

**TO THE DEFENDANT(s):**     Kindred Hospitals Limited Partnership
c/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, Tennessee 37929

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and
serving a copy of your answer to the Complaint on **Carey L. Acerra, Esq., Jehl Law Group, PLLC,**
Plaintiff's attorney, whose address is  5400 Poplar Avenue, Suite 250, Memphis, TN 38119
within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service.  If you fail to do
so, a judgment by default may be taken against you for the relief demanded in the Complaint.  Also attached are
Interrogatories and Requests for Production of Documents.

**ATTESTED AND ISSUED**                          CATHERINE F. SHANKS, Clerk

January 20 , 20 17          By: _____ D.C.

### TO THE DEFENDANT(s):

**NOTICE:**  Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment.  If a
judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of
the items you wish to claim as exempt with the Clerk of the Court.  The list may be filed at any time and may be changed by you thereafter
as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued
prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed:  these include items of necessary
wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits,
the family Bible, and school books.  Should any of these items be seized, you would have the right to recover them.  If you do not understand
your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which
may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this  19th  day of  January  , 20 17 .

Certification when applicable

Surety

I, CATHERINE F. SHANKS, Clerk of the Circuit
Court, Knox County, Tennessee, certify this to be
a true and accurate copy as filed this _____

CATHERINE F. SHANKS, Clerk

By_____ D.C.

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____

_____

Jimmy Jones, Sheriff

By:_____
Deputy Sheriff

### PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _25TH_ day of _FEBRUARY_, 20_17_, at _12:30_ _P_ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _KINDRED_
_HOSPITALS LIMITED PARTNERSHIP_
(PLEASE PRINT THE FOLLOWING)

_CHARLES H MCBEE_                          _P.O. BOX 34, KNOXVILLE TN 37901_
Private Process Server                     Address

_TENNESSEE PROCESS SERVICES_               _865 765 0875_
Company                                    Phone

                                           _Charles H McBee_
                                           SIGNATURE

Other manner of service:
_SERVED UPON SAMANTHA SUTTON FOR CT CORPORATION_
_____
_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons:
_____

This _____ day of _____, 20_____.

Jimmy Jones, Sheriff

By:_____

| NO.: | D: | IN THE CIRCUIT COURT OF TENNESSEE FOR THE SIXTH JUDICIAL DISTRICT AT KNOXVILLE, KNOX COUNTY | SUMMONS IN CIVIL ACTION | Vickie Click, Next of Kin of Charles Ray Jones deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones | PLAINTIFF | vs. | Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation–Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Rehab Healthcare Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation–Northhaven | DEFENDANTS | Came to hand | Carey L. Acerra Attorney for Plaintiff | Tel No.: (901) 322-4232 |
|---|---|---|---|---|---|---|---|---|---|---|---|

Case 3:17-cv-00306-HSM-HBG   Document 1-1   Filed 07/18/17   Page 129 of 203   PageID #: 134

# CIRCUIT COURT OF TENNESSEE
## KNOX COUNTY
### M30 CITY-COUNTY BUILDING, 400 MAIN STREET, KNOXVILLE, TENNESSEE 37902
### FOR THE SIXTH JUDICIAL DISTRICT
### SUMMONS IN A CIVIL ACTION

NO._____  AD DAMNUM $_____  FILED ☐ OTHER ☐

Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf
of the wrongful death beneficiaries of Charles Ray Jones

2017 JAN 20 AM 9 58
Home Address

CATHERINE F. QUIST
CIRCUIT COURT CLERK
Business Address

**PLAINTIFF(s),**

v.

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and
Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred
Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals
Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab
Services, Inc.; and William R. Sharpe, in his capacity as Administrator of
Kindred Nursing and Rehabilitation-Northhaven
**DEFENDANT(s).**

Home Address

Business Address

TO THE DEFENDANT(s):_____ Kindred Nursing Centers Limited Partnership
_____c/o CT Corporation System, Registered Agent
_____800 South Gay Street, Suite 2021
_____Knoxville, Tennessee 37929

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of Court and
serving a copy of your answer to the Complaint on Carey L. Acerra, Esq., Jehl Law Group, PLLC,
Plaintiff's attorney, whose address is 5400 Poplar Avenue, Suite 250, Memphis, TN 38119
within THIRTY (30) DAYS after this Summons has been served upon you, not including the day of service. If you fail to do
so, a judgment by default may be taken against you for the relief demanded in the Complaint. Also attached are
Interrogatories and Requests for Production of Documents.

ATTESTED AND ISSUED                              CATHERINE F. SHANKS, Clerk

January 20 20 17                            By: _____ D.C.

## TO THE DEFENDANT(s):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a
judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of
the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter
as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued
prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary
wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits,
the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand
your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which
may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.
Witness my hand this 19th day of January 20 17

Certification when applicable                              _____
                                                              Surety

I, CATHERINE F. SHANKS, Clerk of the Circuit
Court, Knox County, Tennessee, certify this to be
a true and accurate copy as filed this _____

CATHERINE F. SHANKS, Clerk

By_____ D.C.

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____, at _____ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _____
_____

Jimmy Jones, Sheriff

By:_____
Deputy Sheriff

### PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _28TH_ day of _FEBRUARY_, 20 _17_, at _12:30_ ₱ M.
a copy of the summons and a copy of the Complaint to the following defendant(s) _KINDRED_
_NURSING CENTERS LIMITED PARTNERSHIP_
(PLEASE PRINT THE FOLLOWING)

_CHARLES A MCBEE_                          Address _P.O. BOX 34, KNOXVILLE TN 37901_
Private Process Server

_TENNESSEE PROCESS SERVICES_              Phone _865 765 0873_
Company

                                         _Charles A McBee_
                                         SIGNATURE

Other manner of service:
_SERVED UPON SAMANTHA SUTTON FOR CT CORPORATION_
_____

_____

I hereby certify that I have NOT served this Summons on the within named Defendant(s) _____
_____ because _____ is(are) not to be found
in this County after diligent search and inquiry for the following reasons: _____

This _____ day of _____, 20_____.
Jimmy Jones, Sheriff

By:_____

FILED
2017 MAR 13 PM 12
CATHERINE F. QUIST
CIRCUIT COURT CLERK

---

NO. _____ D. _____

IN THE
CIRCUIT COURT
OF TENNESSEE
FOR THE SIXTH JUDICIAL
DISTRICT AT KNOXVILLE,
KNOX COUNTY

SUMMONS IN CIVIL ACTION

Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones - PLAINTIFF

-vs.-

Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven; - DEFENDANTS

Came to hand _____

Carey L. Acerra
Attorney for Plaintiff
Tel No.__ (901) 322-4232

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
SIXTH JUDICIAL DISTRICT AT KNOXVILLE, KNOX COUNTY

2017 JAN 20 AM 10:04
CATHERINE F. QUIST
CIRCUIT COURT CLERK

Vickie Click, Next of Kin of Charles Ray Jones, )
deceased, and on behalf of the wrongful death )
beneficiaries of Charles Ray Jones, )
                 )
            Plaintiff, )
                 )     Cause No. 2-25-17
v. )     Division II
                 )     Jury Demanded
                 )
Kindred Nursing Centers Limited Partnership )
d/b/a Kindred Nursing and Rehabilitation- )
Northhaven; Kindred Healthcare Operating, )
Inc.; Kindred Healthcare, Inc.; Kindred Nursing )
Centers East, LLC; Kindred Hospitals Limited )
Partnership; Kindred Healthcare Services, Inc.; )
Kindred Rehab Services, Inc.; and William R. )
Sharpe, in his capacity as Administrator of )
Kindred Nursing and Rehabilitation- )
Northhaven, )
                 )
            Defendants. )

## FIRST INTERROGATORIES TO NURSING HOME DEFENDANTS

        Pursuant to Rules 26 and 33 of the Tennessee Rules of Civil Procedure, Plaintiff, Vickie

Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death

beneficiaries of Charles Ray Jones (Plaintiff), requests that Separate Defendants, Kindred Nursing

Centers Limited Partnership d/b/a/ Kindred Nursing and Rehabilitation-Northhaven; Kindred

Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC;

Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab

Services, Inc. (Nursing Home Defendants), answer the following Interrogatories in the time and

manner provided for in the Tennessee Rules of Civil Procedure.

Pursuant to said rules, answers to the following Interrogatories are to be made on the basis of all information in the possession of the party served (including their attorney) and are to be served upon the undersigned no later than forty-five (45) days after the date of service when served with the Complaint.

Rule 33.01 additionally requires that: (a) each Interrogatory be answered separately and fully in writing under oath, unless it is objected to; in which event the reasons for the objection shall be stated in lieu of an answer; (b) answers be signed by the party making them; and (c) objections be signed by the attorney making them.

Your attention is called to Tennessee Rule of Civil Procedure 37.01 which provides that an evasive or incomplete answer is to be treated as a failure to answer and, if the Court grants a Motion to Compel answers to these Interrogatories, the Court shall require the party or attorney failing to answer to pay the reasonable expenses in obtaining an Order compelling the answers, including attorney's fees.

Note also that Tennessee Rule of Civil Procedure 26.05 provides:

(1)     A party is under a duty to reasonably supplement their responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

(2)     A party is under a duty to reasonably amend a prior response if they obtain information upon the basis of which (a) they know that the response was incorrect when made; or (b) they know that the response, though correct when made, is no longer true and

2

the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## INSTRUCTIONS AND DEFINITIONS

You are requested to furnish all information in your possession and all information available to you, not merely such information as you know of as your own personal knowledge, but also all knowledge that is available to you, your representatives, agents and attorneys to the extent not privileged, including inquiry of their representatives.

If you are unable to answer the following interrogatories completely, answer to the extent possible, specifically stating what information or knowledge you have concerning the unanswered portion.

1. *"You or Your."* The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2. *"Person."* The term "person" is defined as any natural person or business, legal or governmental entity or association.

3. *"Identify"* (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, (4) position with Defendants, and (5) when referring to a natural person, additionally, the dates of employment with Defendants.

4. *"Identify"* (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

3

5. *"Document(s)."* The term "document(s)" is used in its broadest sense; and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

6. *"Residency."* For purposes of these Interrogatories, "residency" is defined as the period during which time Charles Ray Jones was a resident of Kindred Nursing and Rehabilitation-Northhaven from on or about August 6, 2015, until on or about January 21, 2016.

7. *"Facility."* For purposes of these Interrogatories, "facility" means a disclosing entity which is a skilled nursing facility, here Kindred Nursing and Rehabilitation-Northhaven located at 3300 North Broadway Street, Knoxville, Tennessee 37917.

8. *"Additional Disclosable Party."* The term "additional disclosable party" means, with respect to the named facility herein, any person or entity who:

    (a)    exercises operational, financial, or managerial control over the facility or a part thereof;

    (b)    provides policies or procedures for any of the operations of the facility;

    (c)    provides financial or cash management services to the facility;

    (d)    leases or subleases real property to the facility, or owns a whole or part interest equal to or exceeding five percent of the total value of such real property;

    (e)    provides management or administrative services, management, or clinical consulting services to the facility.

9. *"Disclosing Entity."* Disclosing entity means an entity which is:

    (a)    a provider of skilled nursing services or managed care entity;

    (b)    an entity (other than an individual practitioner or group of practitioners) that furnishes or arranges for the furnishing of items or services with respect to which payment may be made by the entity under plan or program established pursuant to

4

subchapter 5 of 42 USC § 1320 or under a state plan approved under subchapter 9 of 42 USC § 1320.

10. *"Managing Employee."* The term "managing employee" means with respect to the facility an individual (including a general manager, business manager, administrator, director or consultant) who directly or indirectly manages or supervises any element of the practices, finances, or operations of the facility.

11. *"Organizational Structure."* The term "organizational structure" means:

(a) If a corporation, the officers, directors, and shareholders of the corporation who have an ownership interest in the corporation which is equal to or exceeds five percent;

(b) If a limited liability company, the members and managers of the limited liability company (including, as applicable, what percentage each member and manager has of the ownership interest of the limited liability company);

(c) If a general partnership, the partners of the general partnership;

(d) If a limited partnership, any partners of the limited partnership who have an ownership interest in the limited partnership which is equal to or exceeds ten percent;

(e) If a trust, the trustees of the trust.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify all individuals who were employed at the facility during the residency; state whether each individual provided any care or services to Charles Ray Jones; state the position of the individuals both current and former; and state whether each individual is currently an employee or former employee of the facility.

> The purpose of this interrogatory is to identify all individuals who either witnessed or had the opportunity to witness the circumstances, events or occurrences that are relevant to the facts and issues in the instant case. This interrogatory is intended to include any caregiver or other employee, including dietary workers, laundry workers, maintenance person or any other employee whatsoever.

5

Due to the illegibility of initials and signatures of nurses and others, in the medical records and the illegibility of initials and lack of signatures by nurse aides, as well as due to the fact that no other identifying information of the signer is contained in the medical records (i.e., complete name, social security number, address, position, current employment status), you are hereby notified that merely referencing the medical records of Charles Ray Jones in response to this interrogatory will constitute an inadequate answer.

This interrogatory is not simply asking for the information as it pertains to caregivers of the resident only, but is in fact asking for this information on each and every employee of the facility during the entire residency of Charles Ray Jones.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify each Administrator, Director of Nursing, and Assistant Director of Nursing employed at the facility during the residency and state the dates of service for each.

**ANSWER:**

**INTERROGATORY NO. 3:** Please identify each consultant utilized by the facility during the three months prior to the residency and during the residency, including but not limited to dietary consultant, medical records consultant, physical therapy consultant, nursing consultant, or pharmacy consultant.

**ANSWER:**

**INTERROGATORY NO. 4:** Please identify each medical director for the facility during the residency, and state the dates of service for each medical director.

**ANSWER:**

6

**INTERROGATORY NO. 5:** Please identify each employment agency utilized by the facility during the residency for any employment need, including but not limited to nursing, dietary, housekeeping, administration or janitorial. Further, please state the date(s) each agency was utilized.

**ANSWER:**

**INTERROGATORY NO. 6:** Please identify each dietary aide and dietician, including their employer, for the facility during the residency, and state the dates of service for each and every dietary aide or dietician.

**ANSWER:**

**INTERROGATORY NO. 7:** Do Defendants have in their custody or control any records of accidents or unusual incidents referring in any way to Charles Ray Jones?

If so, please state the name of each report, the name and job title of the individual having custody or control of each report, and the current location of each report.

**ANSWER:**

**INTERROGATORY NO. 8:** Please identify each person believed or known by Defendants to have any knowledge concerning any of the issues of this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

7

**INTERROGATORY NO. 9:** Please identify, with sufficient particularity to formulate the basis of a request to produce, all records of any kind prepared and/or maintained by the facility, which pertain in any way to Charles Ray Jones, and state the name, title, and business address of the custodian of each such record.

**ANSWER:**


**INTERROGATORY NO. 10:** Please list the date and substance of any investigation which Defendants know or believe was conducted by any governmental agency concerning Charles Ray Jones, including but not limited to, any state or federal agency, the Agency for Health Care Administration, Long Term Care Ombudsman, Department of Health and Rehabilitative Services, Department of Elder Affairs, or law enforcement offices, together with the name and address of the agency that conducted the investigation.

**ANSWER:**


**INTERROGATORY NO. 11:** Please identify each company utilized to manage or operate the facility at any time during the six months prior to the residency and during the residency. For each company, please identify the time periods during which the company was utilized. If the company is a corporation, please identify the exact corporation name and registered agent. If the company is a general partnership, please identify the exact name of the partnership as well as the names and addresses of all of the partners. If the company is a limited partnership, please identify the exact name of the limited partnership as well as the names and addresses of each general and limited partner. If the company is a limited liability company, please identify the members and managers of the limited liability company.

8

**ANSWER:**

**INTERROGATORY NO. 12:** Identify all members of the governing body for the facility during the residency, including:

(a)     Name;

(b)     Current or last known home address;

(c)     Current or last known place of employment;

(d)     Telephone number; and,

(e)     Dates each identified person served as a member of the governing body for the facility.

**ANSWER:**

**INTERROGATORY NO. 13:** Do you claim that the Plaintiff or any other person or entity was at fault, negligent, or comparatively negligent, in whole or in part, for the claims asserted against you in this lawsuit? If your answer is "Yes," please describe in detail each act or omission on the part of the Plaintiff or any other person or entity that you contend constituted negligence or fault or caused in whole or in part the Plaintiff's injuries.

**ANSWER:**

**INTERROGATORY NO. 14:** Please state whether Defendants had a system to record consumer, resident or employee suggestions (i.e., suggestion box, 800 number, etc.) regarding the facility during the residency. If they did, please identify, with sufficient particularity to form the basis of a request to produce, the names and types of records of consumer, resident or employee suggestions; the person or persons primarily responsible for consumer, resident or employee

9

suggestions; and the name and business address of the records custodian who maintains the above consumer, resident or employee suggestions.

**ANSWER:**

**INTERROGATORY NO. 15:** State who or what entity was the owner of the facility from the date of Charles Ray Jones' admission until service of the complaint. Please list the date each person or entity was an owner. If the owner was a corporation, please list the exact corporate name and registered agent. If the owner was a general partnership, please list the exact name of the partnership as well as the names and addresses of all the partners. If the owner was a limited partnership, please list the exact name of the limited partnerships as well as the names and addresses of each general and limited partner. If the owner was a limited liability company, please identify the members and managers of the limited liability company.

**ANSWER:**

**INTERROGATORY NO. 16:** If the owner of the facility was owned by another entity during the residency, please list the date each person was an owner. If the owner was a corporation, please list the exact corporate name and registered agent. If the owner was a general partnership, please list the exact name of the partnership as well as the names and addresses of all partners. If the owner was a limited partnership, please list the exact name of the limited partnership as well as the names and addresses of each general and limited partner. If the owner was a limited liability company, please identify the members and managers of the limited liability company.

10

**ANSWER:**


**INTERROGATORY NO. 17:** Do you or your attorneys have in your possession, custody or control any statement of any person (including any plaintiff) concerning the facts surrounding this controversy including any written statements, signed or otherwise, adopted or proved by such person or any stenographic, mechanical, electrical, or other recording or any transcript thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously reported? If so, please state the following:

    (a)    The name, address, and phone number of the person from whom it was obtained;

    (b)    The date it was obtained;

    (c)    The title and position of the person who obtained it;

    (d)    Where it was obtained; and,

    (e)    Is the statement signed by the person giving the statement? If it was not signed, please state how the statement is connected with the person purportedly giving the statement. For example, telephone-recorded conversation, etc.

**ANSWER:**


**INTERROGATORY NO. 18:** Are you aware of any care, services, or treatment provided to Charles Ray Jones that is not documented in the facility chart? If so, please state:

    (a)    A full description of the service, care or treatment provided;

    (b)    The date on which the service, care or treatment was provided; and,

    (c)    The full name and position of the person who provided the service, care or treatment provided.

**ANSWER:**


11

**INTERROGATORY NO. 19:** Are you aware of any care, services, or treatment that is documented in Charles Ray Jones' facility chart but was not provided to her? If so, please state:

    (a)    A description of the service, care or treatment documented as provided;

    (b)    The date on which the service, care or treatment was documented as being provided;

    (c)    The name and position of the person who provided the care, service or treatment; and,

    (d)    The location of the documentation of the care, service or treatment that was not provided.

    **ANSWER:**

**INTERROGATORY NO. 20:** Please list and describe in detail each and every document, item or thing which supports any defense upon which you intend to rely at the trial of this matter.

    **ANSWER:**

**INTERROGATORY NO. 21:** Identify each person whom you, or your attorney, expect to call as an expert witness at the trial of this action, and with respect to each person, state:

    (a)    His or her identity (Full name, home address, business address, educational background, etc.);

    (b)    The subject matter on which each expert is expected to testify;

    (c)    The substance of the facts and opinions to which the expert is expected to testify;

    (d)    A summary of the grounds for each opinion;

    (e)    The witness' qualifications (including a list of all publications authored in the previous 10 years);

(f)     A list of all other cases in which, during the previous four (4) years, the witness testified as an expert;

(g)    A statement of the compensation to be paid for the study and testimony in this case; and

(h)    A list of all documents and material reviewed in this case.

PLEASE TAKE NOTE THAT THIS PARTY WILL OBJECT TO ANY PERSON TESTIFYING AS AN EXPERT AT TRIAL WHO IS NOT IDENTIFIED IN THE ANSWER TO THIS INTERROGATORY.

**ANSWER:**

**INTERROGATORY NO. 22:**  Please provide the following information regarding the organization, ownership, or control of Kindred Nursing and Rehabilitation-Northhaven.  (If you have previously prepared a disclosure statement to the Department of Health Services pursuant to 42 USC § 1320a-3, you may provide such information under oath in lieu of answers to these interrogatories):

(a)    If any "Additional Disclosable Party" leases or subleases real property to the "Facility," identify the name or names of the "Additional Disclosable Party," including the address and telephone numbers and a description of the real property owned and the interest in such real property.

(b)    If any "Additional Disclosable Party" provides management or accounting or financial services to the "Facility," identify the name, address, and telephone number of the "Additional Disclosable Party" and a description of the management, administrative services, accounting or financial services of the "Facilty" that are provided.

(c)    Identify the "Organizational Structure" for the "Facility."

(d)    Identify the "Organizational Structure" of each "Additional Disclosable Party" of the "Facility" and a description of the relationship of each such "Additional Disclosable Party" to the "Facility" and to one another.

13

**ANSWER:**

**INTERROGATORY NO. 23:** Identify all family council members for the facility during the residency, including:

    (a)    Name;

    (b)    Current or last known home address;

    (c)    Telephone number; and,

    (d)    Dates each identified person served as a family council member for the facility.

**ANSWER:**

Respectfully submitted,

JEHL LAW GROUP, PLLC

By: _____

Cameron C. Jehl (BPR #018729)
Carey L. Acerra (BPR #023464)
Deena K. Arnold (BPR #024555)
Austin C. Gardner (BPR #035138)
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number:   901-322-4232
Facsimile Number:    901-322-4231

Attorneys for Plaintiffs

14

## VERIFICATION

I, _____, am the _____ of

_____, Defendant(s), and in that capacity do swear and

affirm that the answers and responses given to the Plaintiffs' First Set of Interrogatories are true

and correct to the best of my information and belief.



Title: _____



SUBSCRIBED AND SWORN TO before me by _____ as

_____ of _____, on

the _____ day of _____, 2017, to certify my hand and seal of office.


_____
Notary Public – State of _____

My Commission Expires:

_____

15

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## SIXTH JUDICIAL DISTRICT AT KNOXVILLE, KNOX COUNTY

FILED
2017 JAN 20 AM 10:04
CATHERINE F. QUIST
CIRCUIT COURT CLERK

| | |
|---|---|
| Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Cause No. 2-25-17
Division 11
Jury Demanded

---

## FIRST REQUESTS TO PRODUCE TO NURSING HOME DEFENDANTS

Pursuant to Rules 26 and 34 of the Tennessee Rules of Civil Procedure, Plaintiff, Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones (Plaintiff), requests that Separate Defendants, Kindred Nursing Centers Limited Partnership d/b/a/ Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc. (Nursing Home Defendants), answer the following Interrogatories in the time and manner provided for in the Tennessee Rules of Civil Procedure.

Pursuant to said rules, responses to the following production requests are to be made on the basis of all information in the possession of the party served (including their attorney) and are to be served upon the undersigned no later than forty-five (45) days after the date of service when served with the Complaint.

Your attention is called to Tennessee Rule of Civil Procedure 37.01 which provides that an evasive or incomplete answer is to be treated as a failure to answer and, if the Court grants a Motion to Compel answers to these production requests, the Court shall require the party or attorney failing to answer to pay the reasonable expenses in obtaining an Order compelling the responses, including attorney's fees.

Note also that Tennessee Rule of Civil Procedure 26.05 provides:

1. A party is under a duty to reasonably supplement their responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

2. A party is under a duty to reasonably amend a prior response if they obtain information upon the basis of which (a) they know that the response was incorrect when made; or (b) they know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## INSTRUCTIONS AND DEFINITIONS

You are requested to furnish all information in your possession and all information available to you, not merely such information as you know of as your own personal knowledge,

2

but also all knowledge that is available to you, your representatives, agents and attorneys to the extent not privileged, including inquiry of their representatives.

If you are unable to answer the following production requests completely, answer to the extent possible, specifically stating what information or knowledge you have concerning the unanswered portion.

1.   *"You or Your."*   The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.   *"Person."*   The term "person" is defined as any natural person or business, legal or governmental entity or association.

4.   *"Document(s)."*   The term "document(s)" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

5.   *"Residency."*   For purposes of these Requests to Produce, "residency" is defined as the period during which time Charles Ray Jones was a resident of Kindred Nursing and Rehabilitation-Northhaven from on or about August 6, 2015, until on or about January 21, 2016.

6.   *"Facility."*   For purposes of these Requests to Produce, "facility" is defined as Kindred Nursing and Rehabilitation-Northhaven located at 3300 North Broadway Street, Knoxville, Tennessee 37917.

3

7. To preserve the privacy of residents other than Charles Ray Jones, you may delete, obliterate, or otherwise redact the names of residents other than Charles Ray Jones from records produced in response to these Requests to Produce.

## FIRST REQUESTS TO PRODUCE

**REQUEST TO PRODUCE NO. 1:** A **Bates-stamped** copy of the complete original chart for Charles Ray Jones regarding his care, treatment, and all related medical services at the facility.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 2:** **Color** photographic copies of all photographs that were taken of Charles Ray Jones by the facility. This request includes any photographs that were on the medication cart.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 3:** The complete administrative and/or financial file or files prepared and/or maintained for the facility concerning Charles Ray Jones, including any contract between Charles Ray Jones and the facility, and any attachments to that contract.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 4:** Every record identified in Interrogatory No. 10 of Plaintiffs' First Interrogatories to Defendant, including every form of communication book\log book or 24-hour log used internally within the facility to communicate between persons providing care or services to residents, including Charles Ray Jones, that has not been produced in response to Requests Nos. 1-3 above.

4

**RESPONSE:**


**REQUEST TO PRODUCE NO. 5:** A complete and itemized bill for all services, medical supplies, pharmaceutical supplies, therapies, or any other goods or services for which the nursing home charged the resident or any third-party payor on behalf of Charles Ray Jones while he was a resident at the facility, including:

    (a)    All bills or statements submitted to Medicare, or any fiscal intermediary for Medicare, for supplies, therapies, or other ancillary charges covering care, supplies, equipment, or other ancillary charges for Charles Ray Jones;

    (b)    All bills or statements submitted to Charles Ray Jones, his power of attorney, guardian, or family for room and boards, services, supplies, equipment, or other items provided to Charles Ray Jones, including co-payments or deductibles, by the facility;

    (c)    All revenue reports and/or remittance advisories that reflect reimbursement made by Medicare, Medicaid, private insurance, or any individual for room and board, services, supplies, equipment, or other items provided by the facility to Charles Ray Jones; and

    (d)    All statements, lists, or reconciliation of trust accounts reflecting funds received from Charles Ray Jones, his power of attorney, guardian, or family or held in trust for the benefit of Charles Ray Jones.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 6:** All reports or data compilations that concern the status or condition of residents at the facility during the residency and six months prior.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 7:** All reports or data compilations that concern the status or condition of residents at the facility that were reviewed by or made available to

5

Defendant's corporate offices, management company, administrative services company, and/or owners during the six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 8:** All advertisements, descriptive brochures and pamphlets used to advertise the facility, or to inform or educate the general public, hospitals, doctors, or others of the services offered at the facility for the calendar years 2015 through 2016.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 9:** The facility's policies and procedures in effect during the residency, including, but not limited to:

    (a)    Activities;

    (b)    Administration;

    (c)    Consultant services;

    (d)    Codes of conduct/business ethics;

    (e)    Staff education;

    (f)    Diagnostic services;

    (g)    Dietary services;

    (h)    Home health services;

    (i)    Housekeeping;

    (j)    Infection control;

    (k)    Medical director/consultant services;

    (l)    Medical records;

6

(m) Nursing services, including those for the prevention and treatment of pressure sores, hygiene, nutrition, and the prevention and treatment of infections;

(n) Pharmacy services;

(o) Resident's care planning;

(p) Resident's rights;

(q) Social services;

(r) Specialized rehabilitative and restorative services;

(s) The reporting of accidents or unusual incidents involving any residents; and

(t) Quality assessment and assurance.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 10:** All records of accidents or unusual incidents regarding Charles Ray Jones occurring at the facility.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 11:** All newsletters that were circulated from Administration to employees of the facility during the three months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 12:** All writings or documents in your possession reflecting any investigations conducted by state agencies concerning Charles Ray Jones.

7

**RESPONSE:**


**REQUEST TO PRODUCE NO. 13:** All reports, correspondence, or other writings generated by or on behalf of any management company, administrative services company, or consultant to the nursing home concerning the care and treatment of residents during the six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 14:** All documents that describe the lines of authority and communication at the facility during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 15:** All contracts between Defendant and the Medical Director(s) of the facility during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 16:** All contracts between Defendant and any company responsible for the management (administrative services) or operation of the facility during the six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 17:** All contracts between Defendant and any consultants or any medical doctor where such consultant or medical doctor delivered care or services to Charles Ray Jones.

8

**RESPONSE:**


**REQUEST TO PRODUCE NO. 18:**   All provider agreements between Defendant and the State of Tennessee for the facility effective during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 19:**   All provider agreements between Defendant and the Federal Government for the facility effective during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 20:**   All resident council minutes for meetings that took place at the facility during the six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 21:**   All minutes of the meetings of the Governing Body of the facility held during the six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 22:**   All monthly and yearly budgets and budget worksheets, amendments to budgets, and all budget variance reports, prepared for the operation of the facility for the calendar years 2015 and 2016.

**RESPONSE:**


9

**REQUEST TO PRODUCE NO. 23:** The following documentation for each person who was employed at the facility during the residency:

    (a)    Applications for employment;

    (b)    Documentation obtained by the nursing home about the employee from any third source such as employment verification information from other employers, reports from any law enforcement or state administrative agency or any abuse reporting agency where such document is not privileged by the state or Federal law creating the abuse reporting agency;

    (c)    Licensing certification for the employee;

    (d)    Documents that describe disciplinary information of the employee by the nursing home, including letters of reprimand, or complaints by outside persons;

    (e)    All documents submitted by the employee, or recorded by the facility, concerning complaints registered by the employee;

    (f)    Performance evaluations completed for the employee;

    (g)    Exit interviews conducted with the employees upon their termination of employment with the facility; and

    (h)    All forms, letters, or notes relating to termination of the employee's service at the nursing home, including writings completed by the employee or any other member of the nursing home's staff or administration.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 24:** All documents that recorded consumer, resident or employee suggestions (i.e., suggestion box, 800 number, etc.) regarding the facility during six months prior to the residency and during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 25:** The following reports or data compilations: (1) All reports concerning budgeting for staffing or supplies, including any monthly budget variance

10

reports, at the facility, (2) All reports concerning facility staffing levels, (3) All reports concerning the care and treatment of residents at the facility; and, (4) concerning resident characteristics, resident acuity levels, and facility census levels, for the years 2015 and 2016.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 26:** All employee/associate handbooks applicable during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 27:** All attendance logs kept for family visits and/or any other visitors of residents at the facility during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 28:** All guidelines and procedures in effect during the residency utilized to determine whether the facility had sufficient numbers of nursing personnel which included registered and licensed vocational nurses, nurse assistants, medication assistants, orderlies and other staff to:

     (a)    Provide 24-hour nursing services;

     (b)    Meet the needs of residents who are admitted to and remain in the nursing home; and,

     (c)    Meet the total nursing needs of residents.

This request includes but is not limited to any documentation, which sets forth guidelines or criteria for measuring workload imposed on nursing personnel. If any revisions, updates, or modifications of the above described guidelines have occurred during the dates of Charles Ray Jones' residency, you are requested to produce the original version and all subsequent revisions.

11

**RESPONSE:**

**REQUEST TO PRODUCE NO. 29:** All work schedules, time sheets and time cards showing the identity, number (quantity), and classification of any nursing personnel, including relief or pool personnel who worked on any unit or wing in the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 30:** All documentation from any division or bureau of or any local, state, or federal governmental entity that sets forth findings, conclusions, violations, deficiencies, penalties, actions and recommended sanctions regarding the facility at any time during the six months prior to the residency and during the residency until the date of filing of the Complaint in this matter, including any resident and employee identifiers related to the surveys. Names of residents other than Charles Ray Jones may be redacted.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 31:** All documentation and reports from every consultant or management personnel hired to evaluate the adequacy of care rendered to residents at the facility during the six months prior to the residency and during the residency.

This request includes but is not limited to any ongoing or periodic report, study, evaluation or assessment generated by the following consultants or employees of the facility:

(a)    R.N. Nurse Consultant;

(b)    Pharmaceutical Consultant;

(c)    Registered Dietician Consultant; or

(d)    Any other health or medical consultant brought in or employed to evaluate or study the adequacy of care. Further this request includes any minutes

12

from all meetings conducted by any of the above consultants or employees during the aforementioned time frame.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 32:** All films, videos, recordings, books, periodicals, materials or other documentation that was provided by you or the training coordinator of the facility to any nursing personnel of said facility for purposes of demonstrating, describing or instructing employees on the proper care of residents during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 33:** All licenses issued by any state agency to operate the facility in effect during the residency.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 34:** All documents containing information as to the daily resident census at the facility (midnight census reports) during the three months prior to the residency and during the residency.

This request includes but is not limited to any document showing the daily rate of occupancy, the number of beds filled on a daily basis, or the number of empty beds on a daily basis.

**RESPONSE:**


**REQUEST TO PRODUCE NO. 35:** All documents created during the three months prior to the residency and during the residency that contain an analysis or report of the following at the facility:

13

(a)    The rate of occupancy;

(b)    The numbers of beds filled or empty during any report period.

(c)    The level of care required for each member of the patient population; or

(d)    Any evaluation by management regarding the relative success of the occupancy goals, objectives and strategies established.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 36:** All blueprints, layouts, floor plan drawings, graphical representations, or illustrations that accurately illustrate the floor plan of the facility during the residency.

This request seeks an accurate floor plan or illustration that correctly identifies the room numbers in the facility.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 37:** Complete and legible copies of all writings, documents and things pertaining to investigations relating to alleged abuse, mistreatment and or neglect of residents or to the health, safety, and/or welfare of residents that were initiated against Defendant and/or which Defendant conducted during the six months prior to the residency and during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 38:** Please produce a copy of all key indicator reports, quality indicator reports, and all other reports that track quality care issues generated for the six months prior to the residency and for the residency.

14

**RESPONSE:**

**REQUEST TO PRODUCE NO. 39:** Please produce copies of (i) all reports and drafts of reports of Defendant's expert witnesses; (ii) all e-mails and other correspondence to or from Defendants' expert witnesses; (iii) curriculum vitae of Defendants' expert witnesses; (iv) list of depositions and/or trial testimony over the past four (4) years of Defendants' expert witnesses; and (v) transcripts of depositions and/or trial testimony of Defendants' expert witnesses over the past four (4) years.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 40:** The complete Articles of Incorporation and/or Articles of Organization for all management, ownership, or corporate entities related to Defendant, during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 41:** All bonus and/or incentive programs and/or criteria applicable to administrators, directors of nursing, or other staff of the facility for the years 2015 and 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 42:** Documentation showing whether the administrators, directors of nursing, or other staff received a bonus for their work in 2015 and 2016, including the amount paid and the date of such payment.

15

**RESPONSE:**

**REQUEST TO PRODUCE NO. 43:** The Annual Reports for all management, ownership, or corporate entities related to the facility for the years 2015 and 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 44:** Profit and Loss statements for Defendant for the years 2015 and 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 45:** Federal and state income tax returns for Defendant for the years 2015 and 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 46:** Financial Statements for Defendant for the years 2015 and 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 47:** All facility employee telephone directories during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 48:** All family council meeting minutes during the six months prior to the residency and during the residency.

16

**RESPONSE:**

**REQUEST TO PRODUCE NO. 49:** All facility cost reports for 2015 and 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 50:** All home office cost reports for 2015 and 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 51:** Please produce a copy of any and all employee drug and alcohol testing policies in effect at the subject facility during and six months prior to Charles Ray Jones' residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 52:** Please produce a copy of any and all employee drug and alcohol test results completed for the subject facility's employees during Charles Ray Jones' residency, six months prior to his residency, and six months after his residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 53:** Please produce all written, audiotaped, or videotaped statements obtained from any person having knowledge of any facts related to the liability or damage issues involved in this action and/or Charles Ray Jones.

17

**RESPONSE:**

**REQUEST TO PRODUCE NO. 54:** Please produce a copy of any and all e-mail transmissions to or from the Administrator and/or Director of Nursing of the facility to or from any employee, agent, or representative of any Defendants regarding the following:

(a)    concerning staffing issues at the facility during the residency and six months prior to the residency of Charles Ray Jones. This request specifically seeks e-mails related to lack of staff and/or the effect of lack of staff on resident care. (Defendants may redact the names of residents other than Charles Ray Jones.);

(b)    concerning payroll management related to RA and Nurse staffing at the facility, resident care at the facility, increasing the census numbers at the facility, and increasing (or decreasing) staffing at the facility during the residency and six months prior to the residency;

(c)    that recorded consumer, resident, or employee suggestions or complaints regarding the facility during the residency and six months prior to the residency. This request includes all e-mails related to resident care in the facility that were forwarded to individuals responsible for operating and overseeing the operations of the facility;

(d)    concerning the transfer or discharge of residents to the hospital during the residency and six months prior to the residency of Charles Ray Jones. (Defendants may redact the names of residents other than Charles Ray Jones.);

(e)    concerning the acceptance of residents from the hospital during the residency and six months prior to the residency of Charles Ray Jones. (Defendants may redact the names of residents other than Charles Ray Jones.);

(f)    concerning marketing to hospitals to acquire or admit residents to the nursing home during the residency and six months prior to the residency of Charles Ray Jones. (Defendants may redact the names of residents other than Charles Ray Jones.);

(g)    concerning the census at the nursing home during the residency and six months prior to the residency of Charles Ray Jones. (Defendants may redact the names of residents other than Charles Ray Jones.);

(h)    concerning Charles Ray Jones;

(i)    concerning nursing competency or drug or alcohol use by the nursing staff (including RNs, LPNs, RAs, and CNAs) during the residency and six months prior to the residency of Charles Ray Jones. (Defendants may redact the names of residents other than Charles Ray Jones.); and

18

(j)   concerning whether and when to call an ambulance service or 911 to transfer a resident, during the residency and six months prior to the residency of Charles Ray Jones. (Defendants may redact the names of residents other than Charles Ray Jones.)

RESPONSE:


**REQUEST TO PRODUCE NO. 55:** Please produce the written disclosure of liability insurance, including the identity of the primary insurance carrier, or, if self-insured, the written statement reflecting that fact and indicating the corporate entity responsible for payment of claims.

RESPONSE:


**REQUEST TO PRODUCE NO. 56:** Please produce any written instruction manuals for electronic documentation and charting.

RESPONSE:


**REQUEST TO PRODUCE NO. 57:** Please produce any employee healthcare plan for the years 2015 through 2016.

RESPONSE:


**REQUEST TO PRODUCE NO. 58:** Please produce any employee pension plan for the years 2015 and 2016.

RESPONSE:


**REQUEST TO PRODUCE NO. 59:** Please produce any and all workers' compensation claims for the last ten (10) years.

19

**RESPONSE:**

**REQUEST TO PRODUCE NO. 60:** Please produce any and all codes of conduct in effect during the residency through present.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 61:** Please produce any and all resident rights signed by employees received during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 62:** Please produce any members and operating agreements for Kindred Nursing Centers Limited Partnership; Kindred Nursing Centers East, LLC; and Kindred Hospitals Limited Partnership.

**RESPONSE:**

Respectfully submitted,

**JEHL LAW GROUP, PLLC**

By:

Cameron C. Jehl (BPR #018729)
Carey L. Acerra (BPR #023464)
Deena K. Arnold (BPR #024555)
Austin C. Gardner (BPR #035138)
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number:    901-322-4232
Facsimile Number:    901-322-4231

Attorneys for Plaintiffs

20

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## SIXTH JUDICIAL DISTRICT AT KNOXVILLE, KNOX COUNTY

2017 JAN 20   AM 10 00

CATHERINE F. QUIST
CIRCUIT COURT CLERK

| | |
|---|---|
| Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones, | ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| | ) Cause No. 2-25-17 |
| v. | ) Division _____ |
| | ) Jury Demanded |
| Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; Kindred Rehab Services, Inc.; and William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

---

## FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO ADMINISTRATOR DEFENDANT

---

Pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure, the Plaintiff, Vickie Click, Next of Kin of Charles Ray Jones, deceased, and on behalf of the wrongful death beneficiaries of Charles Ray Jones (Plaintiff), requests that Separate Defendant, William R. Sharpe, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven (Administrator Defendant), answer the following First Interrogatories and Requests for Production of Documents in the time and manner provided for in the Tennessee Rules of Civil Procedure.

served 3(2/17

Pursuant to said rules, answers to the following Interrogatories and Requests are to be made on the basis of all information in the possession of the party served (including their attorney) and are to be served upon the undersigned no later than forty-five (45) days after the date of service when served with the Complaint.

Rule 33.01 additionally requires that: (a) each Interrogatory be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for the objection shall be stated in lieu of an answer; (b) answers be signed by the party making them; and (c) objections be signed by the attorney making them.

Your attention is called to Federal Rule of Civil Procedure 37.01 which provides that an evasive or incomplete answer is to be treated as a failure to answer and, if the Court grants a Motion to Compel answers to these Interrogatories, the Court shall require the party or attorney failing to answer to pay the reasonable expenses in obtaining an Order compelling the answers, including attorney's fees.

Note also that Tennessee Rule of Civil Procedure 26.05 provides:

1.     A party is under a duty to seasonably supplement their responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

2.     A party is under a duty to seasonably amend a prior response if they obtain information upon the basis of which (a) they know that the response was incorrect when made; or (b) they know that the response, though correct when made, is no longer true and the

2

circumstances are such that a failure to amend the response is in substance a knowing concealment.

## INSTRUCTIONS AND DEFINITIONS

You are requested to furnish all information in your possession and all information available to you, not merely such information as you know of as your own personal knowledge, but also all knowledge that is available to you, your representatives, agents and attorneys to the extent not privileged, including inquiry of their representatives.

If you are unable to answer the following interrogatories completely, answer to the extent possible, specifically stating what information or knowledge you have concerning the unanswered portion.

1. *"You or Your."* The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2. *"Person."* The term "person" is defined as any natural person or business, legal or governmental entity or association.

3. *"Identify" (with respect to persons).* When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

4. *"Identify" (with respect to documents).* When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

3

5.    *"Document."* The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

6.    *"Residency."* For purposes of these Interrogatories and Requests for Production of Documents, "residency" is defined as the period during which time Charles Ray Jones was a resident of Kindred Nursing and Rehabilitation-Northhaven from on or about August 6, 2015, until on or about January 21, 2016.

7.    *"Facility."* For purposes of these Interrogatories and Requests for Production of Documents, "facility" is defined as Kindred Nursing and Rehabilitation-Northhaven located at 3300 North Broadway Street, Knoxville, Tennessee 37917.

8.    To preserve the privacy of residents other than Charles Ray Jones, you may delete, obliterate, or otherwise redact the names of residents other than Charles Ray Jones, from documents produced in response to these Requests to Produce Documents.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State your full name, date of birth, social security number, current address, and any other address you have had since August 2015.

**ANSWER:**


**INTERROGATORY NO. 2:** Identify each and every person with discoverable knowledge relating to any aspect of the instant cause, including the incident at issue or Plaintiff's claimed injuries and damages. PLEASE TAKE NOTICE THAT THIS PLAINTIFF WILL

4

OBJECT TO THE TESTIMONY OF ANY INDIVIDUAL NOT IDENTIFIED IN ANSWER
TO THIS INTERROGATORY.

**ANSWER:**


**INTERROGATORY NO. 3:** State whether you have been employed at any time since
August 2015, including the name and address of each employer, date and duration of
employment, position or title held, and rate of pay or salary of each position held, and state
whether you received any income or governmental aid of any nature whatsoever, including the
date, source, type and amount of any such aid or benefits received.

**ANSWER:**


**INTERROGATORY NO. 4:** Identify each person whom you expect to call as an expert
witness at trial. As to each person identified state: (a) his or her qualifications (b) the subject
matter on which the expert is expected to testify (c) the substance of the facts and opinions to
which the expert is expected to testify and (d) a summary of the grounds for each opinion.

**ANSWER:**


**INTERROGATORY NO. 5:** List all civil, criminal and administrative, insurance
claims or bankruptcy proceedings to which you have been a party, including all the date, docket
number, and court or tribunal in which filed, and identify the parties, their attorneys, and the
nature and resolution of each proceeding.

**ANSWER:**


5

**INTERROGATORY NO. 6:** If you no longer work at Kindred Nursing and Rehabilitation-Northhaven, please state the reason(s) for leaving said employment, whether your employment ended via voluntary resignation, termination, or otherwise, and detail the circumstances regarding your leave of employment.

**ANSWER:**

**INTERROGATORY NO. 7:** Describe in detail the extent of your education, including the names and addresses of schools attended, the inclusive dates thereof, and any degrees received.

**ANSWER:**

**INTERROGATORY NO. 8:** Have you ever been arrested or charged with any offense (whether or not conviction resulted)? If so, state the date, place, authority placing the charge, the charge made and the disposition of same.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify by name, home and business address, and telephone, each and every person who has possession of any knowledge of any photographs, estimates, reports, statements, documents, drawings, letters, etc., or any other tangible evidence in any way relating to or pertinent to the issues in the subject litigation, whether or not you intend to use same at trial and identify by description each item that each person has in their possession.

6

**ANSWER:**


**INTERROGATORY NO. 10:** Please detail any conversations with and/or documents you have received or provided to Charles Ray Jones. Please state the date and time of the conversations and the substance thereof.

**ANSWER:**


## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce all reports, correspondence or other writings generated by or on behalf of any management company of, or consultant to, the facility concerning the care and treatment of residents.

**RESPONSE:**


**REQUEST NO. 2:** Please produce the curriculum vitae of any expert witness which you intend to call to testify at the trial of this cause.

**RESPONSE:**


**REQUEST NO. 3:** Please produce your resume.

**RESPONSE:**


**REQUEST NO. 4:** Please produce any documents referenced in your answer to Interrogatory No. 10 above.


7

**RESPONSE:**

Respectfully submitted,

**JEHL LAW GROUP, PLLC**

By: _____
Cameron C. Jehl (BPR #018729)
Carey L. Acerra (BPR #023464)
Deena K. Arnold (BPR #024555)
Austin C. Gardner (BPR #035138)
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
Telephone Number:   901-322-4232
Facsimile Number:   901-322-4231

Attorneys for Plaintiff

8

## <u>VERIFICATION</u>

STATE OF TENNESSEE
COUNTY OF _____

I, _____, am the _____ of

_____, Defendant(s), and in that capacity do swear and

affirm that the answers and responses given to the Plaintiff's First Set of Interrogatories are true

and correct to the best of my information and belief.


_____

Title: _____


SUBSCRIBED AND SWORN TO before me by _____ as

_____ of _____, on the

_____ day of _____, 2017, to certify my hand and seal of office.


_____

Notary Public

My Commission Expires:


_____

9



# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| VICKI CLICK, Next of Kin of CHARLES RAY JONES, deceased, and on behalf of the wrongful death beneficiaries of CHARLES RAY JONES, | ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **Cause No. 2-25-17** |
| KINDRED NURSING CENTERS LIMITED PARTNERSHIP d/b/a KINDRED NURSING and REHABILITATION-NORTHHAVEN; KINDRED HEALTHCARE OPERATING, INC.; KINDRED HEALTHCARE, INC.; KINDRED NURSING CENTERS EAST, LLC; KINDRED HOSPITALS LIMITED PARTNERSHIP; KINDRED HEALTHCARE SERVICES, INC.; KINDRED REHAB SERVICES, INC.; and WILLIAM R. SHARPE, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, | ) ) **JURY DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

FILED

2017 MAR 31 PM 3 18

CATHERINE F. QUIST
CIRCUIT COURT CLERK

## ANSWER OF DEFENDANTS KINDRED NURSING CENTERS LIMITED PARTNERSHIP d/b/a KINDRED NURSING and REHABILITATION - NORTHHAVEN; KINDRED HEALTHCARE OPERATING, INC.; KINDRED HEALTHCARE, INC.; KINDRED NURSING CENTERS EAST, LLC; KINDRED HOSPITALS LIMITED PARTNERSHIP; KINDRED HEALTHCARE SERVICES, INC.; AND KINDRED REHAB SERVICES, INC.

Comes now Defendants Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc. (hereinafter "Defendants"), by and through counsel, and for answer to the Complaint filed against it states as follows:

1

1.    In response to the allegations of Paragraph 1 of the Complaint, it is admitted, upon information and belief, that Vickie Click is the daughter of Charles Ray Jones, and in that capacity brings this action.

2.    In response to the allegations of Paragraph 2 of the Complaint, it is admitted that Charles Ray Jones was a resident of Kindred Nursing and Rehabilitation-Northhaven from on or about August 6, 2015 until on or about January 21, 2016, when he was transferred to Physicians Regional Medical Center.  It is denied that Kindred Nursing and Rehabilitation-Northhaven is owned, operated, and/or managed by "Defendants."   Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven ("Kindred-Northhaven"), as the license holder, is responsible for the day-to-day operation of the facility.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 2 of the Complaint, and therefore deny same and demand strict proof thereof.

3.    The allegations of Paragraph 3 of the Complaint are denied.

4.    In response to the allegations of Paragraph 4 of the Complaint, it is admitted that Kindred Nursing Centers Limited Partnership is a foreign limited partnership that was duly licensed in the State of Tennessee to operate the nursing home in Knoxville, Knox County, Tennessee.  It is further admitted that Kindred Nursing Centers Limited Partnership may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.  The remaining allegations of Paragraph 4 are denied.

5.    In response to the allegations of Paragraph 5 of the Complaint, it is admitted that Kindred Healthcare Operating, Inc. is a foreign corporation, and that it may be served with process through its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.  The remaining allegations of Paragraph 5 are denied.

2

6. In response to the allegations of Paragraph 6 of the Complaint, it is admitted that Kindred Healthcare, Inc. is a foreign corporation, and that it may be served with process through its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601. The remaining allegations of Paragraph 6 are denied.

7. In response to the allegations of Paragraph 7 of the Complaint, it is admitted that Kindred Nursing Centers East, LLC is a foreign limited liability company, and that it may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929. The remaining allegations of Paragraph 7 are denied.

8. In response to the allegations of Paragraph 8 of the Complaint, it is admitted that Kindred Hospitals Limited Partnership is a foreign limited partnership, and that it may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee . The remaining allegations of Paragraph 8 are denied.

9. In response to the allegations of Paragraph 9 of the Complaint, it is admitted that Kindred Healthcare Services, Inc. is a foreign corporation, and that it may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929. The remaining allegations of Paragraph 9 are denied.

10. In response to the allegations of Paragraph 5 of the Complaint, it is admitted that Kindred Rehab Services, Inc. is a foreign corporation, and that it may be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929. The remaining allegations of Paragraph 10 are denied.

11. In response to the allegations of Paragraph 11 of the Complaint, it is denied that William R. Sharpe was the Administrator of Kindred Nursing and Rehabilitation-Northhaven during

3

Charles Ray Jones' residency. Upon information and belief, it is admitted that his address is 9721 Panama Drive, Knoxville, Tennessee 37923.

12. The allegations of the first sentence of Paragraph 12 of the Complaint are denied. In response to the allegations of the second sentence of Paragraph 12, it is admitted that venue for this action lies in Knox County, Tennessee.

13. Paragraph 13 of the Complaint is a definitional paragraph that requires no response.

14. Paragraph 14 of the Complaint is a definitional paragraph that requires no response; however, it is denied that all Defendants herein are properly referred to as "Nursing Home Defendants."

15. Paragraph 15 of the Complaint is a definitional paragraph that requires no response.

16. Paragraph 16 of the Complaint is a definitional paragraph that requires no response.

17. The allegations of Paragraph 17 of the Complaint are denied.

18. The allegations of Paragraph 18 of the Complaint are denied.

19. The allegations of Paragraph 19 of the Complaint are denied.

20. In response to the allegations of the first sentence of Paragraph 20 of the Complaint, it is admitted that Charles Ray Jones was a resident at Kindred Nursing and Rehabilitation-Northhaven from on or about August 6, 2015 until on or about January 21, 2016, when he was transferred to Physicians Regional Medical Center. Defendants are without knowledge or information sufficient to admit or deny the allegations of the second sentence of Paragraph 20, and therefore deny same and demand strict proof thereof.

21. The allegations of Paragraph 21 of the Complaint are denied.

22. The allegations of Paragraph 22 of the Complaint are denied as stated.

23. The allegations of Paragraph 23 of the Complaint are denied as stated.

4

24. The allegations of Paragraph 24 of the Complaint are denied.

25. The allegations of Paragraph 25 of the Complaint are legal assertions to which no response is required. To the extent that a response is deemed to be required, those allegations are denied.

26. For response to Paragraph 26 of the Complaint, Defendants re-allege and incorporate their above responses to Paragraphs 1 through 25 above as if fully set forth herein.

27. The allegations of Paragraph 27 of the Complaint are legal assertions to which no response is required. To the extent that a response is deemed to be required, it is admitted that that an Affidavit of Service with Certificate of Mailing is attached to the Complaint as Exhibit A.

28. The allegations of Paragraph 28 of the Complaint are legal assertions to which no response is required. To the extent that a response is required, it is admitted that Kindred-Northhaven is a "health care provider" within the meaning of Tenn. Code Ann. § 29-26-101, and owed a duty to Charles Ray Jones to provide care, treatment, and services within the recognized standard of acceptable professional practice applicable to it and its employees. The remaining allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 of the Complaint, specifically including sub-parts (a) through (w), are denied.

30. The allegations of Paragraph 30 of the Complaint are denied.

31. The allegations of Paragraph 31 of the Complaint are denied.

32. The allegations of Paragraph 32 of the Complaint are denied.

33. For response to Paragraph 33 of the Complaint, Defendants re-allege and incorporate their above responses to Paragraphs 1 through 32 above as if fully set forth herein.

34. The allegations of Paragraph 34 of the Complaint are denied.

5

34. The allegations of Paragraph 35 of the Complaint are denied.

35. The allegations of Paragraph 36 of the Complaint, including sub-parts (a) through (j) thereto, are denied.

36. The allegations of Paragraph 37 of the Complaint are denied.

37. The allegations of Paragraph 38 of the Complaint are denied.

38. The allegations of Paragraph 39 of the Complaint are denied.

39. With respect to the allegations of the first sentence of Paragraph 40 of the Complaint, it is admitted that Charles Ray Jones was a resident of Kindred-Northhaven; the remaining allegations of the first sentence of Paragraph 40 are legal assertions to which no response is required. The allegations of the second sentence of Paragraph 40 are denied. The allegations of the third sentence of Paragraph 40 are legal assertions to which no response is required.

40. The allegations of Paragraph 41 of the Complaint are denied.

41. It is denied that Plaintiff is entitled to any remedy as set forth in Paragraph 42 of the Complaint.

42. For response to Paragraph 43 of the Complaint, Defendants re-allege and incorporate their above responses to Paragraphs 1 through 42 above as if fully set forth herein.

43. The allegations of Paragraph 44 of the Complaint are denied.

44. The allegations of Paragraph 45 of the Complaint are legal assertions to which no response is required.

45. The allegations of Paragraph 46 of the Complaint are legal assertions to which no response is required.

46. For response to Paragraph 47, Defendants re-allege and incorporate their responses to Paragraphs 1 through 46 as set forth above.

6

47. The allegations of Paragraph 48 of the Complaint are legal assertions to which no response is required.

48. The allegations of Paragraph 49 of the Complaint are legal assertions to which no response is required.

49. The allegations of Paragraph 50 of the Complaint, including sub-parts (a) through (n) thereto, are denied.

50. The allegations of Paragraph 51 of the Complaint are denied.

51. The allegations of Paragraph 52 of the Complaint are denied.

52. For response to Paragraph 53 of the Complaint, Defendants re-allege and incorporate their above responses to Paragraphs 1 through 52 above as if fully set forth herein.

53. The allegations of Paragraph 54 of the Complaint are denied.

54. The allegations of Paragraph 55 of the Complaint are denied.

55. The allegations of Paragraph 56 of the Complaint are denied.

56. The allegations of Paragraph 57 of the Complaint are denied.

57. It is denied that Plaintiff is entitled to any remedy as set forth in Paragraph 58 of the Complaint.

58. For response to Paragraph 59 of the Complaint, Defendants re-allege and incorporate their above responses to Paragraphs 1 through 58 above as if fully set forth herein.

59. The allegations of Paragraph 60 of the Complaint are denied.

60. It is denied that Plaintiff is entitled to any remedy as set forth in Paragraph 61 of the Complaint.

61. The allegations of Paragraph 62 of the Complaint are denied.

7

62. The allegations of Paragraph 63 of the Complaint are legal assertions to which no response is required.

63. The allegations of Paragraph 64 of the Complaint are legal assertions to which no response is required.

64. The allegations of Paragraph 65 of the Complaint are denied.

65. Paragraph 66 of the Complaint contains a jury demand to which no response is required.

66. Defendants deny that Plaintiff is entitled to any of the relief requested in the paragraph entitled "Prayer for Relief," including all sub-parts thereto.

67. All matters in the Complaint not hereinabove specifically admitted, explained, answered, or denied, are herein now denied as if specifically denied. And now having fully answered, Defendants pray for this civil action to be dismissed with all costs taxed to Plaintiff.

## AFFIRMATIVE DEFENSES

For further response to the Complaint filed against Defendants in this cause and pursuant to Rule 8 of the Tennessee Rules of Civil Procedure, Defendants hereby assert the following affirmative and other defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted against the Defendants and, in accordance with Rule 12.02(6) of the Tennessee Rules of Civil Procedure, should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

For further answer and affirmative defense, Defendants plead and rely upon all applicable statutes of limitations and repose, and all pre-suit notice requirements for medical malpractice

8

and/or health care liability claims, including but not limited to those provided in Tenn. Code Ann.§§ 29-26-116, 29-26-121, 29-26-122, and § 28-3-104.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to the express terms of Tenn. Code Ann. § 29-26-119, to the extent that Plaintiff proves that she is entitled to any form of medical expenses, those expenses must be limited to the "paid or payable amounts," not the amounts billed by Charles Ray Jones's medical providers.

## FOURTH AFFIRMATIVE DEFENSE

Defendants plead the affirmative defense of comparative fault. Should the evidence, as developed through the course of investigation, discovery or at trial indicate that any other parties or non-parties were guilty of negligence that caused or contributed to the injuries and damages alleged in the Complaint, if any, Defendants reserve the right to show the same at trial.

## FIFTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages were not proximately caused by any intentional or negligent act or omission of the Defendants. It is generally and specifically denied that the Defendants breached any legal duty owed to Charles Ray Jones, or that Defendants were negligent as alleged in the Complaint. It is further denied that Charles Ray Jones suffered any injury or damage by reason of any act, omission, negligence, or breach of any duty on the part of the Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Defendants further aver that the matters alleged in the Complaint resulted from some independent, intervening and/or superseding cause or phenomenon and were not caused by any act or omission constituting negligence by the Defendants.

9

## SEVENTH AFFIRMATIVE DEFENSE

To avoid waiver and pending further investigation and discovery, the Defendants plead the affirmative defenses of waiver, estoppel and laches.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants aver that at all times pertinent, and to the extent applicable, they exercised the degree of care, skill and diligence required of them, and that they are not guilty of any acts of negligence, recklessness, intentional behavior, or malicious behavior that proximately caused or brought about any injuries or damages to Charles Ray Jones.

## NINTH AFFIRMATIVE DEFENSE

Charles Ray Jones' alleged injuries were the result of pre-existing medical conditions and other natural causes that were not caused or exacerbated by Defendants in any manner, and her alleged injuries are a result of circumstances over which Defendants had no control.

## TENTH AFFIRMATIVE DEFENSE

No acts or omissions on the part of Defendants were performed with willful or intentional misconduct, malice, fraud, wantonness, oppression, gross negligence, or want of care that would support an award of punitive damages. Defendants, in accordance with Tennessee law, demand a bifurcated trial on the issues of compensatory and punitive damages. Defendants further move to strike Plaintiff's request for a jury as to punitive damages and aver that any award of punitive damages in this case would violate the prohibitions of grossly excessive and arbitrary awards under the Constitutions of the State of Tennessee and the United States as interpreted by the decisions in *Hodges v. S.C. Too & Co.*, 833 S.W.2d 896 (Tenn. 1992) and *State Farm Mut. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

4820-4989-3445 v1
2815444-090080 07/31/2017

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their Answer upon completion of the investigation and discovery to set forth any other defenses which may appear applicable at that time.

WHEREFORE, the Defendants, Kindred Nursing Centers Limited Partnership d/b/a Kindred Nursing and Rehabilitation-Northhaven; Kindred Healthcare Operating, Inc.; Kindred Healthcare, Inc.; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare Services, Inc.; and Kindred Rehab Services, Inc. having now fully answered and asserted their affirmative defenses to this civil action, respectfully pray that they be dismissed with full prejudice at the cost of the Plaintiff.

Respectfully submitted this **31** day of March, 2017.

Harry P. Ogden (BPR #004498)
Summer H. McMillan (BPR #020296)
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919
(865) 549-7000
hogden@bakerdonelson.com
smcmillan@bakerdonelson.com
*Attorneys for Defendants*

11

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has this date been mailed, via U.S. Mail, postage prepaid, and/or sent via e-mail to:

> Cameron C. Jehl, Esq.
> Carey L. Acerra, Esq.
> Jehl Law Group PLLC
> 5400 Poplar Avenue, Suite 250
> Memphis, TN 38119
> mail@jehllawgroup.com

This **31** day of March, 2017.

_Summer McMillan_
Summer H. McMillan

4820-4989-3445 v1

**FILE COPY**

**IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE**

| | |
|---|---|
| **VICKI CLICK, Next of Kin of CHARLES RAY JONES, deceased, and on behalf of the wrongful death beneficiaries of CHARLES RAY JONES,** | ) ) ) ) ) |
| **Plaintiff,** | ) ) ) |
| **v.** | ) ) ) |
| **KINDRED NURSING CENTERS LIMITED PARTNERSHIP d/b/a KINDRED NURSING and REHABILITATION-NORTHHAVEN; KINDRED HEALTHCARE OPERATING, INC.; KINDRED HEALTHCARE, INC.; KINDRED NURSING CENTERS EAST, LLC; KINDRED HOSPITALS LIMITED PARTNERSHIP; KINDRED HEALTHCARE SERVICES, INC.; KINDRED REHAB SERVICES, INC.; and WILLIAM R. SHARPE, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |

FILED

2017 MAR 31 PM 3 17

CATHERINE F. QUIST
CIRCUIT COURT CLERK

**Cause No. 2-25-17**
**JURY DEMANDED**

---

## DEFENDANT WILLIAM R. SHARPE'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

Defendant William R. Sharpe, by and through counsel, and pursuant to Rules 12 and 56 of the Tennessee Rules of Civil Procedure, moves the Court for an Order granting summary judgment in his favor and dismissing him from this case. As grounds for this Motion, Defendant states that there are no genuine issues of material fact and he is entitled to judgment as a matter of law because the Complaint fails to state a claim against him for which relief can be granted. As further grounds for this Motion, Defendant would show the Court as follows:

# FACTS

1.     Mr. Sharpe has been named as a Defendant in this matter in his capacity as Administrator of Kindred Nursing and Rehabilitation - Northhaven during the residency of Plaintiff's decedent, Charles Jones.

2.     Mr. Sharpe, however, was not the Administrator during the residency of Charles Jones at Kindred Nursing and Rehabilitation - Northhaven.

3.     The residency of Charles Jones at Kindred Nursing and Rehabilitation - Northhaven lasted from August 6, 2015 to January 21, 2016.

4.     Mr. Sharpe was hired as the Administrator of Kindred Nursing and Rehabilitation - Northhaven on May 9, 2016, approximately three and a half months after the residency of Charles Jones at the facility had ended. He was not employed at Kindred Nursing and Rehabilitation - Northhaven in any capacity during the time period from August 2016 through January 2016.

# LAW AND ARGUMENT

The summary judgment standard applicable to this case is set forth in Tenn. Code Ann. § 20-16-101, which provides, in pertinent part, that "...the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it (1) submits affirmative evidence that negates an essential element of the nonmoving party's claim...." Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04.

In this case, Mr. Sharpe has established through his Affidavit, attached to this Motion as **Exhibit B**, that he was not the Administrator of Kindred Nursing and Rehabilitation - Northhaven during the residency of Plaintiff's decedent, Charles Ray Jones as alleged in Plaintiff's Complaint. (Complaint, ¶ 44). Plaintiff's only basis for naming Mr. Sharpe as a Defendant in this case is Plaintiff's mistaken belief that Mr. Sharpe was the Administrator during the residency of Mr. Jones and therefore owed a duty to Mr. Jones. (Complaint, ¶¶ 44-45). Because Mr. Sharpe has presented undisputed evidence that he was not the Administrator of the facility during Mr. Jones' residency, Plaintiff cannot establish any duty on the part of Mr. Sharpe to Mr. Jones, and she therefore cannot state a claim against Mr. Sharpe for which relief can be granted in this civil action.

## CONCLUSION

Accordingly, summary judgment for Mr. Sharpe is appropriate, the Plaintiff's claims against him should be dismissed with prejudice in their entirety.

In further support of this Motion, Defendant relies upon a Statement of Undisputed Material Facts attached hereto as **Exhibit A**; the Affidavit of William R. Sharpe attached hereto as **Exhibit B**; the pleadings in this matter; and the record as a whole.

WHEREFORE, Defendant William R. Sharpe moves the Court for entry of an Order granting summary judgment in his favor on all issues in this case as a matter of law and dismissing him with prejudice from this civil action.

Respectfully submitted this **31** day of _March_, 2017.

_[signature]_

Harry P. Ogden (BPR #004498)
Summer H. McMillan (BPR #020296)
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919
(865) 549-7000
hogden@bakerdonelson.com
smcmillan@bakerdonelson.com
*Attorneys for Defendant William R. Sharpe*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has this date been mailed, via U.S. Mail, postage prepaid, and/or sent via e-mail to:

> Cameron C. Jehl, Esq.
> Carey L. Acerra, Esq.
> Deena K. Arnold, Esq.
> Austin C. Gardner, Esq.
> Jehl Law Group PLLC
> 5400 Poplar Avenue, Suite 250
> Memphis, TN 38119
> mail@jehllawgroup.com

This **31** day of _March_, 2017.

_[signature]_

Summer H. McMillan

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| VICKI CLICK, Next of Kin of CHARLES RAY JONES, deceased, and on behalf of the wrongful death beneficiaries of CHARLES RAY JONES, )<br><br>Plaintiff, )<br><br>v. )<br><br>KINDRED NURSING CENTERS LIMITED PARTNERSHIP d/b/a KINDRED NURSING and REHABILITATION-NORTHHAVEN; KINDRED HEALTHCARE OPERATING, INC.; KINDRED HEALTHCARE, INC.; KINDRED NURSING CENTERS EAST, LLC; KINDRED HOSPITALS LIMITED PARTNERSHIP; KINDRED HEALTHCARE SERVICES, INC.; KINDRED REHAB SERVICES, INC.; and WILLIAM R. SHARPE, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, )<br><br>Defendants. ) | FILED<br><br>2017 MAR 31 PM 3 17<br><br>CATHERINE F. QUIST<br>CIRCUIT COURT CLERK<br><br>**Cause No. 2-25-17**<br>**JURY DEMANDED** |

---

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF WILLIAM R. SHARPE

Defendant, William R. Sharpe, pursuant to Rule 56.03 of the Tennessee Rules of Civil Procedure, submits this Statement of Undisputed Material Facts in Support of his contemporaneously filed Motion for Summary Judgment.

1.      Mr. Sharpe has been named as a Defendant in this matter in his capacity as Administrator of Kindred Nursing and Rehabilitation - Northhaven during the residency of Plaintiff's decedent, Charles Jones at that facility. (Complaint, ¶ 44).

2.      The residency of Charles Jones at Kindred Nursing and Rehabilitation - Northhaven lasted from from August 6, 2015 to January 21, 2016. (Complaint, ¶ 2).



EXHIBIT
A

3.     Mr. Sharpe was hired as the Administrator of Kindred Nursing and Rehabilitation - Northhaven on May 9, 2016, approximately three and a half months after the residency of Charles Jones at the facility had ended on January 21, 2016.  He was not employed in any capacity at Kindred Nursing and Rehabilitation - Northhaven during the time period of August 2015 to January 2016.  (Affidavit of William R. Sharpe, Exhibit B to Motion for Summary Judgment, at ¶ 3; Complaint, ¶ 2).

4.     Mr. Sharpe was not the Administrator of Kindred Nursing and Rehabilitation - Northhaven during the residency of Charles Jones at that facility.  (Sharpe Affidavit at ¶ 3).


Respectfully submitted this **31** day of **March**_____, 2017.

_Harry P. Ogden (BPR #004498)_
Summer H. McMillan (BPR #020296)
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, PC
265 Brookview Centre Way, Suite 600
Knoxville, TN  37919
(865) 549-7000
hogden@bakerdonelson.com
smcmillan@bakerdonelson.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has this date been mailed, via U.S. Mail, postage prepaid, and/or sent via e-mail to:

> Cameron C. Jehl, Esq.
> Carey L. Acerra, Esq.
> Deena K. Arnold, Esq.
> Austin C. Gardner, Esq.
> Jehl Law Group PLLC
> 5400 Poplar Avenue, Suite 250
> Memphis, TN  38119
> mail@jehllawgroup.com

This 31 day of March , 2017.

Summer H. McMillan

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| VICKI CLICK, Next of Kin of CHARLES RAY JONES, deceased, and on behalf of the wrongful death beneficiaries of CHARLES RAY JONES,<br><br>    Plaintiff,<br><br>v.<br><br>KINDRED NURSING CENTERS LIMITED PARTNERSHIP d/b/a KINDRED NURSING and REHABILITATION-NORTHHAVEN; KINDRED HEALTHCARE OPERATING, INC.; KINDRED HEALTHCARE, INC.; KINDRED NURSING CENTERS EAST, LLC; KINDRED HOSPITALS LIMITED PARTNERSHIP; KINDRED HEALTHCARE SERVICES, INC.; KINDRED REHAB SERVICES, INC.; and WILLIAM R. SHARPE, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED

2017 MAR 31 PM 3 17

CATHERINE F. QUIST
CIRCUIT COURT CLERK

**Cause No. 2-25-17**
**JURY DEMANDED**

---

## AFFIDAVIT OF WILLIAM R. SHARPE

I, William R. Sharpe, being duly sworn according to law and upon personal knowledge do affirm and say as follows:

    1.    My name is William R. Sharpe. I am over the age of 21 and have personal knowledge of the matters stated herein.

    2.    I am currently employed as the Administrator (or Executive Director) of Kindred Nursing and Rehabilitation - Northhaven.

    3.    I was hired as the Administrator (or Executive Director) of Kindred Nursing and Rehabilitation - Northhaven on May 9, 2016. I was not employed at or by Kindred Nursing and

1



EXHIBIT
B

Rehabilitation - Northhaven in any capacity during the time period of August 2015 through

January 2016.

FURTHER AFFIANT SAITH NOT.

_____
William R. Sharpe

STATE OF TENNESSEE        )
                          )
COUNTY OF Knox            )

Sworn to and subscribed before me
this 31 day of March , 2017.

_____
Notary Public

My commission expires: 10/10/20

2

4824-6073-4277 v1
2815414-000090 03/21/2017



**IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE** FILED

| | | |
|---|---|---|
| VICKI CLICK, Next of Kin of CHARLES RAY JONES, deceased, and on behalf of the wrongful death beneficiaries of CHARLES RAY JONES, | ) ) ) ) ) | 2017 APR 19 P 12: 55 |
| | ) | CATHERINE F. QUIST |
| Plaintiff, | ) ) | CIRCUIT COURT CLERK |
| v. | ) ) | Cause No. 2-25-17 |
| | ) | JURY DEMANDED |
| KINDRED NURSING CENTERS LIMITED PARTNERSHIP d/b/a KINDRED NURSING and REHABILITATION-NORTHHAVEN; KINDRED HEALTHCARE OPERATING, INC.; KINDRED HEALTHCARE, INC.; KINDRED NURSING CENTERS EAST, LLC; KINDRED HOSPITALS LIMITED PARTNERSHIP; KINDRED HEALTHCARE SERVICES, INC.; KINDRED REHAB SERVICES, INC.; and WILLIAM R. SHARPE, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT WILLIAM R. SHARPE'S MOTION FOR PROTECTIVE ORDER

Defendant William R. Sharpe, by and through counsel, and pursuant to Rule 26.03 of the Tennessee Rules of Civil Procedure, moves the Court for entry of a Protective Order from Interrogatories and Requests for Production served on him with the Complaint, individually in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven until the resolution of his pending Motion for Summary Judgment in this case. As further grounds for this Motion, Defendant would show the Court as follows:

1

## FACTS

As established by the Affidavit and Statement of Undisputed Material Facts filed in support of his pending Motion for Summary Judgment, Mr. Sharpe has been named as a Defendant in this matter in his capacity as Administrator of Kindred Nursing and Rehabilitation - Northhaven during the residency of Plaintiff's decedent, Charles Jones. Mr. Sharpe, however, was not the Administrator during the residency of Charles Jones at Kindred Nursing and Rehabilitation - Northhaven. The residency of Charles Jones at Kindred Nursing and Rehabilitation - Northhaven lasted from August 6, 2015 to January 21, 2016. Mr. Sharpe was hired as the Administrator of Kindred Nursing and Rehabilitation - Northhaven on May 9, 2016, approximately three and a half months after the residency of Charles Jones at the facility had ended. He was not employed at Kindred Nursing and Rehabilitation - Northhaven in any capacity during the time period from August 2016 through January 2016.

## LAW AND ARGUMENT

Rule 26.03 of the Tennessee Rules of Civil Procedure provides that upon motion and for good cause shown, the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … (1) that the discovery not be had."

In this case, Mr. Sharpe has established that he was not the Administrator of Kindred Nursing and Rehabilitation - Northhaven during the residency of Plaintiff's decedent, Charles Ray Jones as alleged in Plaintiff's Complaint. (Complaint, ¶ 44). Plaintiff's only basis for naming Mr. Sharpe as a Defendant in this case is Plaintiff's mistaken belief that Mr. Sharpe was the Administrator during the residency of Mr. Jones and therefore owed a duty to Mr. Jones. (Complaint, ¶¶ 44-45). Because Mr. Sharpe has presented undisputed evidence that he was not

2

the Administrator of the facility during Mr. Jones' residency, Plaintiff cannot state a claim against Mr. Sharpe for which relief can be granted in this civil action. Accordingly, Mr. Sharpe should not be required to respond to written discovery in this case during the pendency of his Motion for Summary Judgment because he has been incorrectly named as a Defendant.

## CONCLUSION

WHEREFORE, Defendant William R. Sharpe moves the Court for entry of a Protective Order from Interrogatories and Requests for Production served on him with the Complaint in this case until his pending Motion for Summary Judgment has been ruled on by the Court.

Respectfully submitted this 17 day of April, 2017.

Harry P. Ogden (BPR #004498)
Summer H. McMillan (BPR #020296)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919
(865) 549-7000
hogden@bakerdonelson.com
smcmillan@bakerdonelson.com
*Attorneys for Defendant William R. Sharpe*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has this date been mailed, via U.S. Mail, postage prepaid, and/or sent via e-mail to:

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Jehl Law Group PLLC
5400 Poplar Avenue, Suite 250
Memphis, TN 38119
mail@jehllawgroup.com

This 17 day of April, 2017.

Summer H. McMillan

3

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## SIXTH JUDICIAL DISTRICT AT KNOXVILLE, KNOX COUNTY

|  |  |  |
|---|---|---|
| VICKI CLICK, NEXT OF KIN OF CHARLES RAY JONES, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF CHARLES RAY JONES, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **Cause No. 2-25-17** **Division II** **Jury Demanded** |
| KINDRED NURSING CENTERS LIMITED PARTNERSHIP d/b/a KINDRED NURSING AND REHABILITATION-NORTHHAVEN; KINDRED HEALTHCARE OPERATING, INC.; KINDRED HEALTHCARE, INC.; KINDRED NURSING CENTERS EAST, LLC; KINDRED HOSPITALS LIMITED PARTNERSHIP; KINDRED HEALTHCARE SERVICES, INC.; KINDRED REHAB SERVICES, INC.; AND WILLIAM R. SHARPE, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | |

*FILED 2017 MAY 19 AM 9 40 CATHERINE F. QUIST CIRCUIT COURT CLERK*

## PROTECTIVE ORDER FOR DEFENDANT WILLIAM R. SHARPE

Upon Motion of Defendant William R. Sharpe, and for good cause shown, it is hereby ORDERED that Defendant William R. Sharpe shall not be required to respond to Interrogatories and Requests for Production of Documents propounded on him by Plaintiff in this case while his Motion for Summary Judgment is pending before the Court. Should Defendant William R.

1

Sharpe's Motion for Summary Judgment be denied, he shall have thirty (30) days from the ruling of the Court in that regard within which to respond to Plaintiff's Interrogatories and Requests for Production of Documents.

IT IS SO ORDERED.

This _____ day of _____, 2017.

_____
JUDGE

**PREPARED BY AND APPROVED**

**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ, P.C.**

By: _____
Harry P. Ogden (BPR # 004498)
Summer H. McMillan (BPR # 020296)
265 Brookview Centre Way
Suite 600
Knoxville, TN 37919
(865) 549-7000
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has this date been mailed, via U.S. Mail, postage prepaid, and/or sent via e-mail to:

> Cameron C. Jehl, Esq.
> Carey L. Acerra, Esq.
> Jehl Law Group PLLC
> 5400 Poplar Avenue, Suite 250
> Memphis, TN 38119
> mail@jehllawgroup.com

This _____ day of _____, 2017.

_____
Summer H. McMillan

2

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
SIXTH JUDICIAL DISTRICT AT KNOXVILLE, KNOX COUNTY

| | |
|---|---|
| VICKI CLICK, NEXT OF KIN OF CHARLES RAY JONES, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF CHARLES RAY JONES, | ) ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Cause No. 2-25-17 |
| KINDRED NURSING CENTERS LIMITED PARTNERSHIP d/b/a KINDRED NURSING AND REHABILITATION-NORTHHAVEN; KINDRED HEALTHCARE OPERATING, INC.; KINDRED HEALTHCARE, INC.; KINDRED NURSING CENTERS EAST, LLC; KINDRED HOSPITALS LIMITED PARTNERSHIP; KINDRED HEALTHCARE SERVICES, INC.; KINDRED REHAB SERVICES, INC.; AND WILLIAM R. SHARPE, in his capacity as Administrator of Kindred Nursing and Rehabilitation-Northhaven, | ) ) Division II ) Jury Demanded ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) |

## AGREED ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE

Defendants having herein moved the Court to withdraw the Motion for Summary

Judgment heretofore filed on behalf of Defendant William R. Sharpe, and Plaintiff thus giving

notice of nonsuit as to said Defendant in accordance with Rule 41.01, Tennessee Rules of Civil

Procedure, and by agreement of the parties; it is

1

4832-1457-9019 v1
2815414-000090 07/07/2017

ORDERED, ADJUDGED and DECREED that Defendant William R. Sharpe's Motion for Summary Judgment be and the same is hereby withdrawn; and further

ORDERED, ADJUDGED and DECREED that this civil action be and the same is hereby dismissed without prejudice as to William R. Sharpe, but only as to this one Defendant. All claims against the other Defendants to this action remain pending.

ENTER this the _11th_ day of _____July_____, 2017.

_____
WILLIAM T. AILOR
Circuit Court Judge

APPROVED FOR ENTRY:

JEHL LAW GROUP, PLLC

By: _Carey L. Acerra (HPO per her authorization)_
Cameron C. Jehl (BPR No. 18729)
Carey L. Acerra (BPR No. 23464)
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
(901) 322-4232

*Attorneys for Plaintiff*

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ

By: _____
Harry P. Ogden (BPR No. 004498)
Summer H. McMillan (BPR No. 020296)
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7000

*Attorneys for Defendants*

2

4832-1457-9019 v1
2815414-000090 07/07/2017